UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>KELSIER VENTURES, KIP PROTOCOL, HAYDEN DAVIS, GIDEON DAVIS, METEORA, THOMAS DAVIS, JULIAN PEH, and BENJAMIN CHOW,<br><br>              Defendants. | Case No.:  25 CV 03891 (JLR) |

**MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Timothy J. Treanor
Managing Principal
Treanor Law PLLC
666 Third Avenue
New York, NY 10017

Max Burwick
Managing Partner
Burwick Law PLLC
43 W 43rd St, Floor 12
New York, NY 10036

*Attorneys for Plaintiff*

Plaintiff Omar Hurlock on his own behalf and that of a proposed class of victims respectfully moves for a temporary restraining order ("TRO") and a preliminary injunction pursuant to Federal Rules of Civil Procedure ("FRCP") 64 and 65 and New York Civil Practice Laws and Rules ("CPLR") § 6201. The Proposed Order would preclude the Defendants from processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying, or otherwise interfering with:

(a) any $LIBRA cryptocurrency, or proceeds obtained through trading $LIBRA cryptocurrency, (the "$LIBRA Proceeds") held or controlled by the Defendants;

(b) approximately $110 million in $LIBRA Proceeds that Defendant Hayden Davis ("Davis") controls (the "Davis Held Proceeds"); and

(c) approximately 57,654,371 USDC, and any other $LIBRA Proceeds, held in two specifically identified cryptocurrency wallets (the "Subject Wallets") as specified in the Proposed Order.

The Proposed Order would likewise direct Circle Internet Group, Inc. and its subsidiary Circle Internet Financial, LLC (collectively, "Circle"), to freeze the USDC (which Circle issues) in the Subject Wallets.

In support of this application, Plaintiff submits (a) the Declaration of Timothy J. Treanor providing evidence supporting the requested relief; (b) the Declaration of Justin Ehrenhofer, a Senior Director of Naxo Labs, tracing funds linked to $LIBRA into the Subject Wallets; (c) a Memorandum of Law; and (d) a Proposed Order providing for the relief described above. As alleged in the Complaint, the Defendants stole over $280 million dollars from consumers in New York and elsewhere over the course of a single evening by selling the cryptocurrency $LIBRA as an investment in Argentina's economy when it was in fact nothing of the sort. At the same time, the Defendants also engaged in a sophisticated market manipulation scheme designed to quickly pump up the price of $LIBRA and enable Defendants to extract the proceeds of $LIBRA sales before the price collapsed.

The purpose of this Motion is to restrain Defendants' access to the $LIBRA Proceeds during the pendency of this litigation. Defendant Davis has publicly and repeatedly admitted that he controls $110 million of $LIBRA Proceeds. A forensic expert has identified 57,654,371 USDC in $LIBRA Proceeds held in the Subject Wallets. USDC is a so-called "stablecoin" issued by Circle that closely tracks the U.S. dollar. Circle has the power to freeze and does freeze USDC in response to valid judicial orders. Such a freeze would prevent Davis – or any other Defendant – from accessing these victim funds while these proceedings are pending.

We make this application due to the irreparable harm that would occur should Defendants transfer $LIBRA Proceeds and make them unavailable to satisfy any judgment in favor of the victims. The danger is acute because the funds are held in cryptocurrency, which can be transferred in seconds in ways that make it difficult or impossible to track or subsequently seize. In particular, without action by Circle, the nearly $58 million worth of USDC in the Subject Wallets could be transferred at any point to a different type of cryptocurrency that could not be frozen, and that could easily be moved beyond the reach of this Court or any other. Defendant Davis has made public statements in which he rejects the idea of using the Davis Proceeds to compensate victims and has said that he is under pressure and threats to transfer assets to others. But he has also said repeatedly that while he is "custodian" of these assets, they do not belong to him. Allowing Davis or any other Defendant to control these assets poses an untenable risk to the interests of the victims. The balance of equities therefore favors the immediate entry of injunctive relief to preserve the $LIBRA Proceeds – including those in the Subject Wallets – pending resolution of this litigation.

We make this application *ex parte* for the same reasons: notice of this application before a temporary restraining order is granted and before Circle has frozen the USDC in the Subject Wallets creates a substantial risk that the funds in question will be diverted. The Defendants would of course subsequently receive notice of the TRO and have an opportunity to challenge it in hearing on a preliminary injunction.

We request that a bond under Federal Rule of Civil Procedure 65(c) be set at $100 or in such other *de minimis* amount given plaintiff's position as a class representative and the balance of equities as set forth in the Memorandum of Law.

DATED:  May 21, 2025

                                Respectfully submitted,

                                /s/ Timothy J. Treanor

Timothy J. Treanor
Managing Principal
Treanor Law PLLC
666 Third Avenue
New York, NY 10017

Max Burwick
Managing Partner
Burwick Law PLLC
43 W 43rd St, Floor 12
New York, NY 10036