UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>KELSIER VENTURES, KIP PROTOCOL, HAYDEN DAVIS, GIDEON DAVIS, METEORA, THOMAS DAVIS, JULIAN PEH, and BENJAMIN CHOW,<br><br>　　　　　　　　　Defendants. | Case No. 1:25-cv-03891 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Before the Court is a Motion for a Temporary Restraining Order and a Preliminary Injunction with respect to the following Defined Assets:

(a) any $LIBRA cryptocurrency, or proceeds obtained through trading $LIBRA cryptocurrency, (the "$LIBRA Proceeds") held or controlled by the Defendants;

(b) approximately $110 million in $LIBRA Proceeds that Defendant Hayden Davis ("Davis") controls ("the "Davis Held Proceeds"); and

(c) approximately 57,654,371 USDC, and any other $LIBRA Proceeds held in two specifically identified cryptocurrency wallets (the "Subject Wallets") as further described below;

Based on the Motion and the accompanying Memorandum of Law, Declaration of Timothy J. Treanor, and Declaration of Justin Ehrenhofer, and for the reasons set forth on the record during the hearing held on May 27, 2025, the Court hereby finds that the Plaintiff has established the likelihood of irreparable harm in the absence of temporary injunctive relief given the ease through which these assets could be dissipated, the risks that Defendants will do so, and the value of the Defined Assets in relation to losses alleged to have been suffered by the Plaintiff putative class. The Court further finds that the

balance of hardships decidedly favor the Moving Party given evidence that the Defined Assets represent transfers from purchasers of $LIBRA and evidence that Defendants do not have a legitimate interest in these funds.  The Court further finds that, at least at this juncture, the Plaintiff has demonstrated "sufficiently serious questions going to the merits of its claims to make them fair ground for litigation." *New York ex rel. Schneiderman* v. *Actavis*, 787 F.3d 638, 650 (2d Cir. 2015).  The Court also finds that any restraint on the Defined Assets would be in the public interest to secure their availability should this litigation result in an award to Plaintiff and/or the putative class.  These findings are without prejudice to revision upon any motion or opposition filed by the Defendants.

    The Court further finds good cause for granting this temporary relief on an *ex parte* basis because notice of this application could cause Defendants or those acting in concert with them to transfer the Defined Assets elsewhere before an order can be issued and before Circle can freeze the USDC in the Subject Wallets.  The temporary restraint of the Defined Assets poses minimal hardship to the Defendants, who will have an opportunity to challenge it at the Preliminary Injunction hearing or in any earlier motion to lift this Order.   For the same reasons, the equities warrant imposition of only a nominal bond.

    Therefore, it is hereby ORDERED that pending argument and ruling on the Motion for a Preliminary Injunction, a Temporary Restraining Order under Federal Rule of Civil Procedure 65 is entered barring (i) Defendants, (ii) their officers, agents, servants, employees, and attorneys and (iii) other persons who are in active concert or participation with such persons, from disposing of, processing, routing, facilitating, selling, transferring, encumbering, removing, paying over, conveying or otherwise interfering with:

(a) any $LIBRA cryptocurrency, or proceeds obtained through trading $LIBRA cryptocurrency, (the "$LIBRA Proceeds") held or controlled by the Defendants;

(b) approximately $110 million in $LIBRA Proceeds that Defendant Hayden Davis controls; and

(c) approximately 57,654,371 USDC together with any other $LIBRA Proceeds currently held in the two wallets located at

|  | LIBRA Wallet 1 |
|---|---|
| Wallet Address | DefcyKc4yAjRsCLZjdxWuSUzVohXtLna9g22y3pBCm2z |
| Token Account (USDC) | 3nHwgMhytEC2wkYGpg3LxQMfNzFseCNDGA48NfRExNgH |
|  | LIBRA Wallet 2 |
| Wallet Address | 61yKS9bjxWdqNgAHt439DfoNfwK3uKPAJGWAsFkC5M4C |
| Token Account (USDC) | 3Fwr8WzC5jgwqEcMYH4QstqK2z9zRVXMuPKxFBgFZQpK |

IT IS FURTHER ORDERED that Circle Internet Group, Inc. and its subsidiary Circle Internet Financial, LLC (together, "Circle) freeze and deny access to all USDC in LIBRA Wallet 1 and LIBRA Wallet 2 at the wallet addresses and token accounts listed above.

IT IS FURTHER ORDERED that Defendants, or their attorneys, show cause before this Court in Courtroom 20B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY on **June 9, 2025, at 10:00 AM** or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued extending the above restraining order through the pendency of this action. Circle or its attorneys may appear at this proceeding if Circle so chooses but is not required to do so if it has implemented the actions described above and does not intend to challenge its issuance or extension through the course of this action.

IT IS FURTHER ORDERED that opposing papers, if any, to the issuance of a Preliminary Injunction shall be filed via CM/ECF on or before **June 2, 2025**, and reply papers, if any, shall be filed in CM/ECF on or before **June 5, 2025**.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of the Complaint and this Order, together with a copy of the papers upon which it is based, on or before **May 28, 2025**, upon Defendants and Circle through the following means:

(a) With respect to BENJAMIN CHOW, who has appeared in this action, by e-mail to his attorneys.

(b) With respect to METEORA, by email to ▮▮▮▮▮▮▮▮ and direct message on X to @MeteoraAG with a hyperlink to the service documents.

(c) With respect to KIP PROTOCOL LTD., a Hong Kong registered corporation, by "Contact Us" webform at https://www.kip.pro/contact-us, by federal express or similar courier to ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Tsuen Wan, Hong Kong, and through service to JULIAN PEH as set out below.

(d) With respect to JULIAN PEH by e-mail to ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ and by Direct Message on X with a hyperlink to the service documents.

(e) With respect to Defendant HAYDEN DAVIS by Federal Express to ▮ ▮▮▮▮▮▮ Irving TX 7503 and email to ▮▮▮▮▮▮▮▮.

(f) With respect to Defendant THOMAS DAVIS by Federal Express to ███████ ███████████ and email to ██████████ and ██████████████████.

(g) With respect to GIDEON DAVIS, by Federal Express to ███ █████████ Bellevue WA 98004 and e-mail to ██████████, █████████, and █████████████.

(h) With respect to Defendant KELSIER VENTURES by Federal Express to ██ ███████ Irving TX 7503 (the address registered with the Texas Department of State for Kelsier Ventures LLC) and e-mail to ████████████.

(i) With respect to Circle, through its registered agent in New York State, CT Corporation System, ████████████████████████████ and via e-mail to █████████████████.

It is FURTHER ORDERED that Plaintiff shall post a cash bond set at **$100** with the Clerk of Court within five days of this Order.

It is FURTHER ORDERED that all filings with respect to this matter be docketed no earlier than one business day after that date set for service has passed to provide sufficient time for Circle to freeze the USDC at issue.

Dated: May 27, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

5