UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiffs,<br><br>-against-<br><br>KELSIER VENTURES, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-03891 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

On May 27, 2025, the Court entered an *ex parte* temporary restraining order (the "TRO"), which was filed on the public docket on May 29, 2025. *See* Dkt. 19. In relevant part, the TRO directed Defendants to appear before this Court on June 9, 2025, and show cause why a preliminary injunction should not be issued extending the restraining order through the pendency of this action. *Id.* at 3. The TRO also directed any opposing papers to the issuance of a preliminary injunction to be filed on or before June 2, 2025, and any reply papers to be filed on or before June 5, 2025. *Id.* at 4. Later that day, Defendant Benjamin Chow, the only appearing Defendant, filed a letter requesting that the Court adjourn the hearing date and extend his deadline to file opposition papers, and Defendant Chow "agree[d] to abide by the TRO pending resolution of the motion." *See* Dkt. 20. On May 30, 2025, the Court granted the request and directed the parties to file a joint letter with proposed dates for a revised briefing schedule and a hearing. *Id.* The Court further ordered that the TRO would remain in place on consent until the rescheduled hearing and instructed any nonappearing Defendants to file a motion if they "wish[ed] to move to lift the TRO sooner than the aforementioned schedule." *Id.* After Plaintiff and Defendant Chow filed the requested joint letter with proposed dates, *see* Dkt. 23, the Court ordered opposition papers to be filed no later

than June 27, 2025, Plaintiff's reply to be filed no later than July 11, 2025, and the hearing to take place on July 21, 2025, at 3:00 p.m., *see* Dkt. 26.

On June 24, 2025, counsel for Defendant Hayden Davis made a "limited special appearance to challenge the [TRO]" and filed a motion to dissolve the TRO pursuant to Federal Rule of Civil Procedure ("Rule") 65(b)(4). Dkt. 43 at 1. Among other substantive and merits-based challenges to the TRO and issuance of a preliminary injunction, Defendant Davis argues that the TRO expired after fourteen days — on June 10, 2025 — because only Defendant Chow consented to its extension and no good cause was established for the Court to extend the TRO beyond that date. Defendant Davis also argues that TRO is not effective because he was not properly served with the Summons and Complaint and because Plaintiff failed to post the required cash bond within five days after the issuance of the TRO. *See id.* at 2-5. Later that day, Plaintiff filed a notice of payment of the bond, *see* Dkt. 46, and a letter response to Defendant Davis's motion to dissolve, *see* Dkt. 48. Plaintiff argues that "[t]he requirements of justice — and of Rule 65(b)(4) — are fully satisfied by the existing, stipulated TRO/PI schedule" and requests that the Court "maintain the existing TRO/PI schedule; permit Plaintiff to include its response to the Motion in its consolidated reply submission due on July 11; and conduct any hearing on the Motion on July 21." Dkt. 48 at 1. For the following reasons, the Court will deny the motion to dissolve the TRO at this juncture.

First, the Court finds that that the TRO was validly extended beyond fourteen days and remains binding as to Defendant Davis. Pursuant to Rule 65, a TRO "expires at the time after entry — not to exceed 14 days — that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). According to the declaration filed by Plaintiff's counsel, Defendant Davis's counsel was aware of the Court's May 30, 2025 order granting Defendant Chow's

request for an extension of the TRO briefing schedule and adjournment of the hearing. *See* Dkt. 48-1. Although counsel for Defendant Davis "participated in subsequent emails about scheduling" with counsel for Plaintiff and Defendant Chow, *id.* ¶ 4, counsel for Defendant Davis "did not join any calls between counsel for Plaintiff and counsel for Defendant Chow related to scheduling or to the parties' joint submission," *id.* ¶ 5. In other words, Defendant Davis was aware that the appearing parties would be jointly stipulating to an extension of the TRO until the adjourned hearing, but Defendant Davis did not raise any objections to the extension until nearly four weeks after it was granted. "Hence, by virtue of [his] conduct, the Court finds that [Defendant Davis] consented to the extension of the TRO until the Court ruled on the pending motions." *S.E.C. v. Comcoa Ltd.*, 887 F. Supp. 1521 (S.D. Fla. 1995) (finding that defendant consented to extension of TRO by failing to object to court's statement "that the TRO would remain in effect in all aspects until the Court ruled on the pending motions to dismiss and for preliminary injunction"), *aff'd sub nom. Levine v. Comcoa Ltd.*, 70 F.3d 1191 (11th Cir. 1995).[1]

