# HG  **HOPPIN GRINSELL**

11 Hanover Square, Ste. 1405
New York, NY 10005
www.hoppingrinsell.com
646.475.3550

Margaret B. Hoppin
margot@hoppingrinsell.com
646.475.9549

July 10, 2025

**BY ECF**
The Honorable Jennifer L. Rochon
United States District Court Judge
U.S. District Court, Southern District of New York
500 Pearl Street New York, NY 10007

        Re:    _Hurlock v. Kelsier Ventures, et al._, No. 25-cv-03891

Dear Judge Rochon:

        Pursuant to Local Civil Rule 37.2 and Part II.E of this Court's Individual Rules of Practice in Civil Cases, I write on behalf of Plaintiff Omar Hurlock in connection with Plaintiff's proposed motion to conduct limited expedited discovery in advance of the hearing on Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 13, the "TRO/PI Motion") scheduled for August 19, 2025.   _See_ ECF No. 62.   Plaintiff's proposed motion is based on representations and submissions made recently to this Court by and on behalf of Defendants Hayden Davis and Benjamin Chow in opposition to the TRO/PI Motion and to the temporary restraining order entered by this Court on May 27, 2025 (ECF No. 19, the "TRO").[1]  Plaintiff seeks limited expedited discovery from those two Defendants relevant to the TRO/PI Motion and TRO.[2]  The discovery Plaintiff seeks is attached as Exhibits A through D.  In light of the compressed schedule, Plaintiff respectfully requests expedited consideration of its request.

## Background

        The TRO applies to all "$LIBRA cryptocurrency, or proceeds obtained through trading $LIBRA cryptocurrency" (the "LIBRA Proceeds") "held or controlled by the Defendants."  TRO at 3.  The TRO prohibits "(i) Defendants, (ii) their officers, agents, servants, employees, and attorneys and (iii) other persons who are in active concert or participation with such persons" from, among other things, processing, routing, selling, transferring, conveying, or otherwise interfering with, the assets to which it applies.  _Id._

        In the July 1 videoconference conducted by this Court (the "July 1 Conference"), counsel for Defendant Davis asserted that a "locked wallet" containing LIBRA Proceeds is "trad[ing] on

---

[1] The TRO was publicly filed on May 29, 2025.  _Id._

[2] Plaintiff also seeks to lift the stipulated discovery stay or, alternatively, to conduct expedited discovery notwithstanding the stay, without prejudice to renewing the request.

its own." July 1 Conf. Tr. at 10:3.[3] The implications of this assertion depend in part on its referents—that is, on which assets are being "automatically" traded, where, and how.[4] That said, the purportedly "automated" trading described by counsel is reasonably likely to be a violation of the TRO. If the "locked wallet" trading LIBRA Proceeds is "one of the ones spelled out in a box" in the TRO, then its activities are probably under the control of one or more of the persons bound by the TRO, *i.e.*, "(i) Defendants, (ii) their officers, agents, servants, employees, and attorneys and (iii) other persons who are in active concert or participation with such persons," TRO at 3, as Plaintiff demonstrated in its submission in support of the TRO/PI Motion.[5] The same applies if the "locked wallet" isn't specifically identified in the TRO or if the "locked wallet" is actually a Meteora DLMM liquidity bin or liquidity position configured in connection with the February 14, 2025 $LIBRA launch. For example, Mr. Chow avers that Mr. Davis "set up" the Meteora liquidity pool used to launch $LIBRA.[6] Mr. Chow has also publicly stated that "we" provid[ed] IT support" for the $LIBRA launch and "comment[ed] on [its] liquidity curve."[7]

Defendant Chow is the co-founder and recent former CEO of Defendant Meteora.[8] But in his opposition to the TRO/PI Motion, Mr. Chow identifies himself only as a "consultant" to "Dynamic Labs, Ltd." ("DLL") who "used to provide technical support to Meteora users at DLL's direction." Chow Decl. ¶ 1. Further, Mr. Chow submitted three sworn declarations identifying DLL as the "software development company that created the computer code underlying Meteora."[9] But the "Meteora website" "disclaimer" identifies a Delaware entity called "Dynamic Labs, Inc." as the code's creator.[10] More generally, Mr. Chow purports to disclaim involvement in the $LIBRA launch on Meteora, *see* Decl. ¶¶ 11-15, in tension with his prior statements.[11]

The expedited discovery Plaintiff seeks is narrowly tailored to the issues raised by these recent submissions. Plaintiff seeks to immediately serve 9 interrogatories and 4 requests on Mr. Chow (**Exhibit A**) and 4 interrogatories and 3 requests on Mr. Davis (**Exhibit B).** Plaintiff also

---

[3] *See also id.* at 15:21-16:2 ("I'm not sure if it's one of the ones spelled out in a box on the order . . . but my understanding is one of the wallets, the first wallet is what's called a locked wallet. It automatically buys and sells LIBRA.").

[4] As noted below, counsel for Plaintiff asked counsel for Mr. Davis to identify the "locked wallet" at issue on a telephonic meet and confer on July 7. That information has not yet been provided.

[5] *See, e.g.*, Declaration of Timothy J. Treanor (ECF No. 16, "Treanor Decl."); Declaration of Justin Ehrenhofer (ECF No. 17).

[6] Declaration of Benjamin Chow (ECF No. 54, "Chow Decl.") at ¶ 6; *see also id.* at ¶ 2 (describing Meteora liquidity pools customization).

[7] @hellochow, X (Feb. 16, 2025, 11:18 PM), https://x.com/hellochow/status/1891341548115149190 ("Chow Statement").

[8] *See, e.g.*, Treanor Decl. ¶ 21; Compl. (ECF No. 1-1) ¶ 26; Chow Statement.

[9] Chow Decl. ¶ 1; Declaration of Zhen Hoe Yong (ECF No. 55, "Hoe Yong Decl.") at ¶ 1; Declaration of Meghan K. Spillane (ECF No. 57) at ¶ 3.

[10] *See* https://www.meteora.ag/disclaimer (accessed July 10, 2025); Chow Decl. ¶ 2 n. 2 (identifying the "Meteora website"); Hoe Yong Decl. ¶ 8 & n. 2 (partially quoting the disclaimer).

[11] *E.g.*, Chow Statement.

seeks limited depositions of both Defendants.[12]  In light of the August 19 hearing on the TRO/PI Motion, and Plaintiff's July 28 deadline for its consolidated reply submission, Plaintiff proposes the following deadlines (measured from the date on which discovery is authorized):  7 days to answer Plaintiff' interrogatories; 10 days to produce non-privileged documents responsive to Plaintiff's requests; 17 days to conduct limited depositions of both Defendants.

## Argument

When determining whether to grant expedited discovery, courts in this District apply "a flexible standard of reasonableness and good cause."  *SingularDTV GmbH v. LeBeau*, No. 21-cv-10130 (VEC), 2022 WL 1082557, at *1 (S.D.N.Y. Apr. 6, 2022).  This test "requires a district court to examine the request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."  *Vortexa Inc. v. Cacioppo*, No. 1:24-CV-02065 (JLR), 2024 WL 2979313, at *15 (S.D.N.Y. June 12, 2024) (quoting *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-cv-04242 (VSB), 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014)).  Pursuant to that standard, expedited discovery is "typically appropriate in cases involving requests for preliminary injunction' especially where, as here it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing."  *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 2014 WL 12959675, at *2.  It is also appropriate for "potential violations of court orders, including preliminary injunctions, as a court has the authority to enforce its own orders."  *SingularDTV GmbH*, 2022 WL 1082557, at *1.  The limited discovery Plaintiff seeks is narrowly tailored to issues raised by Defendants Davis and Chow that are directly relevant to potential TRO violations, the parties "respective chances for success on the merits at [the] preliminary injunction hearing," and to this Court's exercise of jurisdiction.  Plaintiff's motion should be granted.

## Conference

On July 7, 2025, counsel for Plaintiff conferred in good faith by telephone with counsel for Mr. Davis (at about noon) and with counsel for Mr. Chow (at about 5pm) and generally described its proposed discovery and schedule.[13]  Counsel for Plaintiff also requested identification of the "locked wallet" referenced by counsel for Mr. Davis at the July 1 Conference.  That information has not been provided.  On July 8, Plaintiff emailed its proposed discovery to Defendant Chow at approximately 3pm (*see* Exs. A, C) and to Defendant Davis at approximately 9 pm (*see* Exs. B, D).  As of the time of this filing, neither Defendant has advised Plaintiff of its position.[14]

Very truly yours,

*/s/ Margaret B. Hoppin*
Margaret B. Hoppin

---

[12] The proposed topics for each Defendant were set forth in July 8 emails to their respective counsel, which are attached hereto as **Exhibit C** (Chow) and **Exhib**it D (Davis).

[13] All times are stated in Eastern Time. Plaintiff also requested Defendants' positions on Plaintiff's request to lift the discovery stay.

[14] Counsel for Defendant Davis states: "Defendant Davis's position on the relief requested, which was requested after business hours on July 8, was not obtained before filing."