# Exhibit B

## **PROPOSED DISCOVERY (DAVIS)**

### DEFINITIONS

1. **"Action"** means the lawsuit styled *Hurlock v. Kelsier, et al.*, Case No. 1:25-cv-03891-JLR (S.D.N.Y.).

2. **"Davis Declaration"** means the sworn declaration executed by You on June 23, 2025, filed in this Action at docket number 43-1.

3. **"July 1 Conference"** means the court conference conducted in this Action on July 1, 2025.

4. **"LIBRA Proceeds"** means any $LIBRA cryptocurrency, or proceeds obtained through trading $LIBRA cryptocurrency, held or controlled by any Defendant in this Action.

5. **"Concerning"** means directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing summarizing, identifying, or referring or relating to in any way.

6. **"Communication(s)"** means any transmittal of information in the form of facts, ideas, inquiries, or otherwise. A document request for communications calls for production of correspondence, faxes, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, text messages, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

7. **"DLMM Liquidity Bins"** refers to the specific prices at which assets provided as liquidity can be swapped, described generally at: https://docs.meteora.ag/integration/dlmm-integration/dlmm-program#bin-composition.

8.      **"DLMM Liquidity Position"** refers to a liquidity provider's assets that have been added to or distributed across one or more liquidity bins, described generally at: https://docs.meteora.ag/product-overview/dlmm-overview/what-is-dlmm.

9.      **"Document(s)"** means all recorded words, information, Communications (as defined above), or data of any kind, however created, recorded, stored, or maintained, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports, and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten, or other notes; checks, front and back; check vouchers, check stubs, or receipts; wire transfer requests, approvals, orders, and confirmations; tape data sheets or data processing cards or discs or any other printed, typewritten, or otherwise recorded matter, however produced or reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form; Electronically Stored Information (as defined below); internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data

storage or transmittal such as, but not limited to, any mobile device or personal digital assistant; and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

10. **"Electronically Stored Information" ("ESI")** includes without limitation:

   a. information that is generated, received, processed, and recorded by computers and other electronic devices, including without limitation voicemails;

   b. internal or external web sites;

   c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mails, instant messenger programs, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment;

   d. activity listings of electronic mail receipts and transmittals; and

   e. any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, smartphone or personal digital assistant (Palm Pilot, Blackberry, iPhone, iPad, or similar device).

11. **"Meteora DLMM"** means the "complex permissionless system with an incredible number of configuration options for teams looking to launch with it" referenced in Defendant

Chow's public post on X at 11:18 p.m. on February 16, 2025[1] and described generally at: https://docs.meteora.ag/product-overview/dlmm-overview/what-is-dlmm.

12. **"Person"** includes natural persons and entities of every kind, whether incorporated or unincorporated.

13. **"TRO"** means the temporary restraining order granted by the Court on May 27, 2025, and filed in this action at ECF. No. 19.

14. **"You"** and **"Your"** refer to Hayden Davis, along with any of their predecessors, successors, assigns, managers, officers, directors, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as any other person under their direction or control or from which they have the right or the practical ability to obtain information, records, or documents of any kind.

---

[1] https://x.com/hellochow/status/1891341548115149190

## **PROPOSED INTERROGATORIES (DAVIS)**

### INSTRUCTIONS

1. Unless otherwise indicated, the relevant time period is January 1, 2024 to the present.

2. Each interrogatory is addressed to Your personal knowledge as well as to the knowledge and information of Your predecessors, successors, and affiliates; any past and present, agents, representatives, trustees, executors, administrators, or beneficiaries, agents, officers, employees, attorneys, investigators, or other representatives.

3. Each interrogatory shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive; the word "all" means "any and all" and the word "any" means "any and all"

4. Definitions provided herein apply to any grammatical variant of the term or phrase defined.

5. Each question shall be responded to separately and fully and each response shall be preceded by the question to which it responds.

6. Each interrogatory herein should be construed independently and not by reference to any other interrogatory for the purpose of limitation.

7. If any of these interrogatories or portions thereof cannot be responded to fully, respond to the extent possible, and state the reasons for not responding more fully. If the response to any interrogatory is a denial or an affirmation, but only as to part, specify as much of it as is true and deny only the remainder.

8. When the response to any interrogatory is based upon information other than the personal knowledge of the person responding to these interrogatories, state the name, job title, business and residence address of the source of the information if such source is a natural person and/or the identity of any document, report, or record.

9. With respect to each interrogatory, in addition to supplying the information requested, You are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory in Your response thereto.

10. If any or all documents identified herein are no longer in Your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in detail the contents of the document; and (e) state the manner and date of disposition of the document. If you are in possession of a copy of any such document, provide a response utilizing the copy identified as such.

11. To the extent that any interrogatory calls for information that cannot be precisely and completely furnished, such information as can be furnished should be included in the response, together with a statement that further information sought cannot be furnished and a statement as to the reasons therefor. If the information that cannot be furnished is believed to be available from another person, identify such person and such documents, and include a detailed statement of the reasons for believing such person has the described or requested information

12. Where a claim of privilege is asserted in responding to any interrogatories and information is not provided on the basis of such assertion:

    a. state the basis on which the privilege is or will be claimed; and

      b. provide the following information:

          i. For documents: (1) the type of document (e.g., letter or memorandum or e-mail); (2) general subject matter of the document; (3) the date of the document; (4) the author and/or sender of the document; (5) the person, place, and/or entity to whom the document was sent and/or filed; and (6) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other;

          ii. For oral communications: (1) the name of the person making the communication, the names of persons present while the communication was made, and where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of communication; and (3) the general subject matter of the communication.

13. You have a continuing duty to supplement your responses if You learn that a response was incomplete or incorrect when made, or if You obtain information that makes a response incomplete or incorrect.

INTERROGATORIES

1. With respect to Your assertions, made through counsel at the July 1 Conference, that there is a "locked wallet" that currently "automatically buys and sells LIBRA" and "trades on its own" and thus functions as "a market maker"[1]:

    a. Specifically identify all wallets, DLMM Liquidity Bins, and/or DLMM Liquidity Positions containing LIBRA or LIBRA Proceeds that You believe to be "locked" and provide their blockchain addresses;

    b. For all wallets identified in response to subpart (a), identify all Person(s) that have possession, custody, control, or ownership, in whole or in part, of the associated private key or MultiSig;

    c. For all DLMM Liquidity Bins or DLMM Liquidity Positions identified in response to subpart (a), identify the wallet that initialized the DLMM Liquidity Position and all Person(s) that have possession, custody, control, or ownership, in whole or in part, of the wallet that initialized the DLMM Liquidity Position.

2. For all wallets, DLMM Liquidity Bins, and/or DLMM Liquidity Positions identified in response to Interrogatory No. 1, identify the software or program that "locked" the wallet; the manner in which that software or program was deployed; and all Person(s), entities, or wallets that deployed that software or program or were involved in requesting or directing that deployment.

3. For all wallets, DLMM Liquidity Bins, and/or DLMM Liquidity Positions identified in response to Interrogatory No. 1, identify the software, program, trading, system and/or smart contract that controls the "automatic" trading activities; the assets being traded; the

---

[1] July 1 Conf. Tr. at 15:25-16:02; 10:03.

Person(s), entities, or wallets that deployed that software, program, trading, system and/or smart contract, or requested or directed that deployment; and the Person(s), entities, or wallets that currently effectively control or have authority to upgrade or modify that software, program, trading, system and/or smart contract.

        4.        Describe in detail the configuration and parameters of the Meteora liquidity pool You used to launch $LIBRA; identify the Person(s) involved in deciding, implementing, or reviewing that configuration and parameters, including but not limited to You and Defendant Chow; and describe in detail the nature of their involvement.

**PROPOSED DOCUMENT REQUESTS (DAVIS)**

<u>INSTRUCTIONS</u>

1. Each reference to a corporation, limited liability company, partnership, limited partnership, joint venture, unincorporated association, government agency, or other non-natural person shall be deemed to include each and all of its present and former subsidiaries, parents, affiliates, predecessors, and successors, and with respect to each of such entities, its present and former officers, directors, shareholders, employees, members, partners, limited partners, representatives, agents, accountants, attorneys, and any other person who acted or purported to act on its behalf.

2. Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive; the word "all" means "any and all" and the word "any" means "any and all".

3. All Documents and Communications produced pursuant to this request are to be produced as they are kept in the usual course.

4. If a Document or Communication is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information is to be supplied for each Document:

      a. the nature of the privilege being claimed;

      b. the type of Document;

      c. general subject matter of the Document;

      d. the date of the Document; and

       e. other such information as is sufficient to identify the Document including where appropriate, the author(s) of the Document, the addressee(s) of the Document, the identity of any Person who had an opportunity to review such Document and, where not apparent, the relationship of the author and the addressee to each other.

5. If any portion of any Document or Communication is responsive to any request included herein, the entire Document or Communication is to be produced.

6. Each Document or Communication requested herein shall be produced in its entirety without deletion, redaction, or excisions, except as qualified by Instruction 4, regardless of whether You consider the entire Document relevant or responsive to this request. If You have redacted any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified on a privilege log in accordance with Instruction 4.

7. All Documents and Communications are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such Documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

8. If any or all Documents identified herein are no longer in Your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state in detail the contents of the Document; and (e)

state the manner and date of disposition of the Document. If You are in possession of a copy of any such Document, provide a response utilizing the copy identified as such.

9. Non-identical copies of Documents, drafts, or copies with annotations, and marks of marginalia shall be treated and produced as separate Documents.

10. All ESI responsive to this request that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified or distributed, as well as the author(s) and recipient(s) of the Document.

11. If any of these requests cannot be responded to in full, You are to produce Documents and Communications to the extent possible, specifying the reason for Your inability to produce further Documents, and stating what knowledge, information, or belief You have concerning the unproduced portion.

12. These requests are continuing. If, after producing the requested documents, You obtain or becomes aware of further documents responsive to these Requests, You are required to produce such additional documents.

## REQUESTS

1. All Documents and Communications related to the configuration and parameters of the Meteora liquidity pool used to launch $LIBRA on February 14, 2025.

2.	All Documents and Communications related to the use or application of Meteora DLMM Liquidity Bins and/or DLMM Liquidity Positions in connection with the $LIBRA launch on February 14, 2025.

3.	All Documents and Communications related to the wallet(s), DLMM Liquidity Bins, and/or DLMM Liquidity Positions identified by You in response to Plaintiff's Interrogatory No. 1.