# BURWICK LAW
*43 W 43rd St, Suite 114*
*New York, NY 10036*

July 11, 2025

**BY ECF**
The Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street New York, NY 10007

     Re: *Hurlock v. Kelsier Ventures, et al.*, Case No. 25-cv-03891

**Letter-Request for Wallet-Specific Carve-Out Consistent with July 1, 2025 Conference**
(*Follow-up to July 1, 2025 status conf., ECF No. 45, Tr. 16:12-22, 17:11-17*)

Dear Judge Rochon:

Burwick Law PLLC, counsel for Plaintiff Omar Hurlock, respectfully submits this letter-request pursuant to Rule 1(A) of Your Honor's Individual Practices and Fed. R. Civ. P. 65. Plaintiff has considered the modification request to the Court's May 27 2025 Temporary Restraining Order and asset-freeze provisions (the "TRO") made by H. Davis at the July 1 conference (See July 1, 2025 Hr'g Tr. 9:12-10:17) and consents to the limited extent detailed below. Specifically, Plaintiffs respectfully request that the Court, by letter-endorsement:

    1.    Modify the TRO, consistent with the Court's July 1 guidance, to carve out exactly one asset: 500,000,000 $LIBRA tokens located at Solana wallet address 42rex5yRsP1mdAKHzB5avDzagT6mqB5uYPergUFZ2Tgn (the "Argentina Growth Wallet"); and

    2.    Respectfully request that the Court permit Defendant Hayden Davis to release those tokens immediately to the custodial wallet designated for the *Viva La Libertad* ("VLL") initiative in the Argentine Republic, subject to safeguards and reporting obligations.

**Court's July 1 Guidance**
At the July 1 conference, the Court noted that it would consider a more precise, wallet-specific carve-out once the parties supplied clarity on (i) the wallet address, (ii) the nature of the tokens, and (iii) appropriate safeguards.

**Segregated Allocation**
When $LIBRA was minted on 14 February 2025, exactly 50% of the total supply (500,000,000 LIBRA tokens) was transferred—through a single intermediary transaction—to the Argentina Growth Wallet, where the full balance remains today. The VLL white-paper and public "Token Distribution" chart have, from inception, represented that this tranche is reserved exclusively to "strengthen the Argentine economy from the ground up by supporting entrepreneurship and innovation." *Id.*

**Independent Blockchain Tracing**

Our retained expert, Justin Ehrenhofer (Senior Director, NAXO Labs), has verified—by Solana on-chain analysis and comparison to Chainalysis Reactor data—that none of the 500,000,000 tokens has been moved, pledged, or otherwise encumbered since placement in the Argentina Growth Wallet. Mr. Ehrenhofer's analysis will be included in Plaintiff's consolidated reply submission on its pending motion for a preliminary injunction due July 28. It can be filed sooner, if helpful to the Court.

**Mr. Davis's Requested Modification**
Defendant Hayden Davis, the project's founder, has expressly requested that the Argentina Growth Wallet be released so the tokens may be transferred to Argentina and deployed in accordance with the VLL program. During the July 1 conference, counsel for Mr. Davis represented that he 'would ask for an exception' so the Argentina tranche could be used for its intended purpose. (See July 1, 2025 Hr'g Tr. 9:12-10:17 (Mr. Sbaiti requesting carve-out for Argentina initiative)).

**The Requested Tokens Are Not the Alleged Ill-Gotten Proceeds**
The 500,000,000 LIBRA token tranche was walled off from the moment of minting and has never entered the secondary market, liquidity pools, or any wallet linked to the alleged securities-fraud scheme. Releasing these tokens therefore does not risk dissipation of assets traceable to investor funds and leaves intact the status quo for all tokens at issue in Plaintiff's claims. Plaintiffs did not dispute at the July 1 conference that the 500,000,000 LIBRA token tranche sits untouched in a segregated wallet; their objection was solely to perceived vagueness.

**Defendants Consent; No Party Is Prejudiced**
Because Defendants requested the modification, there is no adversarial dispute and no need for security beyond that already posted. The Plaintiff class retains full recourse to all other restrained assets—including the remaining 500,000,000 $LIBRA, USDC, SOL, and fiat proceeds.

Accordingly, Plaintiffs request by letter that the Court *so-order* the following carve-out:

(i) carves out the 500,000,000 $LIBRA tokens held at wallet 42rex5yRsP1mdAKHzB5avDzagT6mqB5uYPergUFZ2Tgn from the existing TRO and preliminary injunction;

(ii) permits Hayden Davis (or his designee) to transfer the 500,000,000 $LIBRA subject to:

      (a) Execution through an independent U.S.-based escrow,
      (b) seven-day advance notice to Plaintiffs identifying the Argentine custodian wallet wallet hash;
      (c) A post-transfer accounting filed filed within 14 days.;

(iii) directs Plaintiffs to file, within two business days, Mr. Ehrenhofer's declaration and exhibits under seal, or otherwise make them available for the Court's review; and

(iv) directs Hayden Davis to file a sworn, post-transfer accounting as set forth above.

We thank the Court for its consideration and are available for a conference at the Court's convenience.

Respectfully submitted,

/s/ Max L. Burwick

Max L. Burwick
**Burwick Law, PLLC**
(646) 716-6177, max@burwick.law