# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| 900 16th STREET, N.W. Suite 500 | 221 W. 10th STREET | 20 FENCHURCH STREET |
|---|---|---|
| WASHINGTON, DC 20006 | WILMINGTON, DE 19801 | LONDON EC3M 3BY |
| (202) 862-8900 | (302) 884-0000 | +44 (0) 20 7920 9800 |

July 11, 2025

**VIA ECF**
U.S. District Judge Jennifer L. Rochon
Southern District of New York
500 Peal Street
New York, NY 10007

Re:  *Hurlock* v. *Kelsier Ventures et al.*, No. 25 Civ. 03891 (JLR)

Dear Judge Rochon:

On behalf of defendant Benjamin Chow, we write to respectfully bring to Your Honor's attention the recent decision by the U.S. Supreme Court in *Trump* v. *CASA, Inc.*, --- S. Ct. ---, 2025 WL 1773631 (June 27, 2025), which is dispositive as to the application by plaintiff Omar Hurlock for a preliminary asset freeze injunction that the parties are in the process of briefing.  The *CASA* decision—which was issued the same day that Mr. Chow filed his opposition to plaintiff's application (Dkt. 53 ("Chow Opp."))—requires denial of plaintiff's injunction request.

There is no doubt that Mr. Hurlock is seeking to freeze assets that he claims represent the alleged damages of the entire proposed class that he is trying to sue on behalf of—not just his own claimed damages—even though no class has been certified.  As Mr. Chow explained in his opposition brief, plaintiff's request for this vastly overbroad relief is impermissible under applicable law.  (*See* Chow Opp. at 24-26).  *CASA* confirms this point in full force, and defeats Mr. Hulock's request.

In *CASA*, the Supreme Court held that district courts lack the power to issue a "universal injunction"—a type of equitable relief that applies not just to the plaintiff, but to anyone who may be affected by the injunction—because it lacked a "founding-era antecedent."  2025 WL 1773631, at *4-8.[1] The *CASA* plaintiffs had obtained universal injunctions preventing the government from applying an Executive Order signed by President Trump to anyone, not just the named plaintiffs.  *Id.*  The Supreme Court found that the relevant district courts lacked the power to issue those universal injunctions, and limited the scope of the injunctions to only the plaintiffs actually before the Court.  *See* 2025 WL 1773631, at *11 ("[T]he question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an

---

[1] *See also id.* at *6, *8 ("Neither the universal injunction nor any analogous form of relief was available in the High Court of Chancery in England at the time of the founding. . . . Because the universal injunction lacks a historical pedigree, it falls outside the bounds of a federal court's equitable authority under the Judiciary Act.").

CAHILL GORDON & REINDEL LLP

-2-

injunction will offer complete relief *to the plaintiffs before the court.*" (Supreme Court's emphasis)).

The upshot of *CASA* is that "district courts issuing injunctions under the authority afforded by the Judiciary Act of 1789 may award only **plaintiff-specific** relief." *Id.* at *19 (Kavanaugh, J., concurring) (emphasis added). The *CASA* Court even expressly acknowledged that equitable relief **could** be granted on behalf of a class, but **only if** that class is **first** certified under Federal Rule of Civil Procedure 23. *Id.* at *10. Put another way, under *CASA*, "injunctive relief should generally extend only to the suing plaintiff"; in order to grant equitable relief for a class, the class must first be certified, with district courts giving "scrupulous adherence to the rigors of Rule 23." *Id.* at *18 (Alito, J., concurring); *see also Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 350-351 (2011) (class "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." (internal quotation marks omitted)).

Accordingly, *CASA* confirms that Mr. Hurlock cannot obtain equitable relief restraining assets to secure the claimed damages of proposed members of an uncertified class. Even if some asset freeze relief were warranted here—which is not the case, for the reasons explained in Mr. Chow's opposition brief—the only legally permissible relief would be to freeze enough assets to secure Mr. Hurlock's individual claims for damages (which he has failed to allege, disclose, or establish).

Because Mr. Hurlock cannot met his burden to justify the broad asset freeze injunction that he seeks, *CASA* requires denial of his injunction request. In addition, *CASA* cites extensively and approvingly to *Grupo Mexicano de Desarrollo, S.A.* v. *Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), a decision which Your Honor previously noted "talk[s] about how an injunction under Rule 65 is not really appropriate to freeze assets to make sure that they're available for an ultimate judgment, or in an action brought solely under the law." (May *Ex Parte* Hr'g Tr. at 11:9-13). *CASA* makes it crystal-clear that *Grupo* remains controlling.

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

By:  */s/ Samson A. Enzer*
Samson A. Enzer
Edward N. Moss
Sheila C. Ramesh
Gregory Mortenson

*Counsel for Defendant Benjamin Chow*

cc: All counsel of record (via ECF)