# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| | | |
|---|---|---|
| 900 16th STREET, N.W. Suite 500<br>WASHINGTON, DC 20006<br>(202) 862-8900 | 221 W. 10th STREET<br>WILMINGTON, DE 19801<br>(302) 884-0000 | 20 FENCHURCH STREET<br>LONDON EC3M 3BY<br>+44 (0) 20 7920 9800 |

July 14, 2025

VIA ECF
U.S. District Judge Jennifer L. Rochon
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Hurlock* v. *Kelsier Ventures et al.*, No. 25 Civ. 03891 (JLR)

Dear Judge Rochon:

On behalf of defendant Benjamin Chow, we respectfully submit that the Court should deny plaintiff's July 10 letter motion (Dkt. 89) asking the Court to lift the discovery stay—which he affirmatively agreed to, and the Court so-ordered, months ago. Plaintiff's apparent realization that his claims lack any merit does not entitle him to go on a fishing expedition (on an accelerated timeframe) so that he can try to scrounge for proof that he should have lined up before filing suit and seeking an *ex parte* restraining order to freeze assets in aid of those claims.

To carry his burden on this motion, plaintiff must demonstrate that the expedited discovery he seeks is reasonable and that there is good cause for it. *See Vortexa Inc.* v. *Cacioppo*, 2024 WL 2979313, at *15 (S.D.N.Y. 2024) (Rochon, J.). "Reasonableness" depends on an examination of "the request on the entirety of the record to date" in "light of all the surrounding circumstances." *Id*. And "good cause" turns on whether plaintiff can demonstrate: (1) some probability of success on the merits; (2) some connection between the expedited discovery and the avoidance of irreparable injury; and (3) some evidence that the injury absent expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted. *See, e.g.*, *SingularDTV GmbH* v. *LeBeau*, 2022 WL 1082557, at *1 (S.D.N.Y. 2022).

Although plaintiff has not yet amended his complaint per the case management schedule that the Court so-ordered with his consent (and as a result, Mr. Chow has not yet had an opportunity to submit a motion to dismiss that forthcoming pleading), plaintiff seeks expansive discovery—including numerous broad document requests, nine interrogatories, and a five-hour deposition of Mr. Chow—regarding four categories of information: (1) the corporate structure of Meteora (which is actually computer code)—including its relationships to DLL, Dynamic Labs Inc., and Mercurial Finance (collectively, the "Third Parties")—as well as Mr. Chow's relationship to these Third Parties (RFP 1 and 3; Interr. 1-4); (2) the technical process for updating the smart contracts underlying Meteora (Interr. 5 and 6); (3) the $LIBRA launch (RFP 1 and 4; Interr. 7 and 8); and (4) the program account holding the transaction fees that Meteora users paid when they traded $LIBRA (Interr. 9). Plaintiff has not come anywhere close to demonstrating the reasonableness nor the good cause for this expedited discovery on the record before the Court.

CAHILL GORDON & REINDEL LLP

-2-

*First*, plaintiff's delay in seeking this relief is, alone, enough to deny his request. The $LIBRA launch underlying this lawsuit occurred on February 14. Plaintiff waited a month to file his lawsuit (Dkt. 1) and, shortly after doing so, he voluntarily stipulated to stay all discovery pending resolution of the defendants' motions to dismiss, and the Court so-ordered the stipulation on May 15 (Dkt. 10).[1] After the stipulation was filed, plaintiff waited another week to file an *ex parte* motion seeking injunctive relief to freeze assets to secure his claims (Dkt. 13). Plaintiff did not request any discovery when he filed his injunction motion, nor did he request any discovery at either the May 27 (*ex parte*) or July 1 hearings before the Court—even though he already had Mr. Chow's brief opposing his injunction request by then. To the contrary, plaintiff's counsel represented to the Court on July 1 that plaintiff did not even intend to call witnesses at the upcoming injunction hearing scheduled for August 19. (*See* Dkt. 81 (July 1 Hr'g Tr.) 4). But now, plaintiff apparently has realized that his injunction application is doomed, and so he is engaging in a last-ditch attempt to fish for something that might resuscitate it. Plaintiff's undue delay—given the entirety of the record to date and in light of all the surrounding circumstances—is reason alone to deny his application. *See N. Atl. Operating Co.* v. *Evergreen Distributors, LLC*, 293 F.R.D. 363, 369 (E.D.N.Y. 2013) (denying expedited discovery for undue delay).

*Second*, plaintiff's failure to demonstrate irreparable harm is an independent basis to deny expedited discovery. *See Levy* v. *Young Adult Institute, Inc.*, 2015 WL 170442, at *11 (S.D.N.Y. 2015) ("irreparable injury [and] likelihood of success on the merits" are "necessary" to receive expedited discovery). This is nothing more than a money damages case in which the plaintiff has not shown, and cannot show, that he will suffer irreparable injury absent injunctive relief. (*See* Chow Opp. at 8-11). Moreover, as the Court already has acknowledged, freezing assets simply to ensure their availability to satisfy a hypothetical future judgment (in a case where Mr. Chow has not yet had an opportunity to file his motion to dismiss) is not permitted by *Grupo Mexicano* and Fed. R. Civ. P. 65. (*See* Dkt. 24 (May 27 *Ex Parte* Hr'g Tr.) 11).

*Third*, plaintiff's requests are unreasonable because most do not even bear on the issues on this motion (*i.e.*, irreparable harm and likelihood of success), and the ones that do are overbroad and a clear attempt to circumvent the Court-approved discovery stay. Aside from conclusory assertions, plaintiff makes no attempt to explain why the first two categories of requests—relating to the corporate structure of Meteora (which is software, not a company) dating back to 2021 and processes for updates to the smart contract dating back to 2023—have any bearing on the merits of plaintiff's claims. They do not. This information has nothing to do with the alleged fraud that plaintiff claims defendant Hayden Davis perpetrated in connection with the $LIBRA launch on February 14. (*See generally* Chow Opp. at 17-23). Nor does this information relate to the identity

---

[1] Plaintiff's counsel in this case have filed a related case, *Clarke* v. *Chow et al.*, 25 Civ. 03268 (JLR), which is subject to the Private Securities Litigation Reform Act's automatic discovery stay. To the extent plaintiff's counsel seeks to use in *Clarke* any expedited discovery received by Mr. Hurlock in this case, that would be an improper circumvention of the automatic stay.

CAHILL GORDON & REINDEL LLP

-3-

or location of the specific funds that plaintiff seeks to freeze. Instead, the first two categories of requests appear to be a fishing expedition to conduct discovery of Third Parties.

The third and fourth categories of requests—which relate to the $LIBRA launch and Meteora program account—are also unreasonable because they are overbroad. Plaintiff seeks any document, communication, contracts, or agreements relevant to $LIBRA, and has also served interrogatories that demand "detailed" narrative responses. These document requests are far too sweeping for an expedited timeline (here, plaintiff has requested production in 10 days). *See Citigroup Inc.* v. *AT&T Inc.*, 2016 WL 8794472, at *1 (S.D.N.Y. 2016) (denying expedited discovery that would be provided during regular discovery and created undue burden); *Irish Lesbian & Gay Org.* v. *Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (denying or narrowing overbroad requests for over ten years' worth of documents). The interrogatories are not only similarly overbroad, but they fly in the face of SDNY Local Civil Rule 33.3, which would prohibit such requests even if served *after* Mr. Chow's motion to dismiss. Plaintiff's demand to depose Mr. Chow is equally improper at this juncture. And of course, all of these requests are directly contrary to the discovery stay into which plaintiff voluntarily entered.

Plaintiff's principal argument for sweeping expedited discovery relates to defendant Hayden Davis's conduct with respect to the "locked wallet," which plaintiff claims may violate the temporary asset restraining order imposed by the Court. (*See* Pl.'s Ltr. at 2-3). But plaintiff fails to carry his burden to establish a "connection between the expedited discovery [that he seeks] and the avoidance of irreparable injury," and he certainly has not, as required, provided "evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted." *TushBaby, Inc.* v. *Jinjang Kangbersi Trade Co., Ltd.*, 2024 WL 4627452, at *10 (S.D.N.Y. 2024). Not only is there no suggestion (because there can be none) that Mr. Chow violated the Court's temporary order, but plaintiff has not even argued (let alone demonstrated) that Mr. Chow is in possession of information that is relevant to Mr. Davis's conduct or the locked account, or that the requests to Mr. Chow would uncover any information that could prevent any type of asset dissipation by Mr. Davis. Indeed, not a single request to Mr. Chow even relates to the locked wallet. *See id.* at *11.

Accordingly, plaintiff's request for expedited discovery should be denied.

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

By:   */s/ Samson A. Enzer*
     Samson A. Enzer
     Edward N. Moss
     Sheila C. Ramesh
     Gregory Mortensen

cc:  All counsel of record (via ECF)         *Counsel for Defendant Benjamin Chow*