**HG**  **HOPPIN GRINSELL**

11 Hanover Square, Ste. 1405
New York, NY 10005
www.hoppingrinsell.com
646.475.3550

Margaret B. Hoppin (Margot)
margot@hoppingrinsell.com
646.475.9549

July 15, 2025

Re:    *Hurlock v. Kelsier Ventures, et al.*, No. 25-cv-03891

Dear Judge Rochon:

On behalf of Plaintiff Omar Hurlock, I write to oppose Defendant Hayden Davis's letter motion (ECF No. 92) to unseal or access the materials filed under seal in this action at ECF Nos. 34, 35, 36, 37, 39, 40, and 41 (the "Sealed Materials"). Those materials should remain sealed, as this Court has already determined. However, if the Court is inclined to consider Defendant Davis's motion in any respect, Plaintiff respectfully requests that (i) Plaintiff be permitted to submit proposed redactions and a supplemental substantive submission *in camera*, and (ii) Defendant Davis be required to serve a copy of his motion on Mr. Treanor.

If the common law presumption of access attaches to a document, the Court must (i) "determine the weight of that presumption" and (ii) "balance competing considerations against [disclosure]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2nd Cir. 2006).[1] The weight of the presumption depends on the role the materials at issue "in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir. 1995) (hereinafter, "*Amodeo II*"). Countervailing factors include the "privacy interest of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (citing *Amodeo II*, 71 F.3d at 1049).

As is evident from the public docket, the Sealed Materials concern Plaintiff's representation in this action. They are "deserving of 'limited weight'" because they have "'little or no discernable relationship to the resolution' of [any] issue the court is being called upon to decide." *Aberdeen City Council v. Bloomberg, L.P.*, 2023 WL 5254757, at *2 (S.D.N.Y. Aug. 16, 2023) (quoting *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020)). As to countervailing factors, the Sealed Materials reveal the content of privileged communications and information "gained during or relating to the representation of [Plaintiff]" within the meaning of Rules of Professional Conduct 1.6 and 1.9. Such information is routinely filed under seal. *E.g.*, *Vick v. Hudson Bay Master Fund Ltd.*, 2024 WL 923417, at *2

---

[1] Although Defendant Davis invokes the First Amendment, he asserts only a common law presumption of access to the Sealed Materials.

(S.D.N.Y. Mar. 4, 2024) (noting that unsealing such materials "may prejudice Plaintiff in this litigation"); *Broidy v. Glob. Risk Advisors LLC*, 2023 WL 5447267, at *2 (S.D.N.Y. Aug. 24, 2023) ("Documents related to counsel's withdrawal are routinely filed under seal when necessary to preserve the attorney-client relationship between a party and its counsel").

  For these reasons, this Court should decline to reconsider its prior determination that the Sealed Materials are appropriately filed under seal and should deny Defendant Davis's letter motion in its entirety.  Alternatively, if the Court is inclined to entertain the request in any respect, Plaintiff respectfully requests that (i) Plaintiff be permitted to submit proposed redactions and a supplemental substantive submission *in camera*, and (ii) Defendant Davis be required to serve a copy of his motion on Mr. Treanor.

       Very truly yours,

       **HOPPIN GRINSELL LLP**

       /s/ Margaret B. Hoppin
By: Margaret B. Hoppin (Margot)
   Partner

**Cc:** All Counsel via ECF