UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK, *on behalf of himself and all others similarly situated*,<br><br>                              Plaintiffs,<br><br>-against-<br><br>KELSIER VENTURES, *et al.*,<br><br>                              Defendants. | Case No. 1:25-cv-03891 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On July 10, 2025, Plaintiff filed a motion "to conduct limited expedited discovery in advance of the hearing on Plaintiff's motion for a temporary restraining order and preliminary injunction." Dkt. 89 at 1. In connection with certain "representations and submissions" made by Defendants Davis and Chow regarding the TRO and in opposition to the TRO/PI motion, *id.*, Plaintiff seeks to serve a total of thirteen interrogatories and seven requests for production on Defendants Chow and Davis, *see id.* at 2, and "to conduct limited depositions on both Defendants," *id.* at 3. Defendants Chow and Davis oppose the request. *See* Dkts. 98, 99. For the reasons that follow, Plaintiff's motion is DENIED.

"Although generally under [Federal] Rule [of Civil Procedure] 26(d)(1), '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),' an exception may be made . . . 'when authorized . . . by court order.'" *Celine S.A. v. Hongkong CSSBUY E-Com. Co., Ltd.*, No. 24-cv-04627 (JHR), 2024 WL 4627666, at *7 (S.D.N.Y. Oct. 30, 2024) (alterations and omissions in original) (quoting *Mirza v. Doe #1*, No. 20-cv-09877 (PGG) (SLC), 2021 WL 4596597, at *5 (S.D.N.Y. Oct. 6, 2021)). While expedited discovery can be appropriate where it "would better enable the court to judge the parties' interests and respective changes for success on the merits at a preliminary injunction

hearing,'" a preliminary-injunction applicant is not afforded "an absolute right to merits discovery." *Russell Reynolds Assocs., Inc. v. Usina*, No. 23-cv-02369 (JHR), 2023 WL 3270344, at *1 (S.D.N.Y. May 5, 2023) (first quoting *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-cv-04242, 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014); and then quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 208 (Bankr. S.D.N.Y. 2018)).

"[T]he Second Circuit has yet to articulate a standard for determining whether to allow expedited discovery . . . ." *Leslie v. Starbucks Corp.*, No. 23-1194, 2024 WL 2186232, at *5 n.8 (2d Cir. May 15, 2024) (summary order) ("We see no need to declare a specific standard and instead apply the general abuse of discretion standard that we already apply to discovery-related decisions."). Although some courts apply a multifactor test that considers the movant's probability of success on the merits and the risk of injury to parties, the more recent trend has been to apply "a more flexible 'good cause' or 'reasonableness' standard." *In re Keurig*, 2014 WL 12959675, at *1 (collecting cases). "This test requires a district court to examine the request 'on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Id.* (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)). Applying this test, the Court does not find that Plaintiff's request is reasonable.

First, Plaintiff has agreed to a stay of discovery in this case, which was thereafter ordered by the Court, and the parties relied on this agreement. *See* Dkt. 10. Second, Plaintiff did not request expedited discovery during the initial TRO conference or in the subsequent conferences before this Court. Indeed, Plaintiff's counsel represented at the latest July 1, 2025 status conference that the TRO/PI hearing would be limited to oral argument on the papers without the presentation of witnesses and never requested discovery, *see* Dkt. 81

2

at 4:22-25, and counsel for Defendant Davis agreed to the current briefing schedule with the understanding that the Court's decision on the TRO/PI motion would be based on the "briefs and affidavits already filed," *id.* at 7:7-15; *see also* Dkt. 62 at 2 ("The parties have represented that the Court may decide the motion for injunctive relief on the papers without the presentation of witnesses."). Likewise, Defendant Chow has already submitted his opposition to the TRO/PI motion against the backdrop of Plaintiff's agreement to stay discovery shortly after this case was filed. *See* Dkts. 10, 53-57. The requested discovery is also unreasonably expansive in scope during an expedited time frame during which Defendants must simultaneously continue to draft their TRO/PI papers and prepare for the upcoming hearing. Plaintiff's request for expedited discovery on largely foreseeable topics comes more than a month after he moved for a TRO/PI and nearly two weeks after the status conference and Defendant Chow's filing. Permitting Plaintiff to pursue relatively extensive and one-sided expedited discovery against Defendants at this juncture would therefore unfairly prejudice Defendants and is unreasonable. For all of these reasons, Plaintiff has not shown good cause to lift the stay or to obtain expedited discovery.

Accordingly, Plaintiff's request for expedited discovery is DENIED. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 89 and 98.

Dated: July 17, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3