

**SBAITI & COMPANY**
A TEXAS PROFESSIONAL LIMITED LIABILITY COMPANY

July 31, 2025

**Via E-File**

Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Hurlock v. Kelsier Ventures, et al*, Case No. 1:25-cv-03891

Dear Judge Rochon:

  This emergency pre-motion letter is respectfully submitted on behalf of Defendant Hayden Davis requesting that the Court vacate the temporary restraining order (which likely became a de facto preliminary injunction), deny the original[1] plaintiff's motion for a preliminary injunction (ECF Nos. 13–15) as withdrawn and moot due to the filing of a superseding amended complaint, and promptly cancel the August 19 hearing.

  It is highly unusual for a party seeking the extraordinary relief of a preliminary injunction to file an amended complaint two days after its preliminary-injunction motion became fully briefed and ripe for decision. It is even more unusual for that amended complaint to add a party, add *seven* new claims (many of which arise from an entirely different transaction or occurrence—the launch of the $M3M3 token), and thereby dramatically alter the nature of the case. *Compare* Class Action Compl. ¶ 1 (asserting that this case "aris[es] from the deceptive, manipulative, and fundamentally unfair launch of the cryptocurrency known as the $LIBRA token"), *with* Am. Class Action Compl. ¶ 1 ("This is a civil RICO action in which coordinated enterprise of digital asset insiders engineered and operated predatory investors in decentralized finance ('DeFI') markets otherwise known as 'internet capital markets' on the Solana blockchain."); *id.* ¶ 10 (alleging that "$M3M3" token "was hyped as a tool for ending 'player-versus-player' trading in DeFi—turning speculation into sustainable growth").

  Thankfully, when it comes to federal litigation, "there is nothing new under the sun."[2] It is blackletter law that an amended complaint supersedes a previously filed complaint—rendering the original complaint a legal nullity; it is now as if the original complaint never existed. *E.g., Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). In other words, an original pleading is abandoned by the amendment. *See Edwards v. McMillen Cap., LLC*, 952 F.3d 32, 35 (2d Cir. 2020) ("[T]he original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original

---

[1] In the Amended Class Action Complaint filed yesterday, a new plaintiff was added to the case: Anuj Mehta. Am. Class Action Compl. ¶ 37, ECF No. 114.

[2] Ecclesiastes 1:19.

pleading cannot be made the subject of appeal."); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("the original pleading is abandoned by the amendment").

Thus, nearly all federal courts that have confronted this highly irregular procedural posture have interpreted the filing of an amended complaint "as a tacit withdrawal of the Motion for Preliminary Injunction" that was based on a previous pleading. *See, e.g.*, *O. L. v. City of El Monte*, No. 22-CV-797, 2020 WL 7264545, at *2 (C.D. Cal. Mar. 20, 2020); *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cnty.*, 796 F. Supp. 2d 900, 910 (M.D. Tenn. 2011) (denying motion for preliminary injunction as moot "because . . . the Third Amended Complaint adds numerous factual allegations, an additional Plaintiff and three new causes of action," such that "any request for injunctive relief should be addressed in the context of the now operative Complaint.").[3] Which makes good sense: after all, the Court needs a complaint containing specific claims and briefing on the same to assess the likelihood of success of those claims.

On occasion, district courts have—on account of "the substantial time and resources expended" on a pending motion for a preliminary injunction—observed that it might be "feasible and appropriate to construe the pending Motions as pertaining to the Amended Complaint." *See Chianne D. v. Weida*, No. 3:23-CV-985, 2024 WL 245804, at *1 (M.D. Fla. Jan. 23, 2024). But such cases (a) are few and far between—representing the exception, not the rule; (b) occur only after a preliminary-injunction hearing with testimony has already occurred; and (c) depend on the allegations in the amended complaint and the supporting exhibits being "very similar" to those in the original complaint upon which the preliminary injunction hearing is based." *Am. Airlines, Inc. v. Spada*, No. 23-CV-21844, 2023 WL 8001220, at *3 (S.D. Fla. Nov. 18, 2023). Moreover, federal courts especially reject this path when the complaint "adds new Plaintiffs," which requires "additional briefing from all parties to address the . . . new Plaintiffs and their impact on class certification and injunctive relief." *See Chianne D.*, 2024 WL 245804, at *1.

There is no good reason to countenance (now) Plaintiffs' (plural) latest[4] gambit by going forward with the preliminary-injunction hearing or construing the previously filed motion for a preliminary injunction as pertaining to the Amended Class Action Complaint. *First*, the hearing has not yet occurred and may (and should) be promptly canceled to conserve the parties' and judicial resources.

---

[3] *See also, e.g.*, *H.E. v. Horton*, No. 15-cv-3792, 2016 WL 2744827, at *2 (N.D. Ga. May 10, 2016) (denying preliminary injunction motion as moot where the plaintiff sought leave to amend to add further allegations) *Raja v. Englewood Cmty. Hosp., Inc.*, No. 12-cv-2083, 2013 WL 12157136, at *2 (M.D. Fla. Apr. 9, 2013) (same).

[4] Since the July 1 hearing where the Court set an agreed briefing schedule with input from the appearing parties, Plaintiffs have ducked and dodged a ruling on the merits of their original preliminary-injunction motion by: (1) seeking expedited discovery despite leaving the Court and the parties with the impression their PI motion would stand or fall on the evidence previously submitted with their motion (*see* ECF No. 98); (2) failing to timely respond to Defendant Davis's *invited* Rule 12(b)(2) motion, suggesting instead the motion would be mooted by the filing of an amended complaint (*see* ECF No. 109); and (3) attaching numerous pieces of new evidence to a reply in support of their now-impliedly-abandoned TRO and PI motion (*see* ECF No. 117). The filing of an entirely new amended complaint that borrows heavily from allegations in a related case with the same plaintiffs' attorneys (*Clarke v. Chow*, No. 1:25-cv-3268) appears to be the latest in a series of maneuvers that all run contrary to Rule 1's admonition that the Federal Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

*Second*, the allegations in the amended complaint bear almost no resemblance to those in the original complaint—let alone are "very similar." *Cf. Am. Airlines*, 2023 WL 8001220, at *3. As the attached redlines indicate, there are virtually no similarities between the allegations in the original complaint and the amended complaint. On the contrary, the amended complaint bears more similarity to the complaint in the *Clarke v. Chow* case, No. 1:25-cv-3268. The amended complaint adds seven new claims (tripling the claims at issue)—leaving the Court to guess at, which claims should Plaintiffs be required to establish a likelihood of success for? *Third*, the complaint adds a new plaintiff and an entirely new meme coin, M3M3. *See Chianne D.*, 2024 WL 245804, at *1. Thus, Plaintiffs have abandoned the preliminary-injunction motion underlying the original TRO and the extended TRO / de facto preliminary injunction. Without proper briefing or a reasoned decision, the current and now-extended TRO cannot stand.

For the reasons explained in Davis's Memorandum of Law (ECF No. 102), Plaintiffs' motion for a preliminary injunction should be denied anyway. If anything, the various new claims seeking damages and now treble damages in the amended complaint only serve to further underscore that this is really a damages case for alleged economic losses. The cursory requests contained therein for equitable relief are merely foam on the beer. Thus, Plaintiffs' case remains squarely within *Grupo Mexicano*'s prohibition of a prejudgment freeze injunction absent compliance with Rule 64 and attachment remedies under the applicable state law (which has not been meaningfully attempted or satisfied).

Therefore, the Court should deny the preliminary-injunction motion as mooted by the filing of the amended complaint, cancel the August 19 hearing, and have the case proceed on an orderly (not an expedited) schedule with responses to the complaint due 60 days after the filing of the amended complaint. Given the various machinations in the past 30 days, a status conference may be warranted to set an orderly path forward.

*Signature on next page*

Respectfully submitted on July 31, 2025.

                                                    */s/ George M. Padis*

**SBAITI & COMPANY PLLC**
**Mazin A. Sbaiti, Esq.**
New York Bar No. 4339057C
**George M. Padis (Admitted *Pro Hac Vice*)**
Texas Bar No. 24088173
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
george.padis@sbaitilaw.com

**M. CRIS ARMENTA, P.C.**
M. Cris Armenta
*Pro Hac Vice forthcoming*
 cris@crisarmenta.com
217 Clancy Way
Bozeman, MT 59718
T:: (310) 488-2080
F: (310) 421-1021
E: cris@crisarmenta.com

***COUNSEL FOR HAYDEN DAVIS***

cc:  All Counsel via ECF