

July 31, 2025

**Via E-File**

Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Hurlock v. Kelsier Ventures, et al*, Case No. 1:25-cv-03891

Dear Judge Rochon:

      This pre-motion letter is respectfully submitted on behalf of Defendant Hayden Davis requesting that the Court strike from the record or otherwise decline to consider the voluminous new evidentiary materials—comprised of a declaration containing previously undisclosed expert testimony, an attorney declaration, and 38 exhibits (ECF Nos. 111 and 112)—submitted on behalf of Plaintiff Omar Hurlock for the first time with his reply in support of his motion for a preliminary injunction (ECF No. 15). Plaintiff did not obtain leave from the Court to submit new evidence, nor did he confer with Davis before filing this new evidence on the docket. Davis further requests that the Court strike those portions of Plaintiff's reply that rely on those declarations and exhibits.

      An important component of Davis's Memorandum of Law in Opposition to Motion for Preliminary Injunction, ECF No. 102, was Davis's argument that Plaintiff's preliminary-injunction motion lacked competent evidence to establish a likelihood of success on the merits or irreparable harm. And in setting the agreed briefing schedule, another important consideration underlying Davis's agreement was the undersigned counsel's understanding that Hurlock was "resting on briefs and affidavits already filed." Tr. 7:7–9; *see also id.* at 22:18–24:25 (agreeing to July 14 to file an opposition brief on an expedited basis as "there's not going to be new evidence added to the universe of evidence" noting that locating an expert may otherwise be necessary to rebut Hurlock's expert's testimony). Now, it appears that Hurlock—apparently acknowledging that he provided insufficient evidence to support his motion for an injunction in his moving papers—has, on reply, submitted new evidence to rebut Davis's argument that there is no evidence to support injunctive relief. Plaintiff is estopped from doing so.

      As another federal court in similar circumstances observed, Hurlock's latest gambit "turns the entire briefing process on its head." *Paz Sys., Inc. v. Dakota Grp. Corp.*, No. 05-CV-4763, 2006 WL 8430241, at *3 (E.D.N.Y. June 16, 2006). Replies "allow the movant to properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Id.* (cleaned up). "The document is to contain argument, not new supporting materials." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991). "When a movant finds it necessary to add new evidentiary support for relief it requests, it should first confer with the nonmovant" and then move for leave, which allows the nonmovant an opportunity to oppose the granting of leave. *Id.*

Letter to Judge Rochon
July 31, 2025
Page 2

"A reply brief should not, however, be used to cure a defective motion by providing new evidence." *Paz Sys.*, 2006 WL 8430241, at *3 (citing *Spring Indus.*, 137 F.R.D. at 240). After all, it "'cannot be seriously disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks.'" *Id.* at *4 (quoting *Spring Indus.*, 137 F.R.D. at 239). "Where a plaintiff has had ample opportunity to present evidence in its initial motion and did not do so, the court may decline to address that evidence." *Id.*

There is no doubt that all of the evidence submitted appears to have been already in the possession of or available to Hurlock, and therefore could have been included in his moving papers back in May. For instance, the lion's share of Hurlock's latest expert declaration analyzes transactions from February 2025. Decl. of Justin Ehrenhofer ¶ 2, ECF No. 112 ("I have been retained . . . to provide an analysis of certain blockchain activity following the February 14, 2025, launch of the $LIBRA token."); *id.* ¶¶ 15–44, 50, 55–58.[1] And the 14 exhibits attached to the attorney declaration appear to be largely comprised of tweets from February 2025, publicly available corporate records, archived webpages, and a statement from October 2024. *See generally* Decl. of Margaret B. Hoppin, ECF No. 111. In other words, nothing new. Indeed, neither declaration (nor the reply itself) contains a suggestion that the expert testimony and the evidence filed "was unavailable at the time the motion was filed." *See Paz Sys*, 2006 WL 8430241, at *4. Hurlock previously had this evidence in his possession "and simply chose not to use it to support its motion for the extraordinary relief of a preliminary injunction" as in *Paz Systems* "for tactical reasons alone." *See id.* Moreover, the "the relief sought is not dispositive." *See id.*

And "this situation is of plaintiff's own making": as noted above, Hurlock through counsel chose (a) to file a motion without adequate evidentiary support, (b) to agree at the July 1 hearing to a schedule that forwent an evidentiary hearing and rested on the existing pleading, and (c) therefore to "ask[] the court to rely upon the submitted materials" in crafting a decision on plaintiff's motion for a preliminary injunction. *See id.*

Thus, as in *Paz Systems*, the Court should strike the expert and attorney declarations from the record (as well as the 38 exhibits attached thereto), strike those portions of Hurlock's reply that rely on that evidence, and rule on Hurlock's motion for a preliminary injunction based on the evidence submitted with the motion.

---

[1] To the extent Ehrenhofer's latest declaration contains new information, it *supports Davis's* no-dissipation argument and undermines Hurlock's irreparable-harm argument. *See, e.g.*, Decl. Ehrenhofer ¶ 37 ("There have been no incoming or outgoing SOL transactions greater than 0.1 SOL since February 15, 2025." (footnote omitted)).

Letter to Judge Rochon
July 31, 2025
Page 3

Respectfully submitted on July 31, 2025.

/s/ George M. Padis
**SBAITI & COMPANY PLLC**
**Mazin A. Sbaiti, Esq.**
New York Bar No. 4339057C
**George M. Padis (Admitted *Pro Hac Vice*)**
Texas Bar No. 24088173
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
george.padis@sbaitilaw.com

**M. CRIS ARMENTA, P.C.**
M. Cris Armenta
*Pro Hac Vice forthcoming*
 cris@crisarmenta.com
217 Clancy Way
Bozeman, MT 59718
T:: (310) 488-2080
F: (310) 421-1021
E: cris@crisarmenta.com

***COUNSEL FOR HAYDEN DAVIS***

cc:  All Counsel via ECF

Request DENIED.  The Court will not strike Plaintiff's new evidentiary materials and "will consider any exhibits relevant to the arguments properly contained in the Reply."  *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 376 (S.D.N.Y. 2019); *see also Bayway Refining Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) (affirming district court's decision to rely, in its discretion, on new evidence submitted with reply submissions because "reply papers may properly address new material issues raised in the opposition papers").  If Defendants would like to submit additional evidence in light of Plaintiff's new submissions, they may do so no later than **August 8, 2025**.

Dated:  August 1, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**