UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KELSIER LABS, LLC d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,<br><br>Defendants. | Case No. 1:25-cv-03891 (JLR)<br><br>Leave to File Granted on 8/22/2025<br>ECF Docket #145 |

**DYNAMICS LABS LIMITED'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER GRANTING ALTERNATIVE SERVICE AND AN EXTENSION OF TIME TO SERVE DEFENDANT METEORA**

# TABLE OF CONTENTS

                                                                                                                         **Page**

I.    PRELIMINARY STATEMENT .................................................................................... 1

II.    BACKGROUND ........................................................................................................... 2

III.    ARGUMENT ................................................................................................................ 5

IV.    CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basic v. BProtocol Found.*,
   No. 1:23-cv-533-RP (W.D. Tex. Jan. 5, 2024) ............................................................................9

*CFTC v. Ooki DAO*,
   2022 WL 17822445 (N.D. Cal. Dec. 20, 2022) ................................................................5, 8, 9

*Houghton v. Leshner*,
   2024 WL 5154071 (N.D. Cal. Nov. 24, 2024) .................................................................5, 8, 9

*Samuels v. Lido DAO*,
   2024 WL 4231598 (N.D. Cal. June 27, 2024) .................................................................5, 8, 9

**Statutes**

New York General Business Law § 349 ........................................................................................2, 4

New York General Business Law § 350 ........................................................................................2, 4

RICO §§ 1962(c) and 1962(d) ...........................................................................................................4

**Rule**

Federal Rule of Civil Procedure 4(m) ................................................................................................4

Dynamic Labs Limited ("Dynamic Labs") respectfully submits this Opposition to Plaintiffs' "Motion for an Order Granting[] Alternative Service and an Extension of Time to Serve Defendant Meteora" (ECF No. 128) ("Motion" or "Mot."). For the reasons set forth herein, the Motion should be denied without prejudice, to be renewed if the Court denies Dynamic Labs' forthcoming motion to dismiss the Amended Class Action Complaint (ECF No. 115) ("Amended Complaint" or "Am. Compl.").

## PRELIMINARY STATEMENT

Before the Court can enter an order granting leave to serve Meteora by alternative means, at least two threshold issues must be resolved: First, is Meteora a legal entity with the capacity to be sued? Second, if so, what type of legal entity is it? Only after those issues are resolved can the Court determine whether Plaintiffs should be allowed to serve Meteora by alternative means and, if so, what manner of service would provide adequate notice to Meteora. Those issues go to the heart of the merits of this action and should not be resolved through a procedural motion such as the Motion before the Court.

Because Meteora is software and lacks the capacity to sue or be sued, Dynamic Labs—the company that created Meteora and an alleged member of Meteora—will, on September 29, 2025, move to intervene in this action and file a motion to dismiss the Amended Complaint on the grounds, among others, that Meteora is not a legal entity and that even if it were, as Plaintiffs allege, an unincorporated association, the claims against it fail as a matter of law. These threshold merits issues are more appropriately and efficiently resolved through a motion to dismiss filed by the real party in interest at the same time that the served Defendants file their motions to dismiss. If the Court grants Dynamic Labs' motion to dismiss, it need never consider the Motion. If the Court denies Dynamic Labs' motion to dismiss, the Court's decision will clarify what type of legal

1

entity Meteora is and thus inform what manner of service would provide adequate notice to Meteora.

Plaintiffs will not be prejudiced by the denial of the Motion without prejudice because they can renew the Motion at an appropriate time if the Court denies Dynamic Labs' motion to dismiss. Unless and until that happens, Dynamic Labs will efficiently advance this action by presenting arguments why Meteora is not a legal entity and why the claims asserted against it as an unincorporated association fail as a matter of law at the same time as the served Defendants. To promote judicial efficiency, Dynamic Labs also will present at the same time arguments why the Amended Complaint does not state a claim against Meteora. Because discovery is stayed pending a decision on any motions to dismiss, Plaintiffs will not be prejudiced by their inability to obtain discovery from Meteora in light of its absence.

For the foregoing reasons and those that follow, the Motion should be denied without prejudice, to be renewed if the Court denies Dynamic Labs' motion to dismiss the Amended Complaint.

## BACKGROUND

Plaintiff Omar Hurlock commenced this action on March 17, 2025, by filing a complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York. (Notice of Removal, Exhibit ("Ex.") A (ECF No. 1-1).) The Complaint named as defendants Kelsier Ventures, Kip Protocol, Hayden Mark Davis, Gideon Davis, Meteora, Charles Thomas Davis, Julian Peh, and Benjamin Chow and asserted against them claims for violations of New York General Business Law §§ 349 and 350, negligent misrepresentation, and unjust enrichment. (*Id.*) The Complaint alleged that Meteora "is a decentralized finance ('DeFi') platform operating on the Solana blockchain" and that its "core management team" included "its co-founder and former

2

Chief Executive Officer, Benjamin Chow." (*Id.* ¶ 21.) On May 9, 2025, Mr. Chow removed this action to the United States District Court for the Southern District of New York. (Notice of Removal (ECF. No. 1)).

On May 12, 2025, Margot Hoppin (counsel for Plaintiffs) spoke with Sheila Ramesh (counsel for Mr. Chow) and Meghan Spillane (counsel for Dynamic Labs) by phone. (Spillane TRO Decl. ¶ 5; Spillane Decl. ¶ 5.)[1] During the phone call, Ms. Spillane "explained the relationship between [Dynamic Labs] (a legal entity) and Meteora (the decentralized set of smart contracts deployed on the Solana blockchain), and suggested that Meteora had been improperly named as a Defendant." (Spillane TRO Decl. ¶ 5; *see also* Spillane Decl. ¶ 5.) The following day, Ms. Spillane memorialized her discussion with Ms. Hoppin in writing as follows:

> As discussed by phone yesterday, we represent Dynamic Labs Limited, which is the company that developed the underlying source code and smart contracts for the Meteora decentralized peer-to-peer protocol. Dynamic Labs deployed the smart contracts for Meteora on the Solana blockchain for users to utilize in accordance with the Terms of Service. Users may call the functions of the smart contracts for Meteora directly or access them via tools provided by Dynamic Labs.

(Spillane TRO Decl. ¶ 6.) Ms. Spillane emailed Ms. Hoppin again on May 22, 2025, and offered to further discuss the relationship between Dynamic Labs and Meteora. (Spillane TRO Decl. ¶ 7; *see also* Spillane Decl. ¶ 6.) On June 20, 2025, after having filed an *ex parte* Motion for a Temporary Restraining Order and Preliminary Injunction, Ms. Hoppin responded to Ms. Spillane and suggested that "a discussion about the relationship between Dynamic Labs and Meteora would be useful." (Spillane TRO Decl. ¶ 9; *see also* Spillane Decl. ¶ 7.) After Ms. Hoppin and Ms. Spillane exchanged further emails regarding scheduling a call, Ms. Spillane emailed Ms. Hoppin

---

[1] The "Spillane TRO Decl." refers to the Declaration of Meghan K. Spillane submitted in connection with Defendant Benjamin Chow's Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 57). The "Spillane Decl." refers to the Declaration of Meghan K. Spillane submitted in connection with Dynamic Labs' Motion for Leave for a Limited Appearance.

3

and her co-counsel Max Burwick on July 7, 2025, and offered to speak with them on July 10, 2025. (Spillane Decl. ¶ 8.) Ms. Hoppin never responded. (*Id.*)

On July 30, 2025, Plaintiffs filed the Amended Complaint. (*See* Am. Compl.) The Amended Complaint removes Kip Protocol and Julian Peh as Defendants and asserts against the remaining Defendants claims for fraud, conspiracy to defraud, violations of RICO §§ 1962(c) and 1962(d), New York General Business Law §§ 349 and 350, and unjust enrichment. (*Id.*) Plaintiffs allege for the first time in the Amended Complaint that "Meteora is an unincorporated association" whose members "include, but are not limited to," Mr. Chow, and non-parties Ming Yeow, Zhen Hoe Yong, Siong Ong, Raccoon Labs Pte. Ltd. ("Raccoon Labs"), Block Racoon S.A. ("Block Raccoon"), Dynamic Labs, and Dynamic Labs, Inc. (*Id.* ¶ 39.) Nowhere does the Amended Complaint allege that Meteora is a partnership.

On August 7, 2025—the last day to serve Meteora under Rule 4(m)—Plaintiffs filed the Motion. (ECF No. 128-31.) Plaintiffs argue for the first time in the Motion that Meteora is a "partnership." (Mem. 5.)[2] Plaintiffs assert that "Meteora's status and appropriate legal classification are disputed at this early stage in the litigation" and, on that basis, ask the Court to direct service to be made on Meteora in five different ways, *i.e.*, by "(i) serving Defendant Chow, by emailing his counsel in this action; (ii) serving non-party Dynamic Labs . . . by emailing its counsel; (iii) serving non-party [Mr.] Hoe Yong, by emailing Defendant Chow's counsel at Cahill; (iv) publishing downloadable copies of the [Amended Complaint], the Summons issued to Meteora, and the Court's Order authorizing alternative service on a dedicated website . . . ; and (v) directing Defendant Chow and Mr. Hoe Yong to publish a post (the 'Service Post') with a

---

[2] "Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion for Alternative Service and an Extension of Time to Serve Defendant Meteora (ECF No. 129).

4

prominently displayed link to the Service Site, on the 'Governance Site' maintained by Defendant Meteora, located at: https://proposals.meteora.ag, and to ensure that the Service Post is 'pinned' to the top of the 'general discussion' page on the Governance Site for sixty (60) days." (Mem. 1-2.)

## **ARGUMENT**

Plaintiffs' Motion puts the cart before the horse. Plaintiffs concede that "Meteora's status and appropriate legal classification are disputed at this early stage in the litigation," but argue that this Court should effectively resolve those issues now in the context of a procedural motion by allowing Plaintiffs to serve Meteora similarly to the way "the unincorporated, blockchain-based defendants at issue in *Ooki DAO*, *Houghton*, and *Samuels*" were served. (Mem. 13, 14, 18.) The Court should keep the horse before the cart by denying Plaintiffs' Motion without prejudice, to be renewed if the Court denies Dynamic Labs' forthcoming motion to dismiss. Doing so will allow Dynamic Labs—the company that developed Meteora—to fully brief in the context of a dispositive motion the threshold issues of whether Meteora is a legal entity with the capacity to be sued and, if so, what type of legal entity it is.

Plaintiffs argue that "the Meteora Defendants," *i.e.*, Mr. Chow and Meteora, "have intentionally obscured Meteora's organizational structure and the identity of the people and entities that control it." (Mem. 6.) Not so. Plaintiffs are the ones who are "intentionally obscur[ing]" Meteora's legal status. Dynamic Labs has consistently maintained that it developed Meteora, deployed Meteora on the Solana blockchain, and now provides tools to users to interact with Meteora. As Plaintiffs acknowledge in the Motion, "the 'Disclaimer' page on the Meteora website" (Mem. 8) explains that "[a]lthough Dynamic Labs Inc. developed much of the initial code for Meteora, it does not provide, own or control Meteora, which is run by smart contracts deployed

5

on the Solana blockchain" (Hoppin Decl. Ex. L).[3]  Plaintiffs also acknowledge in the Motion (Mem. 7-8) that the Terms of Service published on the Meteora website say the same thing: "[Dynamic Labs'] sole role is the deployment of [Meteora] . . . . There is no further control by or interaction with [Dynamic Labs] which . . . solely functions as a provider of technical tools for users."[4]  This is exactly what counsel for Dynamic Labs told Plaintiffs' counsel the first time they communicated:

> As discussed by phone yesterday, we represent Dynamic Labs Limited, which is the company that developed the underlying source code and smart contracts for the Meteora decentralized peer-to-peer protocol. Dynamic Labs deployed the smart contracts for Meteora on the Solana blockchain for users to utilize in accordance with the Terms of Service. Users may call the functions of the smart contracts for Meteora directly or access them via tools provided by Dynamic Labs.

(Spillane TRO Decl. ¶¶ 5-6.)  Plaintiffs' counsel has never accepted the invitation to discuss further the relationship between Dynamic Labs and Meteora  (Spillane Decl. ¶¶ 5-8).

As Dynamic Labs will explain in its motion to intervene, it is the entity that is in the best position to present arguments regarding the legal status of Meteora.  Plaintiffs allege that Dynamic Labs is a member of an "unincorporated association" called Meteora (Am. Compl. ¶ 39) and argue that it is a "general partner[]" of Meteora (Mem. 5).  As the creator of Meteora and an alleged member of an unincorporated association called Meteora or general partner of a partnership called Meteora, Dynamic Labs is the proper entity to assert arguments that Meteora is not a legal entity because Meteora—which is not a legal entity—cannot itself present those arguments.

---

[3] "Hoppin Decl." refers to the Declaration of Margaret B. Hoppin (ECF No. 130).  "Ex. L" refers to the document appended to this declaration as Exhibit L (ECF No. 130-12).  The Disclaimer contains a typo:  "Dynamic Labs Inc." should be "Dynamic Labs Limited."  (Spillane Decl. ¶ 11.)  Dynamic Labs, Inc. has no affiliation with Dynamic Labs.  (*Id.*)
[4] Terms of Service, https://docs.meteora.ag/legal/terms-of-service; *see* Stake2Earn Terms of Service, https://docs.meteora.ag/legal/stake2earn-terms-of-service.

The best way to address Meteora's legal status is in a motion to dismiss the claims against Meteora filed by Dynamic Labs at the same time the served Defendants move to dismiss the claims against them. The threshold issues of whether Meteora is a legal entity with the capacity to be sued and, if so, what type of legal entity it is go to the heart of the merits in this action and should be addressed in a dispositive motion. If Meteora is not a legal entity with the capacity to be sued, then the claims against it should be dismissed. If Meteora is an unincorporated association, then, as explained in Mr. Chow's Sur-Reply in Opposition to Plaintiff Omar Hurlock's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 132) ("TRO Sur-Reply"), the claims against it fail as a matter of law. (TRO Sur-Reply 11.) Those merits arguments should be considered in the context of a motion to dismiss and not a procedural motion such as Plaintiffs' Motion.

Addressing Meteora's legal status in a motion to dismiss the claims against Meteora filed at the same time that the served Defendants file their motions to dismiss the claims against them will promote judicial efficiency and advance this litigation. Dynamic Labs will be able to assert at that time any other arguments why the claims against Meteora should be dismissed, including that the Amended Complaint fails to state a claim against Meteora. And because those arguments will be made at the same the served Defendants present their dismissal arguments, this action will proceed more quickly and efficiently. Were the Court to direct that service be made in accordance with Plaintiffs' Proposed Order (ECF No. 131), service would not be complete until long after the served Defendants filed their motions to dismiss because those motions to dismiss are due on September 29, 2025 (*see* ECF No. 127), and the Proposed Order requires that the "Service Post"

be published on the "Governance Site for at least 60 days" (Proposed Order ¶ 3(e)).[5] The Court would then need to consider serial motions to dismiss filed on different schedules.

Plaintiffs will suffer no prejudice if the Motion is denied without prejudice because it will have—literally—been denied without prejudice. Plaintiffs will be able to renew the Motion at an appropriate time if the Court denies Dynamic Labs' motion to dismiss. Unless and until that time arrives, the real party in interest—Dynamic Labs—will present arguments as to why Meteora is not a legal entity, why the claims asserted against Meteora cannot be asserted against an unincorporated association, and why the Amended Complaint does not state a claim against it on the same schedule as the served Defendants. Because discovery is stayed through decisions on the served Defendants' motions to dismiss, there are no other proceedings that require Meteora to be part of this case until the Court decides Dynamic Labs' and the served Defendants' motions to dismiss.

The four cases cited by Plaintiffs authorizing alternative service on "decentralized autonomous organizations" or "DAOs" governed by token holders are inapposite. *See Houghton v. Leshner*, 2024 WL 5154071, at *1, *8 (N.D. Cal. Nov. 24, 2024); *CFTC v. Ooki DAO*, 2022 WL 17822445, at *6 (N.D. Cal. Dec. 20, 2022); *Samuels v. Lido DAO*, 2024 WL 4231598, at *1 (N.D.

---

[5] In any event, the Court should not require the Service Post to be published on the Governance Site because the other four methods of service would suffice to notify all of the identified purported members of Meteora. Service on Mr. Chow's counsel would provide notice to Mr. Chow and to Mr. Yong. Because Mr. Yong is a director and the sole shareholder of Raccoon Labs, notice also would be provided to Raccoon Labs. (Am. Compl. ¶¶ 47, 49.) Service on Dynamic Labs' counsel would provide notice to it as well as to Dynamic Labs' two directors—Mr. Yeow and Mr. Ong. (Am. Compl. ¶¶ 46, 48, 52.) Block Raccoon is not alleged to have had any role in Meteora (*see* Am. Compl. ¶ 50), but as Mr. Yeow and Mr. Ong are directors of Block Raccoon, service on Dynamic Labs' counsel also would provide notice to Block Raccoon. If Plaintiffs need to serve Dynamic Labs, Inc.—a registered Delaware company—they can serve its registered agent. As explained below, Plaintiffs' reliance on cases allowing service to be made on a DAO by posting to the DAO's public forum are inapposite because Plaintiffs concede that Meteora is not a DAO. (*See infra* at 9; *see* Mem. 4.)

8

Cal. June 27, 2024); *Basic v. BProtocol Found.*, No. 1:23-cv-533-RP (W.D. Tex. Jan. 5, 2024) (ECF No. 50). In all of those cases, the plaintiffs alleged the existence of a DAO composed of token holders who collectively controlled the DAO. Here, there is no Meteora token nor a Meteora DAO. As Plaintiffs explain in their Motion, no one has issued a "proposed protocol token . . . or transferred governance authority to an associated decentralized autonomous organization ('DAO')." (Mem. 4.) Indeed, in *Lido DAO*, the court held that service on AH Capital Management was not proper for effectuating service on Lido DAO because "the issue of whether Lido DAO is a general partnership and whether AH Capital Management is a general partner are merits questions that have yet to be adjudicated." *Lido DAO*, 2024 WL 4231598, at *1. The court authorized service on Lido DAO by alternative means only because it allegedly was a DAO—which Meteora is not. *Id. Houghton* also is distinguishable because the court in that case ordered alternative service "in light of the intentionally opaque nature of the DAO's organization." *Houghton*, 2024 WL 5154071, at *1. Here, there is no DAO, and there is nothing opaque about the nature of Meteora; as disclosed on the Meteora website and explained to Plaintiffs, Meteora is software created by Dynamic Labs. (*See supra* at 5-6.) *Ooki DAO* also is distinguishable because, in that case, the DAO was the only defendant, and service was therefore required for the case to proceed at all. *Ooki DAO*, 2022 WL 17822445, at *1. In *BProtocol Foundation*, no one even opposed the motion for alternative service. Order Granting Plaintiffs' Expedited *Ex Parte* Motion for Alternative Service on Defendant Bancor DAO at 1, *Basic v. BProtocol Foundation*, No. 1:23-cv-533-RP (W.D. Tex. Jan. 5, 2024) (ECF No. 50). Thus, these courts' approval of methods for alternative service on DAOs should have no bearing here.

## CONCLUSION

Dynamic Labs respectfully requests that the Court deny Plaintiffs' Motion without prejudice, to be renewed if the Court denies Dynamic Labs' forthcoming motion to dismiss the Amended Complaint.

Date:  August 22, 2025
       New York, NY

Respectfully submitted,

**GOODWIN PROCTER LLP**

By:  /s/ *Meghan K. Spillane*
     Meghan K. Spillane
     Charles A. Brown
     The New York Times Building
     620 Eighth Avenue
     New York, New York 10018
     Telephone: (212) 813-8800
     mspillane@goodwinlaw.com
     cbrown@goodwinlaw.com

*Attorneys for Dynamic Labs Limited*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Paragraph 3.C of the Individual Rules of Practice in Civil Cases of Judge Jennifer L. Rochon, counsel for Dynamic Labs Limited has complied with all of the formatting rules contained therein. The total number of words contained in this brief—exclusive of the cover page, certificate of compliance, table of contents, and table of authorities—is 3,437 words.

Date:   August 22, 2025                         **GOODWIN PROCTER LLP**

By:     /s/ *Meghan K. Spillane*
        Meghan K. Spillane
        Charles A. Brown
        The New York Times Building
        620 Eighth Avenue
        New York, New York 10018
        Telephone: (212) 813-8800
        mspillane@goodwinlaw.com
        cbrown@goodwinlaw.com

*Attorneys for Dynamic Labs Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ *Meghan K. Spillane*