**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KELSIER LABS, LLC d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,<br><br>Defendants. | **Case No.: 1:25-cv-03891-JLR**<br><br>Hon. Jennifer L. Rochon |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 52(b)**

1

I.  **INTRODUCTION**

Plaintiffs move under Federal Rule of Civil Procedure 52(b) for amended and additional findings limited to the element on which the Court denied preliminary relief, irreparable harm. This is a Rule 52(b) motion only. Plaintiffs do not seek revision under Rule 54(b) and do not seek any injunction under Rule 65. The purpose is to correct and clarify the findings so the order accurately reflects the record and permits meaningful appellate review. The paper record identified a specifically traced and static res tied to the LIBRA launch, anonymous controllers, and appearing defendants' disclaimers of possession, custody, or control. The clarifications requested below are confined to those points.

Within the next filing cycle, Plaintiffs will submit a separate motion under Rule 54(b) and Rule 65 seeking a narrow, address-specific preservation injunction (inbound permitted; outbound and authority-changes temporarily restrained) predicated on the supplemental findings requested here. That motion will attach a proposed order and implement Rule 65(d)(2) notice to persons in active concert with the parties. Plaintiffs request that the Court consider the motions together or in sequence, as the Court prefers, with any opposition/reply dates keyed to the sealing order described below so that the record the Court permits at the PI stage is before the Court.

II.  **PROCEDURAL POSTURE**

Rule 52(a)(2) requires a court that grants or denies a preliminary injunction to "state the findings and conclusions that support its action." Rule 52(b) authorizes a party to seek amended or additional findings and to have the order amended accordingly. Courts use Rule 52(b) to correct clear error, to prevent manifest injustice, and to ensure that the grounds of decision are sufficiently explicit for appellate review. See Fed. R. Civ. P. 52(a)(2), 52(b). A timely Rule 52(b) motion tolls the time to appeal. See Fed. R. App. P. 4(a)(4)(A)(ii).

This Rule 52(b) motion (and, in the alternative, Rule 59(e)) is filed within 28 days of the August 19, 2025 order and therefore tolls the time to appeal. See FRAP 4(a)(4)(A)(ii), (iv); FRCP 6(b)(2) (no extension of the 28-day deadline).

### III.     LEGAL STANDARD

Rule 52(a)(2) requires a court that grants or denies a preliminary injunction to "state the findings and conclusions that support its action." Rule 52(b) authorizes a party to seek amended or additional findings and to have the order amended accordingly. Courts use Rule 52(b) to correct clear error, to prevent manifest injustice, and to ensure that the grounds of decision are sufficiently explicit for appellate review. See Fed. R. Civ. P. 52(a)(2), 52(b). A timely Rule 52(b) motion tolls the time to appeal. See Fed. R. App. P. 4(a)(4)(A)(ii).

The Supreme Court distinguishes between preserving a specific, identifiable res to keep equitable remedies available and freezing a litigant's general assets to secure a money judgment. Preservation of a traced fund is permissible; a general-asset freeze is not. See *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289–91 (1940); *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319–33 (1999). Equitable restitution exists only as to specific funds or property that remain specifically identifiable; once dissipated or commingled, a constructive trust or equitable lien fails. See *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213–14 (2002); *Montanile v. Board of Trustees*, 577 U.S. 136, 145–50 (2016).

On appeal, denial of a preliminary injunction is reviewed for abuse of discretion, with legal conclusions reviewed de novo and factual findings for clear error. Rule 52(b) clarifications ensure the record permits that review without enlarging the merits or the scope of relief.

IV. **ARGUMENT**

   A. **The irreparable-harm inquiry here turns on the equitable res lens.**

For claims seeking equitable restitution in kind, the question is not whether money damages could later be calculated. The question is whether the same, specifically identifiable fund will remain available at judgment. Under *Great-West* and *Montanile*, the loss of that fund eliminates the equitable remedy itself. See *Great-West Life & Annuity Ins. Co.* 534 U.S at 213–14; *Montanile v. Bd. of Trs.* 577 U.S. at 145–50. That loss is irreparable even if damages might be quantifiable in a later proceeding. This is the legally correct lens for the Court's irreparable-harm analysis.

   B. **The existing paper record establishes a defined, static, traced res and a concrete dissipation risk.**

The record identifies approximately 110 to 111 million dollars in digital assets parked in five addresses created minutes before the LIBRA launch, with LIBRA-only flows and no post-event movement. The controllers of those addresses are anonymous, and appearing defendants have disclaimed possession, custody, or control. On a blockchain, a single outbound transfer, swap, or bridge can occur in minutes and commingle the balances. Once that happens, the equitable res is no longer specifically identifiable in the sense *Great-West* and *Montanile* require. See *Great-West Life & Annuity Ins. Co.* 534 U.S at 213–14; *Montanile v. Bd. of Trs.* 577 U.S. at 145–50. The result is the extinction of the equitable remedy itself. These are the facts the proposed findings would capture.

   C. **Clarifying findings will align the order with the controlling law and facilitate appellate review.**

The prior denial emphasized the absence of recent movement and the theoretical adequacy of damages. Under the equitable-res framework, prior stasis does not reduce the risk that a single outbound will defeat equitable relief. Clarifying findings focused on the traced res, anonymous controllers, and the mechanics and speed of dissipation will align the order with *Deckert*, *Grupo Mexicano*, *Great-West*, and *Montanile*, and will provide a clean predicate for appellate review, without reaching the merits or the public interest. See *Deckert* 311 U.S at 289–91; *Grupo Mexicano de Desarrollo, S.A.* 527 U.S. 308 at 319–33 *Great-West Life & Annuity Ins. Co.* 534 U.S at 213–14; *Montanile v. Bd. of Trs.* 577 U.S. at 145–50.

### D. This motion has a limited scope.

This motion seeks only amended and additional findings on irreparable harm and, as necessary, corresponding conclusions of law. It does not ask the Court to enter or modify any injunction and does not seek any relief under Rule 54(b) or Rule 65. The proposed findings are drawn from the same paper record the Court recognized it could consider at the preliminary-injunction stage.

## V. Proposed Findings

### A. Proposed Findings of Fact

1. The record identifies approximately 110 to 111 million dollars in digital assets (the "Target Wallets") held at five addresses created minutes before the LIBRA launch, with LIBRA-only inflows and no transfers since the event. These balances are the direct proceeds of the LIBRA one-sided launch mechanics and are not a commingled treasury.

2. The controllers of the Target Wallets are presently anonymous and have not been affirmed to be any appearing defendant. Appearing defendants have disclaimed possession, custody, or control over the Target Wallets or the relevant program account.

3. Given the anonymity of controllers and the speed with which outbound transactions, swaps, or bridges can occur, a single outbound transfer would, as a practical matter, defeat continued identifiability of the same balances. Once those balances leave the Target Wallets and commingle, the specific fund necessary for equitable restitution is no longer practically available.

4. The prior stasis of the Target Wallets does not reduce the risk identified above because the equitable-res inquiry turns on whether the same fund will be available at judgment. No appearing party has accepted responsibility for maintaining the status quo of the Target Wallets.

**B. Proposed Findings of Law**

1. Under *Great-West* and *Montanile*, equitable restitution is available only as to specific, identifiable funds or property, and the remedy fails if those funds are dissipated or commingled. The loss of that specific fund constitutes irreparable harm notwithstanding the availability of damages. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213–14 (2002); *Montanile v. Bd. of Trs.*, 577 U.S. 136, 145–50 (2016).

2. Under *Deckert* and *Grupo Mexicano*, preserving a specifically identified res pending adjudication of equitable claims is distinct from freezing a litigant's general assets to secure a damages judgment. The irreparable-harm analysis must therefore focus on whether the same traced res will remain available at judgment, not on a defendant's ability to satisfy a money judgment. See *Deckert v. Independence Shares Corp.*, 311

U.S. 282, 289–91 (1940). See also *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319–33 (1999).

3. On the facts found above, the threatened harm is the extinction of the equitable remedy itself if the Target Wallet balances are moved and commingled. That constitutes irreparable harm as a matter of law.

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant this Rule 52(b) motion, adopt the Proposed Supplemental Findings and Conclusions attached as Exhibit A, and amend the August 19 order accordingly (or, alternatively, set a short evidentiary hearing limited to irreparable harm). Plaintiffs further note that a separate Rule 54(b)/Rule 65 motion seeking a wallet-specific preservation injunction will be filed next; Plaintiffs ask the Court to coordinate briefing so that opposition/reply deadlines run from the sealing ruling on Plaintiffs' contemporaneous motion to seal/protect confidential-informant materials.

Dated: September 16, 2025
New York, New York

Respectfully Submitted,

By: /s/ Max Burwick
Max Burwick
**Burwick Law, PLLC**
43 W 43rd St., Suite 114
New York, NY 10036
(646) 762-1080
max@burwick.law

*Counsel for Plaintiffs Omar Hurlock*

*& Anuj Mehta*

8