# BURWICK LAW
## 43 W 43rd St, Suite 114
## New York, NY 10036

**September 29, 2025**

**VIA ECF**

Hon. Jennifer L. Rochon
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> The motion is DENIED. Fed. R. Civ. P. 43(c) does not provide a right to an evidentiary hearing. Plaintiffs shall file their reply brief by October 3, 2025.
>
> **SO ORDERED.**
>
> Dated: September 30, 2025
> New York, New York
>
> _Jennifer Rochon_
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re: <u>*Hurlock v. Kelsier Ventures, et al*, 1:25-cv-03891 (S.D.N.Y)</u>

Dear Judge Rochon,

    Plaintiffs respectfully move, under Fed. R. Civ. P. 43(c), for a brief, 60–90-minute evidentiary hearing limited to one witness (Defendant Benjamin Chow) and confined to issues of irreparable harm and non-speculative risk of asset dissipation. This non-dispositive letter-motion seeks only the procedural step of limited testimony to aid the Court's fact-finding; it is not a reply on the merits of any pending motion and does not seek reconsideration of any ruling.

    The August 19 ruling resolved irreparable harm on a paper record that credited defendants' declarations disclaiming involvement and non-speculative asset dissipation risk. Newly available evidence raises questions of credibility regarding Defendants' declarations in regard to the risk of non-speculative asset dissipation.

    Specifically, newly available evidence is inconsistent with portions of prior declarations concerning active participation and control of the target wallets, creating a genuine factual dispute material to irreparable harm. This newly available evidence—concerning the LIBRA launch, with M3M3 and MELANIA cited solely to illustrate cadence and capacity as part of a repeatable playbook, together with joint travel and coordination in Turkey, and Defendant Chow's management of Libra operationally—bears directly on whether identified actors can or will initiate transfers from or change signer/threshold permissions at the five target wallets (identified in ECF No. 158 at 2–3). The hearing will materially aid resolution of Plaintiffs' pending Rule 54(b)/Rule 65 application for a wallet-specific, status-quo order and Plaintiffs' Rule 52(b) request for supplemental findings under Rule 52(a)(2).

    To ensure this remains not discovery and does not alter the Court's existing discovery stay, Plaintiffs propose a time-boxed proceeding with one witness (Mr. Chow) and two single-page demonstratives, limited strictly to (i) Mr. Chow's operational role and coordination regarding the LIBRA launch—with MELANIA referenced solely to illustrate capacity/cadence and a repeatable playbook, (ii) approvals/coordination he gave or relayed for launch mechanics, (iii) the authority and ability of authorized actors (by role/address, not identity) to initiate or pause outbound transfers, bridges, swaps, or burns from the five Target Wallets, including the mechanics and timing of signer/threshold changes and the feasibility of Rule 65(d)(2) notice to

bind persons in active concert or participation. To illuminate capacity and cadence—and for no other purpose—Plaintiffs also anticipate limited reference to Turkey-trip coordination. This focused testimony will permit narrow credibility and capacity findings on the irreparable-harm predicate without disturbing the discovery stay.

As previewed in Plaintiffs' Rule 54(b) filings, Plaintiffs intend, subject to the Court's preferences, within ten business days of the September 17 submission (i.e., by October 1, 2025), to respectfully request leave to file under seal, for *in camera* review, the supporting confidential-informant materials. Plaintiffs stand ready to proceed sooner or on any schedule the Court directs, so the Court may have whatever record it deems helpful in evaluating the requested evidentiary hearing. Any CI material would be offered only for impeachment/admissions on credibility, operational control, wallet control, cadence, and authority/threshold mechanics—topics tied to irreparable harm/non-speculative asset dissipation risk—not for merits adjudication.

Mr. Chow's counsel submitted a letter on September 25 (ECF No. 165), which the Court considered as an opposition brief to Plaintiffs' motions at ECF Nos. 150 and 154 on September 26, 2025. At present, Plaintiffs' reply in further support of ECF Nos. 150 and 154 is due Friday, October 3, 2025, which would precede the requested evidentiary hearing. Plaintiffs therefore respectfully request: (i) an extension of the reply deadline to Wednesday, October 15, 2025, and (ii) that the Court schedule a limited Rule 43(c) evidentiary hearing on October 10, 2025, or, alternatively, October 14, 2025, so that any testimony may be addressed in the October 15 reply.

Holding the hearing between the opposition and the reply will provide a focused testimonial record on the irreparable-harm predicate for Plaintiffs' reply. Plaintiffs will call one witness (Benjamin Chow), can complete direct in 20 minutes, and propose a total time cap of 60–90 minutes (equal time for cross; the Court may allocate additional time). Each side may use up to two single-page demonstratives.

Pursuant to Individual Rule 1.F, this is Plaintiffs' second request for an extension of time; Plaintiffs' request ECF No. 163 was granted on September 29, 2025 in ECF No. 168. Plaintiffs conferred by email with counsel for all appearing defendants who oppose this motion. Counsel for Defendants Kelsier Ventures, Hayden Davis, Gideon Davis, and Charles Thomas Davis did not give a reason for their opposition.

Counsel for Defendant Chow indicated that they opposed the motion for several reasons. They state that: "(1) Plaintiffs' Rule 52(a)(2) and Rule 54(b)/65 motions are untimely motions for reconsideration that should be denied without further vexatious motion practice; (2) parties may not submit additional evidence in connection with motions for reconsideration; (3) the Court has already resolved the 'issues of irreparable harm' and 'asset dissipation risk' and this letter motion is a nothing more than an improper request for a do-over of Plaintiffs' request for a preliminary injunction that the Court already denied; (4) the request violates the discovery stay (Dkt. 10); (5) the request is simply another iteration of your request for 'expedited discovery' that the Court rejected on July 17 (Dkt. 104); (6) the requested hearing is unnecessary to resolve the motions, including but not limited to because it would not 'materially aid resolution of' Plaintiffs' Rule 54(b) motion because, among other deficiencies, that motion fails to address (i)

likelihood of success, (ii) public interest, and (iii) the limitations imposed by *Trump v. CASA*; and (7) the request is prejudicial to Mr. Chow."

      For the Court's convenience, a short proposed order is attached as Exhibit A.

                                        Respectfully submitted,
                                        */s/ Max L. Burwick*
                                        Max L. Burwick

cc: All attorneys via ECF