# BURWICK LAW
## 43 W 43rd St, Suite 114
## New York, NY 10036

October 1, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *Hurlock v. Kelsier Ventures, et al*, 1:25-cv-03891 (S.D.N.Y)

Dear Judge Rochon,

    Pursuant to Fed. R. Civ. P. 26(c) and Section 4.B.iii of Your Honor's Individual Practices, we write on behalf of Plaintiffs to respectfully request leave to file certain supporting materials under seal and for the Court to enter a narrowly tailored protective order governing those materials. This request is made in connection with Plaintiffs' pending motion under Rules 54(b), 65, and 52(a)(2). We have endeavored to narrowly tailor this request to protect the sensitive information while respecting the presumption of public access. *(See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (presumption of access to judicial documents; weight depends on role of material). These materials are offered solely to complete the irreparable-harm record and are not offered for merits adjudication at this stage; they address who has practical capacity to cause or pause asset movement relevant to preserving a specific, traced res.

    The materials that Plaintiffs seek to file under seal (the "CI Materials") are highly sensitive information that should not be publicly disclosed. As indicated in Plaintiffs' Combined Motion under Fed. R. Civ. P. 54(b), 65, and 52(a)(2) (ECF No. 154), and in this motion's supporting materials, the CI Materials describe coordinated token launch and marketing operations between Defendants Meteora and Kelsier, operational direction by Defendant Chow, historical context of business dealings between those entities, and explicates Defendants' authority to select contractors. The CI Materials further indicate that Defendants' launch-and-marketing methodology was used for other tokens, including at minimum the "M3M3" token and the "Melania" token. Additional evidence suggests Defendants conducted similar operations on multiple other tokens.

    A party resisting disclosure of a judicial document must carry its burden with particularized facts showing that disclosure would cause a sufficiently serious injury; generalized assertions of harm, unsupported by specific examples or reasoned analysis, are inadequate. *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-07417 (VM) (HBP), 2017 WL

1

5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (citing *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). There are higher values that warrant maintaining these materials under seal.

Courts in this Circuit have permitted sealing or limited access in circumstances involving confidential informants and whistleblowers on the ground that the interest in an individual's safety constitutes a higher value that can overcome the presumption of access. *See Walker v. City of N.Y.*, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (sealing because "the safety of the complaining witness and his family constitutes a 'higher value'"). Here, the CI Materials cannot be disclosed — even to defense counsel — without effectively identifying the individual who has assisted in this litigation on the condition of anonymity, at great personal risk. Even very short verbatim quotations, platform identifiers, handles, channel/message IDs, or precise timestamps/time-zone offsets would permit rapid phrase-searching across chat histories and enable identification and spoliation (Burwick Decl. 8; Goldman Decl: ¶¶ 7–8). Plaintiffs therefore propose: no public screenshots; no verbatim quotes; no platform indicators; and timestamp bucketing in public filings, with unredacted materials lodged in camera. The risk is platform-agnostic. Publicly revealing distinctive phrasing or timing cues would signal what to search for and delete; many platforms support bulk or per-message deletion, heightening spoliation risk (Burick Decl. 8; Goldman Decl: ¶¶ 7–8).

Here, Plaintiffs seek to shield only the specific information that would tend to identify or expose the third party by the content they provided, not any broader aspect of the case. This narrowly focused approach directly serves the compelling interest in the third party's safety while minimizing any impact on the public's ability to understand the proceedings. The weight of the public's presumption of access is lower here than it would be at other stages because these materials are not offered for merits adjudication and are submitted to complete the irreparable-harm record; the weight of access depends on the role the material plays. (citing *Lugosch*, 435 F.3d at 119–20).

Plaintiffs have carefully limited this application to only the most sensitive portions of the record. We are not seeking to seal the entirety of our motion papers or legal arguments. Only the exhibits containing the confidential substance are being filed under seal. This approach honors the presumption of access by placing all possible material on the public docket and shielding only what truly needs protection. Plaintiffs' request is narrowly tailored to serve the specific confidentiality interest at stake, and it employs the least restrictive means available to achieve that aim. *(See Lugosch*, 435 F.3d at 120, 124).

Plaintiffs will also file for entry of a narrowly tailored Protective Order pursuant to Rule 26(c[1]) for good cause. A copy of the proposed order is submitted herewith for the Court's consideration, and it closely follows the Court's Model Protective Order (with only minimal,

---

[1] Your honor, we recognize Local Rule 37.2, and have filed this motion to respect the deadline set in our Rule 54(b) motion (ECF No. 154)— if we have done this in error, we would appreciate the court allowing us to withdraw this motion and pursue a protective order with the Court's guidance.

case-specific modifications). The proposed order is designed to facilitate limited disclosure of the CI Materials if the Court deems it necessary to allow Defendants to respond, while still safeguarding the whistleblower's identity and safety. We respectfully propose the following framework for handling the CI Materials, in order of most to least restrictive:

1. The CI Materials would be submitted in camera for review by the Court only; with opposing counsel using the sanitized version of the materials provided in the Goldman Decl. Exhibit A.
2. If the Court requires adversarial access, Plaintiffs request Attorneys'-Eyes-Only access limited to outside counsel under a no-identification / no-contact / no-reverse-engineering regime, provided via read-only controls (no download/copy/print; audit logs; watermarking). Where feasible, identity-revealing metadata will be minimally redacted; where redaction would materially impair evidentiary value, the Court-only unredacted set will control, and AEO access will be accompanied by the strict no-identification/ no-reverse-engineering conditions. Still, many of Plaintiffs' exhibits would be impossible to redact without losing their evidentiary value. The evidence itself is wholly and inherently identifying, as explained in the supporting declarations (Plaintiffs are available to address further *in camera* or *ex parte*), and so Plaintiffs' would appreciate the Court's guidance on how to handle this evidence safely.
3. If the Court is not inclined to accept the CI Materials even on an AEO basis to outside counsel, Plaintiffs respectfully request leave to withdraw the CI Materials from consideration. We would be prepared to do so within three business days of any such ruling, in order to comply with the Court's guidance while still protecting the informant.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the CI Materials under seal and to maintain them in camera at this stage, and enter the proposed Protective Order to strictly regulate any further disclosure in the manner described above. Plaintiffs are available at the Court's convenience to address any questions or to provide additional information *in camera* or *ex parte* if that would assist in adjudicating this matter.

Pursuant to § 4.B.iii(a) of Your Honor's Individual Rules, Plaintiffs met and conferred with Defendants on to narrow the scope of sealing and redactions. Counsel for Kelsier Ventures et al. are unopposed to the motion for leave to file under seal but oppose it being filed ex parte or in camera. Counsel for Defendant Chow objects to both frameworks 1 and 2. This motion is filed publicly; the proposed sealed materials are contemporaneously filed under seal and electronically related to this motion in accordance with Standing Order 19-MC-00583 and the SDNY ECF Rules & Instructions, § 6.

                                                        Respectfully submitted,
                                                        */s/ Max L. Burwick*
                                                        Max L. Burwick

cc: All attorneys via ECF