# **Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KELSIER LABS, LLC d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,<br><br>Defendants. | **Case No.: 1:25-cv-03891-JLR**<br><br>Hon. Jennifer L. Rochon |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiffs have applied under Fed. R. Civ. P. 26(c) for a protective order governing certain non-public materials submitted with non-dispositive motion practice prior to trial (the "Motion Materials"); and

WHEREAS, discovery is currently stayed and this Order does not authorize discovery; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order;

**IT IS HEREBY ORDERED** that any person subject to this Order shall adhere to the following terms:

1. This Order governs Motion Materials only—i.e., information of any kind submitted to the Court in connection with Plaintiffs' pending Rule 54(b), 65, and 52(a)(2) motion (ECF No. 154) (and any related non-dispositive motion practice before trial). This Order does not govern discovery and does not authorize or compel any discovery. It is without prejudice to any later application for a discovery-phase protective order if discovery opens.

2. Definitions.
    a. "Protected Motion Material" means Motion Materials designated under ¶ 3.

    b. "CI Materials" means the subset of Motion Materials consisting of communications, chat logs, documents, or descriptions that, if disclosed beyond the limits of this Order, would tend to identify a confidential informant, enable retaliation or spoliation, or materially increase the risk of dissipation of a traced res, as described in Plaintiffs' motion papers.

3. A producing person may designate Motion Materials, in whole or in part, as Confidential or ATTORNEYS' EYES ONLY – OUTSIDE COUNSEL ONLY ("CI-AEO") upon a good-faith determination that the designation is necessary. CI-AEO is reserved for CI Materials.

4. The Court may receive and maintain CI Materials in camera. If the Court determines adversarial access is necessary to adjudicate relief, such access shall be limited to CI-AEO treatment under ¶¶ 6–8, absent further order. If the Court declines to accept CI Materials in camera or under CI-AEO, the producing person may withdraw those materials.

5. Recipients may use Protected Motion Material solely for purposes of briefing, argument, and adjudication of the pending motion(s) identified above and any related appellate proceedings; it may not be used for any business, commercial, competitive, or non-litigation purpose.

6. Subject to ¶ 8, "Confidential" Motion Materials may be disclosed only to: (a) outside and in-house counsel of record and their staff; (b) the Court and its personnel; (c) outside vendors engaged for litigation support; and (d) any person identified on the face of a document as author/addressee/recipient.

7. Notwithstanding ¶ 6, CI-AEO material may be disclosed only to outside counsel of record for the receiving Party and their paralegals and litigation-support staff to whom disclosure is reasonably necessary, plus hosting vendors as needed. No disclosure to Parties, in-house counsel, officers, employees, experts, consultants, or witnesses absent further order.

8. Any person with access to CI-AEO material shall not: (i) seek to identify the CI (including by searching client or third-party message archives for verbatim or near-verbatim strings, metadata, platform identifiers, or timestamp matches); (ii) contact or cause others to contact any person believed to be or associated with the CI; or (iii) otherwise "reverse engineer" the CI's identity.

9. CI-AEO material shall be made available, where feasible, in read-only form with watermarking; no downloads, exports, screen captures, or photographs are permitted. Notes must paraphrase and shall not record exact phrases, handles, channel IDs, message IDs, or precise timestamps. Outside counsel shall maintain an access log of reviewers and access dates.

10. All persons seeking to file redacted documents or documents under seal shall follow Judge Rochon's Individual Practices (including § 4.B.iii) and the SDNY ECF Rules & Instructions. Any public filing that refers to CI Materials shall use sanitized paraphrases and omit identity-revealing or dissipation-enabling details (platform cues, handles/usernames, channel IDs, message IDs, precise timestamps, distinctive strings). An unredacted version shall be filed under seal and related to the public filing as required.

11. Any Party who objects to a designation or requests additional limits may serve written notice stating particularized grounds. If the Parties cannot reach agreement promptly, they shall raise the dispute with the Court pursuant to Judge Rochon's Individual Practices.

12. Nothing in this Order prevents production in response to a lawful subpoena or compulsory process; however, the recipient shall provide prompt written notice to the producing person unless prohibited by law, and shall not produce CI Materials or identity-revealing details until the producing person has had a reasonable opportunity to be heard. Any such materials shall remain under seal pending further order.

13. Nothing herein affects a person's rights as to its own materials, or restricts the use of information obtained independently and not through this Order. Nothing herein limits any argument on sealing or public access at later stages.

14. Within 30 days of final disposition of the motion(s) (including appeals), all CI-AEO material shall be destroyed (not returned) with a certification; any hosting provider shall purge the workspace and provide deletion confirmation.

15. This Order binds the Parties, their attorneys, and all persons in active concert or participation with them who receive actual notice of it. Before disclosing any Protected Motion Material to a person authorized under ¶¶ 6–7, outside counsel of record shall (i) provide that person a copy of this Order, (ii) instruct the person on the obligations it imposes (including the "no-identification/no-reverse-engineering" rules for CI-AEO), and (iii) maintain a contemporaneous access log (name, role, employer, dates of access). Counsel shall produce the log to the Court in camera upon request. Counsel are responsible for compliance by all such persons.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO ORDERED** this _____ day of October, 2025.

HON. JENNIFER L. ROCHON

UNITED STATES DISTRICT JUDGE

Case 1:25-cv-03891-JLR    Document 188-3    Filed 10/01/25    Page 5 of 5