# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| 900 16th STREET, N.W. Suite 500 | 221 W. 10th STREET | 20 FENCHURCH STREET |
| WASHINGTON, DC 20006 | WILMINGTON, DE 19801 | LONDON EC3M 3BY |
| (202) 862-8900 | (302) 884-0000 | +44 (0) 20 7920 9800 |

October 17, 2025

**VIA ECF**
Hon. Jennifer L. Rochon
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *Hurlock* v. *Kelsier Ventures, et al.*, No. 25 Civ. 03891 (JLR)

Dear Judge Rochon:

      We represent Defendant Benjamin Chow in the above-referenced matter and write in response to Plaintiffs' October 3, 2025 Motion to Supplement under Fed. R. Civ. P. 15(d). (Dkt. 193 (the "Motion to Supplement"); Dkt. 194 ("Br.")).

      Plaintiffs seek to add a single supplemental paragraph (the "Proposed Supplement") to the currently operative First Amended Complaint ("FAC"). (Br. at 4). According to the Proposed Supplement, on-chain records show that certain wallets at-issue in the litigation transferred proceeds out of the wallets the day after the Court denied Plaintiffs' motion for a preliminary injunction and dissolved the temporary restraining order it had entered on May 27, 2025. (*Id.*) Plaintiffs do not allege that Mr. Chow controls these wallets or played any part in these alleged transfers.

      Solely in the interests of efficiency, and to avoid burdening the Court with further irrelevant disputes, Mr. Chow does not oppose the Motion to Supplement. Nonetheless, we write briefly to emphasize that granting Plaintiffs' Motion to Supplement would have no impact on: (i) Plaintiffs' pending motions for reconsideration of the Court's August 19, 2025 order denying Plaintiffs' motion for a preliminary injunction (the "PI Denial Order"); or (ii) Mr. Chow's motion to dismiss.

      *First*, the Proposed Supplement does nothing to save Plaintiffs' September 17, 2025 motions to supplement the PI Denial Order pursuant to Rule 52(b) (Dkt. 150) and modify the PI Denial Order and freeze wallets pursuant to Rules 52(a)(2), 54(b), and 65 (Dkt. 154) (together the "PI Modification Motions"). As set forth in Mr. Chow's September 25, 2025 opposition (*see* Dkt. 166), the PI Modification Motions should be denied because they are untimely, procedurally improper, and meritless. Nothing in the Proposed Supplement changes these conclusions.

      Plaintiffs' PI Modification Motions—filed 29 days after the PI Denial Order—are motions for reconsideration that are untimely under Local Civil Rule 6.3. (*Id.* at 1). Moreover, the Proposed Supplement also does not change the fact that Plaintiffs cannot satisfy the high bar for

CAHILL GORDON & REINDEL LLP

-2-

reconsideration.  There was no manifest error, the Court did not overlook any controlling decisions or factual matters that might have led to a different result, and the Proposed Supplement about the movement of assets in certain wallets is not "newly discovered evidence" that could or should change the Court's findings in the PI Denial Order.  (*Id.* at 2).

Indeed, nothing about the movement of assets in wallets after the PI Denial Order should alter the Court's conclusions that there is no risk of irreparable harm because money damages would be an adequate remedy and Plaintiffs failed to show any non-speculative risk of asset dissipation.  (August 19, 2025 Tr., Dkt. 156-2 at 55:15-65:24.).  This is particularly true with respect to Mr. Chow since, as noted, Plaintiffs do not allege that Mr. Chow controls the wallets referred to in the Proposed Supplement or played any part in the purported transfers.  (*See also* Dkt. 53 at 11-16 (explaining no risk of dissipation with respect to Mr. Chow)).

The Proposed Supplement also does not address the merits of Plaintiffs' claims and it therefore does not change the fact that Plaintiffs' cannot demonstrate a likelihood of success on the merits or serious questions going to the merits and a balance of hardships tipping decidedly in their favor that might warrant injunctive relief.  (Dkt. 166 at 3).

*Second*, Plaintiffs' Proposed Supplement has no bearing on the multitude of arguments requiring dismissal of Plaintiffs' claims.  For example, Plaintiffs' Proposed Supplement does not change the fact that Plaintiffs do not (and cannot) allege that Mr. Chow engaged in any of the allegedly manipulative tactics they say caused their losses—*i.e.*, the false promotions of $LIBRA; the "freezing," "sniping," and manipulative trading of $M3M3; or the extraction of funds from the $M3M3 and $LIBRA liquidity pools.  (*See* Dkt. 176 at 11-12).  Moreover, the FAC does not identify any false or misleading statement by Mr. Chow, duty to disclose, scienter, reasonable reliance, or causal connection between Mr. Chow's actions and Plaintiffs' purported losses (*id.* at 13-25), and comes nowhere close to pleading a conspiracy (*id.* at 25-32).  Plaintiffs' Proposed Supplement is irrelevant to, and does not fix, these fatal flaws.  Accordingly, even if the Court grants Plaintiffs' Motion to Supplement, Mr. Chow's motion to dismiss should still be granted.

Furthermore, because Plaintiffs had the benefit of seeing Mr. Chow's dismissal arguments prior to offering the Proposed Supplement, Plaintiffs' claims should be dismissed with prejudice.[1] *See Offor* v. *Mercy Med. Ctr.*, 676 F. App'x 51, 54 (2d Cir. 2017) (district court did not abuse discretion dismissing with prejudice where plaintiff had amended complaint in response to motion to dismiss); *Owoyemi* v. *Credit Corp Sols. Inc.*, 596 F. Supp. 3d 514, 521 (S.D.N.Y. 2022)

---

[1] Notably, the purported transfers referenced in the Proposed Supplement occurred on August 20, 2025, yet Plaintiffs waited to raise them until *after* Mr. Chow filed his opposition to the PI Modification Motions on September 25 (Dkt. 165) and *after* Mr. Chow filed his motion to dismiss the FAC on September 29 (Dkts. 175 and 176).

CAHILL GORDON & REINDEL LLP

-3-

("Dismissal with prejudice is appropriate . . . where the problem with plaintiff's causes of action is substantive such that amendment would be futile." (citation modified)).

In summary, Mr. Chow does not object to Plaintiffs' Motion to Supplement because it has no impact on Plaintiffs' defective requests for the Court to revisit the PI Denial Order or Mr. Chow's motion to dismiss.[2] The PI Modification Motions should be denied and Mr. Chow's motion to dismiss should be granted.

Respectfully submitted,

/s/ *Samson A. Enzer*
Samson Enzer

cc: All attorneys via ECF

---

[2] Mr. Chow reserves all rights to challenge the accuracy of the allegations set forth in the Proposed Supplement at the appropriate time and to oppose Plaintiffs' anticipated motion to file a Second Amended Complaint (*see* Br. at 2, 6).