**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, *on behalf of himself and all others similarly situated,*<br><br>Plaintiffs,<br><br>        v.<br><br>KELSIER LABS, LLC d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,<br><br>Defendants. | **Case No.: 1:25-cv-03891-JLR**<br><br> Hon. Jennifer L. Rochon |

**[EXHIBIT A – PROPOSED] ORDER GRANTING PLAINTIFFS' LETTER**
**MOTION AND APPOINTING FIDUCIARY MONITOR FOR MET TOKEN SALE**

Upon consideration of Plaintiffs' Letter Motion requesting the appointment of a fiduciary monitor to oversee the upcoming launch and distribution of the MET token by or through Defendants and related entities or persons acting under the "Meteora" name, and having found good cause based on the record before the Court:

**IT IS HEREBY ORDERED:**

1.  The Court appoints Adele Hogan as Fiduciary Monitor for the limited purpose of overseeing the launch and distribution of the MET token, currently scheduled to occur on or about October 23, 2025.

2.  The Monitor shall serve as a neutral officer of the Court and shall operate independently of all parties to this action.

3.  The Monitor's duties and responsibilities shall be governed by the terms of the Monitor Protocol submitted herewith and incorporated by reference into this Order.

4.  The Monitor shall be authorized to observe, record, and report on all aspects of the MET token sale relevant to:

    a.  Token allocations;

    b.  Wallet-level distributions;

    c.  Flow of sale-related proceeds;

    d.  Participation by known or affiliated insiders;

    e.  Any actions that may pose risk of dissipation, concealment, or misuse of token proceeds;

    f.  Preservation of assets potentially subject to restitution or judgment.

5.  The Monitor shall submit an Initial Report to the Court no later than ten (10) days after the MET token launch. The Monitor may submit interim or final reports as circumstances warrant or as ordered by the Court.

6.  All parties and their agents shall cooperate in good faith with the Monitor and shall provide access to records, wallets, transaction data, communications, and any other relevant materials or platforms necessary to effectuate this Order.

7.  The Monitor shall be compensated at a reasonable hourly rate, to be submitted with itemized invoices and subject to Court approval. The parties shall be jointly and severally liable for such fees, with the allocation of responsibility subject to further order of the Court.

8.  The Monitor's authority under this Order shall extend through thirty (30) days following the MET token launch, unless extended or modified by further order.

9.  The Court retains jurisdiction to supervise and modify this Order as necessary to ensure

    the effectiveness of the fiduciary oversight and the preservation of potentially recoverable

    assets.

    **IT IS SO ORDERED** this ____ day of October, 2025.


                                            HON. JENNIFER L. ROCHON
                                            UNITED STATES DISTRICT
                                            JUDGE