UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR HURLOCK and ANUJ MEHTA, *on behalf of themselves and all others similarly situated*,

                     Plaintiffs,

-against-

KELSIER LABS, LLC, d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,

                     Defendants.

Case No. 1:25-cv-03891 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On August 19, 2025, the Court denied Plaintiffs' motion for a preliminary injunction. *See* Dkt. 138. The Court found, among other things, that Plaintiffs had not made a sufficient showing of irreparable harm. On September 16 and 17, 2025, respectively, Plaintiff filed: (1) a motion under Federal Rule of Civil Procedure ("Rule") 52(b) "for amended and additional findings limited to the element on which the Court denied preliminary relief, irreparable harm," Dkt. 151 at 2; and (2) a "combined motion" under Rules 52(a)(2), 54(b), and 65 for an order "revising the Court's August 19, 2025 interlocutory ruling denying preliminary injunctive relief," "entering a narrowly tailored, address-specific preservation injunction that permits inbound transfers but temporarily restrains all outbound movements," and "adopting [Plaintiffs'] Proposed Supplemental Findings of Fact and Conclusions of Law," Dkt. 154 at 1-2. As set forth below, Plaintiffs' motions are DENIED.

      Pursuant to Rule 52(b), "no later than 28 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). No "judgment" has been entered in this case, but to the extent Plaintiffs'

Rule 52(b) motion seek reconsideration of the Court's denial of their preliminary-injunction motion, that request is denied. "'The standard for granting a motion for reconsideration is strict,' and therefore such a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 390 (S.D.N.Y. 2024) (citations omitted). In their motion, Plaintiffs do no more than reiterate and repackage their earlier arguments regarding the risk of asset dissipation in the cryptocurrency context. The Court already rejected these arguments at the preliminary-injunction hearing, and Plaintiffs do not otherwise raise "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" as is required to "succeed on a motion for reconsideration." *Dieujuste v. Sin*, 734 F. Supp. 3d 232, 233 (E.D.N.Y. 2024) (citation omitted).

Plaintiffs' "combined motion" is equally unavailing. It similarly asks the Court to reconsider its earlier irreparable-harm analysis and enter a new injunction based on Plaintiffs' proposed "supplemental findings of fact and conclusions of law." Dkt. 155 at 19. But Plaintiffs' proposed "findings of fact" cite to the record that the Court already reviewed when it denied Plaintiffs' preliminary-injunction motion, and Plaintiffs' proposed "conclusions of law" reference cases that were decided between ten and eighty years ago. *See* Dkt. 155-1 at 1-3. This does not present any new evidence or change in controlling law warranting reconsideration.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 150, 154, and 185.

Dated: October 31, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge