UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, *on behalf of themselves and all others similarly situated*,<br><br>                        Plaintiffs,<br><br>-against-<br><br>KELSIER LABS, LLC, d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,<br><br>                        Defendants. | Case No. 1:25-cv-03891 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiffs move pursuant to Federal Rule of Civil Procedure ("Rule") 4(f) for an order authorizing alternative service as to Defendant Meteora, *see* Dkt. 128, which they characterize as "an unincorporated entity with capacity to be sued," Dkt. 129 at 3. Nonparty Dynamic Labs opposes the motion, arguing that "Meteora is software and lacks the capacity to sue or be sued." Dkt. 146 at 1. Dynamic Labs thus seeks to intervene in this action as a matter of right under Rule 24(a)(2) and file a motion to dismiss the First Amended Complaint ("FAC") on that basis, among others. Dkt. 146 at 1; *see* Dkt. 180. As set forth below, Dynamic Labs's motion to intervene is GRANTED and Plaintiffs' motion for alternative service is DENIED without prejudice.

      Rule 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene [as of right] who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts in this Circuit apply a

"flexible and discretionary" four-factor test on review of such a motion: "a movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Garcia v. Berkshire Nursery & Supply Corp.*, 705 F. Supp. 3d 188, 191 (S.D.N.Y. 2023) (first quoting *Gerschel v. Bank of Am., N.A.*, No. 20-cv-05217 (NRB), 2021 WL 1614344, at *2 (S.D.N.Y. Apr. 26, 2021); and then quoting *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022)). "While an applicant must satisfy all four requirements, . . . courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria." *Id.* (quoting *Gerschel*, 2021 WL 1614344, at *2). It is undisputed that Dynamic Labs's motion is timely, and the Court finds that the other three factors have been satisfied.

First, Dynamic Labs has a "'direct, substantial, and legally protectable' interest in the subject matter of the action," *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 415 (S.D.N.Y. 2018) (quoting *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999)), and "will suffer 'an impairment of [its] interest arising from an unfavorable disposition' of this action," *Parris v. Fremont Inv. & Loan*, No. 14-cv-006907 (KAM) (RER), 2017 WL 10259778, at *3 (E.D.N.Y. Aug. 31, 2017) (alteration in original) (quoting *Long Island Trucking, Inc. v. Brooks Pharm.*, 219 F.R.D. 53, 54 (E.D.N.Y. 2003)). In relevant part, Plaintiffs allege in the First Amended Complaint ("FAC") that Dynamic Labs has at least shared control over Meteora and its programs, which are central to this litigation, *see* Dkt. 115 ("FAC") ¶¶ 133, 138, and that Dynamic Labs "automatically receives certain transaction fees from Meteora liquidity pools, which are 'automatically transfer[red]' by 'Meteora software' to a 'program account controlled by [Dynamic Labs],'" *id.* ¶ 52 (first alteration in original) (quoting Dkt. 54 ¶ 3). Plaintiffs thus seek, among other things, restitution of "ill-gotten

gains," *id.* ¶ 446, which would appear to include "fees" and "commissions" distributed to Dynamic Labs, *see id.* ¶ 449. Plaintiffs also seek the appointment of a receiver with the power to control the programs that Dynamic Labs developed and to "[f]reeze the collection and distribution of protocol fees to Defendants, including automatic transfers to [Dynamic Labs]'s program account." *Id.* ¶ 462; *see id.* ¶¶ 456-462. In other words, Plaintiffs' requested relief would directly impact Dynamic Labs's programs and operations, as well as implicate assets and property in which Dynamic Labs has an interest. These are sufficiently "concrete and immediate" interests warranting intervention as of right. *Allstar Marketing Grp., LLC v. AFACAI*, No. 20-cv-08406 (JPC), 2021 WL 75138, at *3 (S.D.N.Y. Jan. 8, 2021); *cf. id.* (permitting intervention where the plaintiff's requested injunction would "restrict[] [the proposed intervenor's] ability to support the commerce on its platform, require[] [it] to shut down certain businesses operating on its platform thereby depriving [it] of revenue generated by sales made by those businesses, and generally imposes certain obligations on [it] 'that would significantly limit its business'" (citation omitted)); *Parris*, 2017 WL 10259778, at *3 (permitting intervention where unfavorable disposition of action could "strip [the proposed intervenor] of its significant financial interest in the [p]roperty" at issue).

Dynamic Labs has also satisfied the generally "minimal" burden of establishing that its interests would not adequately be protected by the other Defendants in this action. *In re Genger*, No. 19-13895 (JLG), 2024 WL 5251949, at *6 (Bankr. S.D.N.Y. Dec. 30, 2024) (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001)). As Dynamic Labs notes, no other Defendant with the undisputed capacity to be sued is alleged to control Meteora's programs or accounts; Dynamic Labs holds interest in property subject to this action held by no other Defendant; and Dynamic Labs raises important and distinct arguments in its proposed motion to dismiss regarding Meteora's capacity to be sued that no

3

other Defendant has raised or has the same knowledge or incentive to raise.  *See* Dkt. 209 at 7-8.  This amounts to more than just mere "disagreement with an actual party over trial strategy."  *High Farms, LLC v. King*, No. 16-cv-00736 (NGG) (PK), 2021 WL 1137995, at *14 (E.D.N.Y. Mar. 25, 2021) (quoting *United States v. Yonkers Bd. of Educ.*, 902 F.2d 213, 218 (2d Cir. 1990)); *see, e.g.*, *Preble-Rish Haiti, S.A. v. Republic of Haiti*, 558 F. Supp. 3d 155, 158-59 (S.D.N.Y. 2021) (permitting intervention where proposed intervenor was sole accountholder of certain disputed funds and had superior understanding of the nature of its activities compared to other party); *Emery Mukendi Wafana & Assocs., P.C. v. Mengara*, No. 20-cv-09788 (VEC) (KHP), 2021 WL 9333200, at *2 (S.D.N.Y. Aug. 10, 2021) (finding that, where there was ambiguity in the record as to the ownership and control of a website and its "control panel," intervention was needed "to determine this information," and existing parties had either opposing interests or "no claim or stake" in determining that information"), *report and recommendation adopted*, 2021 WL 4060363 (S.D.N.Y. Sept. 7, 2021); *see also* Dkt. 129 at 2 (Plaintiffs acknowledging disputed nature of "Meteora's status and appropriate legal classification").

     Accordingly, the Court will permit Dynamic Labs to intervene as a matter of right in this action pursuant to Rule 24(a).  Dynamic Labs shall refile its proposed motion to dismiss and supporting papers as a formal motion.  Because Dynamic Labs's motion raises important predicate issues that implicate the necessity of serving Defendant Meteora, the Court will extend the deadline to serve Defendant Meteora and deny Plaintiffs' motion for alternative service without prejudice to renewal, if necessary, pending the Court's resolution of Defendants' motions to dismiss.  The Court finds that this approach is the most efficient path forward — it narrows the relevant legal issues, makes the most efficient use of the time and resources of all affected parties, and will not impact discovery in light of the discovery stay.

      The Clerk of Court is respectfully directed to terminate the pending motions at Dkts. 128 and 180.

Dated: October 31, 2025
       New York, New York

                                          SO ORDERED.

                                          *Jennifer Rochon*
                                          JENNIFER L. ROCHON
                                          United States District Judge