

Meghan K. Spillane
+1 212 459 7193
mspillane@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

November 3, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 20B
New York, New York 10007

Re:   *Hurlock v. Kelsier Ventures, et al.*, 1:25-cv-03891 (S.D.N.Y)

Dear Judge Rochon:

Pursuant to Rules 1.A and 1.F of the Court's Individual Rules of Practice in Civil Cases, Intervenor Dynamic Labs Limited ("Dynamic Labs") respectfully submits this letter motion to request leave to file an opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 203) (the "Motion"). The deadline to file an opposition to Plaintiffs' Motion currently is November 4, 2025, but the Kelsier and Davis Defendants have been granted a 14-day extension to file their opposition on November 18, 2025. (*See* ECF No. 219.) Dynamic Labs requests that it be allowed to file its opposition on or before the same date, *i.e.*, November 18, 2025. This is Dynamic Labs' first request for an extension of any deadline. Plaintiffs do not oppose Dynamic Labs' request.

Dynamic Labs respectfully submits that there is good cause to grant its request to file an opposition to Plaintiffs' Motion and that granting its request will promote judicial efficiency. Plaintiffs argue in their Motion that their proposed second amended complaint alleges that "'Meteora' operated as an association-in-fact of human operators and distinguishes that association from any neutral protocol." (ECF No. 204 at 4.) In its Motion to Dismiss the Amended Class Action Complaint (ECF No. 222) (the "Motion to Dismiss"), Dynamic Labs argues that the claims against Meteora should be dismissed because, among other reasons, Meteora lacks the capacity to be sued. (*See, e.g.*, ECF No. 223 at 8-12.) Permitting Dynamic Labs to file an opposition to Plaintiffs' Motion would allow it to present arguments, among others, that amendment would be futile as to Meteora because the proposed second amended complaint does not cure the deficiencies in the Amended Class Action Complaint at the same time that Defendants are making similar arguments in opposition to Plaintiffs' Motion. Because its reply brief in further support of its Motion to Dismiss is due on November 18, 2025, and to further promote judicial efficiency, Dynamic Labs agrees to submit a single consolidated brief arguing that the claims against Meteora in the Amended Class Action Complaint should be dismissed and that Plaintiffs' Motion should be denied. Dynamic Labs consolidated brief would not exceed 3,500 words, *i.e.*, the current word limit that applies to its reply brief in further support of its Motion to Dismiss alone.

We are available at the Court's convenience if you have any further questions.

1



                                                    Respectfully submitted,

                                                    */s/ Meghan K. Spillane*
                                                    Meghan K. Spillane
                                                    **GOODWIN PROCTER LLP**
                                                    The New York Times Building
                                                    620 Eighth Avenue
                                                    New York, NY 10018
                                                    T: (212) 813-8800
                                                    E: mspillane@goodwinlaw.com

                                                    *Counsel for Intervenor Dynamic Labs Limited*