**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KELSIER VENTURES, HAYDEN DAVIS, GIDEON DAVIS, METEORA, THOMAS DAVIS, and BENJAMIN CHOW,<br><br>Defendants. | Case No. 25-cv-03891-JLR |

**DECLARATION OF MILES C. WILEY**

I, MILES C. WILEY, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am admitted to the bars of the State of New York and this Court. I am a partner at the law firm of Cahill Gordon & Reindel LLP, counsel for Defendant Benjamin Chow in the above-captioned action. I submit this declaration in opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. 203).

2. I understand that on or about Thursday, September 18, 2025, Plaintiffs advised counsel for Defendants Kelsier Labs LLC d/b/a Kelsier Ventures ("Kelsier"), Hayden Davis, Gideon Davis, and Charles Thomas Davis (together with Kelsier, the "Kelsier Defendants") that Plaintiffs intended to move under Federal Rule of Civil Procedure 15 to amend the operative complaint to add new plaintiffs and include additional factual allegations.

3. In light of the September 29 deadline (*see* Dkt. 125) for Mr. Chow to move to dismiss the Amended Class Action Complaint (Dkt. 115), on Monday, September 22, 2025, I emailed counsel for Plaintiffs, stating that I "understood that [Plaintiffs were] contemplating seeking leave under Rule 15 to file an amended complaint." *See* **Exhibit A**. In an effort to avoid wasting resources, I explained that "[g]iven that our motion to dismiss . . . [was] due Monday [September 29, 2025]," I "need[ed] to know as soon as possible if [Plaintiffs] intend[ed] to seek leave to amend." *Id.*

4. I followed up with Plaintiffs' counsel on September 23, 2025, again stressing that I "need[ed] to know as soon as possible if [Plaintiffs] intend[ed] to seek leave to amend." *See* **Exhibit B**.

5. When I did not hear back, I reached out again to Plaintiffs' counsel on September 24, 2025—five days before the motion to dismiss deadline—to inquire about the potential amendment. Plaintiffs' counsel responded, stating that the "prior note regarding a possible amendment was a courtesy heads-up only" but that they would "confer with [me] if and when [they] decide[d] to seek leave" to amend. *See* **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 4, 2025

/s/ Miles C. Wiley
Miles C. Wiley