Second, Defendant Davis's argument that the TRO is not effective due to the lack of proper service of the Summons and Complaint is unavailing. Under Rule 65, a preliminary injunction or temporary restraining order is binding on any party "who receive[s] *actual notice* of it by personal service *or otherwise*." Fed. R. Civ. P. 65(d)(2) (emphasis added). It is undisputed that Defendant Davis received actual notice of the TRO by email, which is plainly

---

[1] Even if Defendant Davis did not consent to an extension by failing to object, the TRO would still be binding as to Defendant Davis until this Court issues a ruling following more fulsome briefing from the parties and a hearing on the parties' submissions. *See In re Crim. Contempt Proceedings Against Gerald Crawford, Michael Warren*, 329 F.3d 131, 136-37 (2d Cir. 2003) (noting that where a TRO extends beyond the time limits set forth in Rule 65 pending a district court's ruling on substantive motions, the TRO is considered a preliminary injunction subject to appellate review but still binding on parties).

3

sufficient here. *See SEC v. Cap. Growth Co.*, 391 F. Supp. 593, 600 (S.D.N.Y. 1974) ("Notice [of the TRO] was effectively given even though technically these defendants were not yet properly served with the summons and complaint."); *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012) ("[Defendant's first argument . . . that the district court erred by issuing the TRO prior to formal service of process or the appearance of [defendant's] counsel . . . is refuted by the plain language of Rule 65 . . . . There is a reason Rule 65 allows emergency injunctive relief before service of process . . . ."); *Glasser v. Blixseth*, No. 14-cv-01576, 2014 WL 12514894 (W.D. Wash. Nov. 14, 2014) (collecting cases). Defendant Davis's other arguments regarding personal jurisdiction can be addressed at the preliminary injunction hearing and in the parties' briefing, given that Plaintiff alleges that his injuries resulted from Defendant's purportedly misleading marketing campaign directed at consumers in New York. *Cf. Cohen v. Nutricost*, 747 F. Supp. 3d 467, 473-74 (E.D.N.Y. 2024).

Third, Defendant Davis asserts that he must be heard on his motion to dissolve within two days of his filing, *see* Dkt. 43 at 20, but this request rests on a misreading of Rule 65. Pursuant to the plain text of the rule, a motion to dissolve may be made on two days' notice to the party who obtained an *ex parte* TRO, after which "[t]he court must then hear and decide the motion as promptly as justice requires." Fed. R. Civ. P. 65(b)(4). Nothing in the text of the rule requires the motion to be heard by the Court within two days — it requires only that two days' notice be provided to the opposing party.

Lastly, the Court finds that Plaintiff's posting of the required bond, while improperly delayed without justification, moots Plaintiff's argument that the TRO is no longer in effect due to the absence of a bond. The bond was deemed "nominal" by the Court and the adequacy of the bond can be addressed in future briefing and at the upcoming hearing. That

4

said, the delay in posting the Court-ordered bond is concerning, and counsel is admonished not to repeat any similar conduct or violate the Court's orders in the future. *Cf. Weiss v. Weiss*, 984 F. Supp. 682, 687 (S.D.N.Y. 1997) (declining to further take action based on counsel's failure to post bond beyond admonishing counsel and "reiterat[ing] that neither counsel nor litigants may make use of an injunctive order explicitly premised on the posting of a bond until that bond is posted").

Contrary to Defendant Davis's apparent misimpression that a date for a preliminary injunction hearing has not yet been set, *see* Dkt. 43 at 20 (referring to an "as-yet not scheduled PI hearing"), the Court has in fact scheduled a hearing for July 21, 2025, at 3:00 p.m., *see* Dkt. 26. The Court believes that the current expedited briefing schedule and hearing date serve the ends of justice and support a finding of good cause to permit the parties to provide more fulsome briefing on the complicated issues at bar. Moreover, the fact that Defendant Davis waited nearly a month to file his motion — and only three days before the stipulated response date — undermines the urgency asserted.

Notwithstanding the foregoing, the Court directs counsel for all parties, including Defendant Davis, to appear for a remote videoconference before the Court on **July 1, 2025, at 11:00 a.m.**, to discuss whether a more expedited briefing schedule and hearing date is necessary. The Court will provide Microsoft Teams credentials to the parties by email. If the parties ultimately reach agreement on the present schedule, they shall inform the Court that the conference is not necessary.

Dated: June 27, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge