UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR HURLOCK and ANUJ MEHTA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KELSIER LABS, LLC d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, *an unincorporated association*, and BENJAMIN CHOW,<br><br>Defendants. | Case No. 1:25-cv-03891 (JLR)<br><br>ORAL ARGUMENT REQUESTED |

**DYNAMIC LABS LIMITED'S COMBINED REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED CLASS
ACTION COMPLAINT AND MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

                                                                                                                                    **Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

        I.      THE CLAIMS AGAINST METEORA SHOULD BE DISMISSED BECAUSE METEORA IS NOT A LEGAL ENTITY WITH THE CAPACITY TO BE SUED. ....................................................................................................................................... 2

               A.     Plaintiffs Cannot Sue the Meteora Software. ............................................. 2

               B.     Meteora Is Not an Unincorporated Association. ........................................ 3

               C.     Meteora Is Not a Partnership. ..................................................................... 3

        II.     EVEN IF METEORA WERE AN UNINCORPORATED ASSOCIATION, IT COULD NOT BE SUED UNDER NEW YORK LAW OR RICO. ....................... 4

               A.     The State Law Claims Against Meteora Are Barred by the *Martin* Rule Because the Purported Members of Meteora Did Not Ratify the Challenged Conduct. ................................................................................... 4

               B.     Meteora Is Not Subject to Suit Under RICO. ............................................. 5

        III.    EVEN IF METEORA HAD THE CAPACITY TO BE SUED, THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST IT. ............................... 6

               A.     The Amended Complaint Fails to State a Claim Against Meteora for Fraud or Conspiracy to Defraud. ............................................................................ 6

               B.     The Amended Complaint Fails to State a Claim Against Meteora for Violation of RICO §§ 1962(c) or (d). ......................................................... 8

               C.     The Amended Complaint Fails to State a Claim Against Meteora for Violation of GBL §§ 349 or 350. .............................................................. 10

               D.     The Amended Complaint Fails to State a Claim Against Meteora for Unjust Enrichment. ................................................................................... 10

        IV.    PLAINTIFFS' MOTION FOR LEAVE TO FILE THE PSAC SHOULD BE DENIED. ................................................................................................................ 11

CONCLUSION ............................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BYD Co. Ltd.* v. *VICE Media LLC*,
  531 F. Supp. 3d 810 (S.D.N.Y. 2021)..................................................................................3

*Drabinsky v. Actors' Equity Ass'n*,
  2023 WL 2955294 (S.D.N.Y. Apr. 14, 2023).......................................................................5

*Duane Reade Inc. v. Loc. 338 Retail, Wholesale, Dep't Store Union, UFCW, AFL-CIO*,
  6 Misc. 3d 790 (Sup. Ct., N.Y. Cnty. 2004) ........................................................................5

*Foman v. Davis*,
  371 U.S. 178 (1962).............................................................................................................11

*In re Inclusive Access Course Materials Antitrust Litig.*,
  2021 WL 2419528 (S.D.N.Y. June 14, 2021) .....................................................................11

*Lucente v. IBM Corp.*,
  310 F.3d 243 (2d Cir. 2002).................................................................................................11

*Martin v. Curran*,
  303 N.Y. 276 (1951) .............................................................................................................5

*McIntyre v. Longwood Cent. Sch. Dist.*,
  2008 WL 850263 (E.D.N.Y. Mar. 27, 2008).......................................................................4

*Risley v. Universal Navigation Inc.*,
  2025 WL 615185 (2d Cir. Feb. 26, 2025)............................................................................2

*Rivkin v. Coleman*,
  978 F. Supp. 539 (S.D.N.Y. 1997) .......................................................................................4

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*,
  2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021) ............................................................2

*United States v. Bonanno Organized Crime Family of La Cosa Nostra*,
  879 F.2d 20 (2d Cir. 1989)...................................................................................................6

*Woodhams v. Allstate Fire & Cas. Co.*,
  748 F. Supp. 2d 211 (S.D.N.Y. 2010)..............................................................................7, 8

**Statutes**

18 U.S.C. § 1962(c) .......................................................................................................................8

18 U.S.C. § 1962(d) ...........................................................................................................................8

N.Y. Gen. Bus. Law § 349 ..............................................................................................................10

N.Y. Gen. Bus. Law § 350 ..............................................................................................................10

N.Y. Partnership Law § 10(2) ...........................................................................................................3

**Rules**

Fed. R. Civ. P. 9(b) .......................................................................................................................6, 7

Fed. R. Civ. P. 17(b)(3)(A) ...............................................................................................................6

**PRELIMINARY STATEMENT**

The Amended Complaint[1] and the documents incorporated by reference therein show that Meteora is software that was developed and deployed on the Solana blockchain by Dynamic Labs. Nothing in Plaintiffs' Opposition to Dynamic Labs Limited's Motion to Dismiss (ECF No. 213) ("Opposition" or "Opp.") shows otherwise. To argue that Meteora is an unincorporated association or partnership, Plaintiffs simply ignore Dynamic Labs' corporate structure and that the purported members of Meteora are either Dynamic Labs' directors or those acting at the direction of Dynamic Labs. The Court should not allow Plaintiffs to avoid their own allegations and should find that Meteora is not alleged to be any type of legal entity.

Even if Meteora were an unincorporated association, Plaintiffs still could not assert any of their claims against it. Their state law claims would be barred by the *Martin* Rule because the Amended Complaint does not—and cannot—allege that the actions of Meteora were ratified by all of its purported members with full knowledge of the facts. Likewise, they could not assert RICO claims against Meteora because RICO claims can only be asserted against entities capable of holding property and, absent statutory authorization not present here, unincorporated associations cannot hold property.

Even if Plaintiffs could overcome these hurdles, the Amended Complaint fails to state a claim against Meteora. At most, the Amended Complaint alleges that Meteora developed the Meteora software. It does not allege that Meteora participated in any of the challenged conduct, and it "defies logic" to suggest that a software developer could be held liable for "a third-party

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Dynamic Labs' Memorandum of Law in Support of its Motion to Dismiss the Amended Class Action Complaint (ECF No. 223) ("Motion to Dismiss" or "MTD"). Unless otherwise noted, all emphasis is added and all internal quotation marks and citations are omitted.

1

user's misuse of the platform." *Risley v. Universal Navigation Inc.*, 2025 WL 615185, at *4 (2d Cir. Feb. 26, 2025).

Plaintiffs should not be given another bite at the apple. The Court should deny Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 204) ("Motion for Leave") because amendment would be futile. The Proposed Second Amended Class Action Complaint (ECF No. 205-1) ( "PSAC") fails to allege that Meteora is an unincorporated association because it does not allege that Meteora has any members besides Chow, and its few new factual allegations still fail to show that Meteora engaged in any misconduct.

## ARGUMENT

**I.     THE CLAIMS AGAINST METEORA SHOULD BE DISMISSED BECAUSE METEORA IS NOT A LEGAL ENTITY WITH THE CAPACITY TO BE SUED.**

**A.     Plaintiffs Cannot Sue the Meteora Software.**

Plaintiffs do not argue that they can sue the Meteora software—either the Meteora protocol that Dynamic Labs deployed on the Solana blockchain or the technical tools that it provides to users to access the Meteora protocol. (*See* Opp. 12-13.) Instead, they argue that "[t]he determination of an entity's legal form is a fact-intensive inquiry based on the conduct and representations of its members." (*Id.*) Plaintiffs are wrong. The case they cite does not hold that determining an entity's legal form "is a fact-intensive inquiry," *see Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, 2021 WL 3477479, at *10 (Bankr. S.D.N.Y. Aug. 6, 2021), and for the reasons in Sections I.B and I.C, the Amended Complaint fails to allege that Meteora is an unincorporated association, partnership, or any other type of legal entity, and not software.

B.  **Meteora Is Not an Unincorporated Association.**

Plaintiffs concede that "[a]n unincorporated association is a 'voluntary group of persons, ***without a charter***, formed by mutual consent for a common objective.'" (Opp. 13.) As explained in the Motion to Dismiss, the purported members of Meteora do not form an unincorporated association because the Meteora software was developed by an entity with a charter (Dynamic Labs) and those acting at that entity's direction. (*See* MTD 10-11.) Plaintiffs do not—and cannot—argue otherwise.[2]

C.  **Meteora Is Not a Partnership.**

Plaintiffs do not address any of Dynamic Labs' arguments that the Amended Complaint does not allege the existence of a partnership. Critically, Plaintiffs do not—and cannot—argue that the Amended Complaint alleges that the purported members of Meteora shared losses—an indispensable element of a partnership. (*See* MTD 12-13.) Because the Amended Complaint alleges only that Chow has a claim on certain transaction fees in Dynamic Labs' program account (*see* AC ¶ 40), it fails to plead the existence of a partnership.

In addition, Plaintiffs do not—and cannot—argue that the Amended Complaint alleges any of the other elements of a partnership. Plaintiffs do not even attempt to argue that the Amended Complaint alleges that the purported members of Meteora intended to form a partnership. The Amended Complaint also does not allege "joint control" because it alleges only that "Defendant Chow and the Meteora Defendants control the underlying blockchain programs through the 4-of-7 Meteora Program MultiSig." (AC ¶ 381.) That assertion is unsupported by any well-pleaded facts

---

[2] For the same reason, the Amended Complaint does not allege that Meteora is a partnership. *See* N.Y. Partnership Law § 10(2) ("[A]ny association formed under … any statute adopted by authority, other than the authority of this state, is not a partnership under this chapter.").) Because Plaintiffs failed to oppose these and other arguments made by Dynamic Labs, they have waived those issues. *See BYD Co. Ltd.* v. *VICE Media LLC*, 531 F. Supp. 3d 810, 819, 821 (S.D.N.Y. 2021).

showing that any purported member of Meteora besides Chow exercised control over the "Meteora MultiSig." (*See* Opp. 13.) The Amended Complaint also does not allege that any purported member of Meteora besides Dynamic Labs contributed to Meteora. Plaintiffs argue that the Amended Complaint alleges, based on unspecified "public statements and job postings," that the purported members of Meteora pooled their labor, but that is not enough. (*See id.*) Where, as here, only one party—Dynamic Labs—contributed *capital*, as opposed to labor, "another indicia of partnership is … missing." *Rivkin v. Coleman*, 978 F. Supp. 539, 543–44 (S.D.N.Y. 1997).

## II.    EVEN IF METEORA WERE AN UNINCORPORATED ASSOCIATION, IT COULD NOT BE SUED UNDER NEW YORK LAW OR RICO.

### A.    The State Law Claims Against Meteora Are Barred by the *Martin* Rule Because the Purported Members of Meteora Did Not Ratify the Challenged Conduct.

Plaintiffs concede that "[u]nder the *Martin* rule, an unincorporated association is liable for the tortious acts of its members ***only if all members authorized or ratified the act***." (Opp. 14.) Because the Amended Complaint does not allege that every purported member of Meteora ratified the challenged conduct, the state law claims should be dismissed. *See McIntyre v. Longwood Cent. Sch. Dist.*, 2008 WL 850263, at *13 (E.D.N.Y. Mar. 27, 2008). Plaintiffs' arguments otherwise all fail.

*First*, Plaintiffs argue that the state law claims are not barred by the *Martin* Rule because Chow was the agent of Meteora and the purported members of Meteora ratified his actions by "receiv[ing] transaction fees from the fraudulent launches through automatic distributions to [Dynamic Labs'] program account." (Opp. 14-16.) That argument fails because it relies on an inapplicable agency theory of liability. Because "*Martin **requires direct ratification by each and every one of [an unincorporated association's] members***[,] it expressly excludes theories of agency or delegation. 'No agency of one member for another is implied.'" *Duane Reade Inc. v.*

4

*Loc. 338 Retail, Wholesale, Dep't Store Union, UFCW, AFL-CIO*, 6 Misc. 3d 790, 793 (Sup. Ct., N.Y. Cnty. 2004) (quoting *Martin v. Curran*, 303 N.Y. 276, 280 (1951)).

*Second*, Plaintiffs argue that the purported members of Meteora ratified the challenged conduct because "[e]very transaction … required the MultiSig's approval." (Opp. 17.) That argument fails because the Amended Complaint does not allege that every purported member of Meteora controlled one of the seven Meteora MultiSig wallets or that all of the seven Meteora MultiSig wallets voted in favor of any of the challenged conduct. Instead, the Amended Complaint alleges only that the Meteora MultiSig "requires a simple majority vote to pass measures." (AC ¶ 133.) That is not enough to allege ratification by every purported member of Meteora even if the Amended Complaint alleged that any of the challenged conduct was approved by the Meteora MultiSig.

*Third*, Plaintiffs argue that the purported members of Meteora ratified the challenged conduct because "all Meteora members benefit from … ongoing distributions" to the Dynamic Labs' program account. (Opp. 17.) That argument fails because the Amended Complaint does not allege that every purported member of Meteora has a claim on the Dynamic Labs' program account. It also fails because the Amended Complaint does not allege that every purported member of Meteora had "full knowledge" of the facts. *Drabinsky v. Actors' Equity Ass'n*, 2023 WL 2955294, at *3 (S.D.N.Y. Apr. 14, 2023), *aff'd*, 106 F.4th 206 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 776 (2024) (dismissing state law claims because complaint did not allege every member of unincorporated association had full knowledge of facts).

### B. Meteora Is Not Subject to Suit Under RICO.

Plaintiffs concede that only individuals and entities "'capable of holding a legal or beneficial interest in property'" can be sued under RICO. (Opp. 18.)

Plaintiffs nevertheless argue that they should be allowed to assert RICO claims against Meteora because the Meteora software "generates revenue through transaction fees, which are automatically transferred to accounts beneficially controlled by [Meteora's] members and affiliates, such as [Dynamic Labs]." (*Id.*) That argument fails because, under New York law, unincorporated associations have no legal existence and "'cannot, in the absence of statutory authorization, take or hold property in the association name.'" *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 29 (2d Cir. 1989).

Plaintiffs also argue that "federal courts have … recognized that online commercial enterprises, like Decentralized Autonomous Organizations (DAO), can be treated as unincorporated associations with the capacity to be sued," but Plaintiffs do not—and cannot—cite any cases holding that **RICO claims** may be brought against a DAO. (Opp. 18.) Regardless of whether Federal Rule of Civil Procedure 17(b)(3)(A) authorizes suits against unincorporated associations to enforce federal rights generally, Plaintiffs do not have a right to assert federal RICO claims against Meteora because unincorporated associations that are not authorized by statute to hold property—and "Meteora" is not—are not subject to suit under RICO.

## III.    EVEN IF METEORA HAD THE CAPACITY TO BE SUED, THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST IT.

### A.    The Amended Complaint Fails to State a Claim Against Meteora for Fraud or Conspiracy to Defraud.

For the reasons in the Motion to Dismiss, the Amended Complaint fails to plead adequately any of the elements of fraud or civil conspiracy with the particularity required by Rule 9(b). (MTD 17-24.) None of Plaintiffs' arguments show otherwise. Indeed, Plaintiffs fail entirely to respond to Dynamic Labs' argument that the Amended Complaint does not allege a claim for civil conspiracy against Meteora.

*First*, Plaintiffs argue that **Defendants'** statements "go far beyond mere puffery." (Opp. 19-20.) That argument fails because it contravenes the prohibition on group pleading. "'Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to defendants.'" *Woodhams v. Allstate Fire & Cas. Co.*, 748 F. Supp. 2d 211, 222 (S.D.N.Y. 2010). That argument also fails because it does not identify any statements made by Meteora or any of its purported members that were materially false or misleading. None of the challenged posts on the @MeteoraAG X account were materially false and misleading, and Plaintiffs do not argue otherwise. (*See* MTD 17-19; Opp. 19.) None of the challenged posts on the @WEAREM3M3_ X account were made by Meteora or one of its purported members, and Plaintiffs do not argue otherwise. (*See* MTD 19-20.)[3] And none of the other statements made by any purported member of Meteora were materially false or misleading, and Plaintiffs do not argue otherwise. (MTD 20; Chow Br. § II.A.; Chow Reply § III.)[4] To the extent Plaintiffs argue that any "fail[ure] to disclose the hidden 'Freeze Authority' and other back-end controls used to rig the launches" was a material omission (Opp. 19), that argument fails because the Amended Complaint does not allege that Meteora controlled the "Freeze Authority" (*see* AC ¶¶ 87, 210, 215-17 (only "Mint Wallet" had "Freeze Authority")).

*Second*, Plaintiffs argue that the Amended Complaint raises a strong inference of scienter as to Meteora because it alleges that "Defendants had the clear motive of generating millions in illicit profits and the unique opportunity to do so through Chow's hidden control over the Meteora program" and because it alleges "strong circumstantial evidence of conscious misbehavior." (Opp.

---

[3] The claims based on the @WEAREM3M3_ account statements should also be dismissed because the Amended Complaint does not allege why those statements were fraudulent. (*See* MTD 20.).

[4] "Chow Reply" refers to Chow's Reply Memorandum of Law in Further Support of His Motion to Dismiss the Amended Class Action Complaint, which Dynamic Labs hereby incorporates by reference.

7

20.) These arguments fail because they also contravene the prohibition on group pleading. *See Woodhams*, 748 F. Supp. 2d at 222. In addition, the Amended Complaint fails to allege motive and opportunity because it alleges nothing more than receipt of ordinary transaction fees by any purported member of Meteora, and Plaintiffs do not argue otherwise. (MTD 21.) Likewise, the Amended Complaint does not allege any facts constituting strong circumstantial evidence of conscious misbehavior or recklessness as to any purported member of Meteora, except Chow, and the allegations as to Chow fail for the reasons in Chow's briefs. (*See* Chow Br. § II.B; Chow Reply § III.)

*Third*, Plaintiffs argue that their losses were caused by Meteora's statements because those statements concealed the risk "that the entire system was rigged." (Opp. 21.) That argument fails because the Amended Complaint does not allege that any purported member of Meteora solicited "the Milei endorsement for $LIBRA" or promised "a fair, stable launch for $M3M3." (*Id.*) Although Plaintiffs assert that they reasonably relied on the challenged statements, they do not—and cannot—point to any alleged facts showing that their reliance on any challenged statements was reasonable. (*See id.* at 21-22.)

### B. The Amended Complaint Fails to State a Claim Against Meteora for Violation of RICO §§ 1962(c) or (d).

For the reasons in Chow's motion to dismiss and reply brief, the Amended Complaint fails to plead adequately an injury to business or property, the existence of a RICO enterprise, or a pattern of racketeering. (Chow Br. § V; Chow Reply § VI.) In addition, for the reasons in Dynamic Labs' Motion to Dismiss and below, the Amended Complaint fails to plead adequately that Meteora committed any predicate acts, caused Plaintiffs' losses, directed the affairs of the purported RICO enterprise, or conspired with the Kelsier Defendants. (*See* MTD 24-27.) None of Plaintiffs'

arguments show otherwise. In fact, Plaintiffs fail entirely to respond to Dynamic Labs' argument that the Amended Complaint does not allege that Meteora caused their losses.

*First*, Plaintiffs argue that the Amended Complaint alleges "thousands of predicate acts of wire fraud." (Opp. 22.) That argument fails because the Amended Complaint does not plead a common law fraud claim. (MTD §§ III.A, III.B.1; *supra* § III.A.) The Amended Complaint also does not allege that Meteora or any purported member of Meteora executed any of the "blockchain transactions" that Plaintiffs identify in their Opposition. (Opp. 22.)

*Second*, Plaintiffs argue that "[t]he Meteora association, through its leader Chow, … was central to directing the enterprise." (*Id.* at 25.) Plaintiffs concede, therefore, that "the only purported member of Meteora who is alleged to have interacted with the Kelsier Defendants at all is Chow." (MTD 26-27.) For the reasons in Chow's motion to dismiss and reply brief, the Amended Complaint fails to allege that he participated in the operation or management of a RICO enterprise. (*See* Chow Br. § V.C; Chow Reply § VI.)

*Third*, Plaintiffs argue that "[t]he secret partnership agreement entered in October 2024, the private Telegram Chats, the shared planning documents[,] … and the perfectly synchronized execution of the fraudulent token launches all create a powerful and plausible inference of an agreement among all Defendants to violate RICO." (Opp. 25.) That argument fails because the Amended Complaint does not adequately plead a primary RICO violation. (MTD § III.B.1-3.) That argument also fails because the only purported member of Meteora who is alleged to have interacted with the Kelsier Defendants at all is Chow, and for the reasons in Chow's motion to dismiss and reply brief, the Amended Complaint fails to allege that Chow conspired with the Kelsier Defendants to violate RICO. (*See* Chow Br. § VI; Chow Reply § VI.)

9

### C. The Amended Complaint Fails to State a Claim Against Meteora for Violation of GBL §§ 349 or 350.

The claim against Meteora for violation of GBL §§ 349 and 350 should be dismissed for two reasons. *First*, the Amended Complaint fails to allege that Meteora or any purported member of Meteora made a materially false or misleading statement. (*See* MTD § III.A.1; *supra* § III.A.) In fact, the Amended Complaint does not allege that Meteora or any purported member of Meteora made any statements about "governmental backing," "project legitimacy," or "platform fairness." (Opp. 26.) *Second*, because the Amended Complaint does not allege that Meteora or any purported member of Meteora participated in "the deceptive promotional campaign" (Opp. 26), neither Meteora nor any purported member of Meteora caused Plaintiffs' alleged losses (*see* MTD § III.A.4; *supra* §§ III.A, III.B).[5]

### D. The Amended Complaint Fails to State a Claim Against Meteora for Unjust Enrichment.

The claim against Meteora for unjust enrichment should be dismissed for two reasons. *First*, it is duplicative of the other claims, and courts in this District regularly dismiss such duplicative claims. (*See* Chow Br. § IV; Chow Reply § V.) *Second*, the Amended Complaint alleges only that Dynamic Labs "automatically receives certain transaction fees from Meteora liquidity pools." (AC ¶ 52.) It does not allege that Meteora or any purported member of Meteora sold $M3M3 or $LIBRA or engaged in any "manipulative practices." (Opp. 27.) The receipt of transaction fees is far "too attenuated" to sustain a claim for unjust enrichment. (*See* MTD 29.) Plaintiffs do not—and cannot—argue otherwise.

---

[5] Count VI also fails because the alleged transaction did not occur in New York. (*See* Chow Br. § III; Chow Reply § IV.)

10

## IV.     PLAINTIFFS' MOTION FOR LEAVE TO FILE THE PSAC SHOULD BE DENIED.

Leave to amend should be denied where the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amending a complaint would be futile where the amended complaint "could not withstand a motion to dismiss." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

The claims against Meteora in the PSAC cannot survive a motion to dismiss for the same reasons that the claims against Meteora in the Amended Complaint cannot survive a motion to dismiss. In addition, the PSAC fails to allege any facts showing that the purported unincorporated association called Meteora encompassed anyone besides Chow. It alleges that Meteora "is a coordinated human-run enterprise that developed, marketed, and operated token-launch infrastructure on Solana to carry out the scheme alleged herein, including control over liquidity pools, fee routing, and upgrade authority" (PSAC ¶ 29), but it does not allege that any "human operators" besides Chow were involved in the purported "scheme" (PSAC ¶ 4). At most, it alleges that Yeow is a "co-founder of Meteora" and that Yong "is the current Meteora leader." (PSAC ¶¶ 6, 38.) Accordingly, it fails to allege the existence of a "voluntary group of ***persons*** … formed by mutual consent for the purpose of" carrying out the purported scheme. *In re Inclusive Access Course Materials Antitrust Litig.*, 2021 WL 2419528, at *18 (S.D.N.Y. June 14, 2021).

In addition, the few new factual allegations cannot salvage the claims against Meteora. The allegation that Hayden Davis claimed that "Meteora and Kelsier have exclusivity marketing" adds nothing. (PSAC, App'x Q at A-3; *see also* PSAC ¶ 120.) That allegation is contradicted by the fact that many other users have launched liquidity pools on Meteora. In addition, an exclusive marketing agreement would show only the existence of an ordinary business relationship and would not satisfy any element of any of the claims asserted against Meteora. The "M3M3 Token Launch Organizer" also adds nothing. (PSAC, App'x N.) As explained in Chow's Opposition to

11

Plaintiffs' Motion for Leave (ECF No. 228) ("Chow. Opp."), the PSAC does not allege that Chow or any other purported member of Meteora "edited, approved, or relied on it," and even if they had, it undercuts Plaintiffs' theory of insider manipulation. (Chow Opp. 14.)

## CONCLUSION

For the reasons in the Motion to Dismiss and herein, the claims against Meteora should be dismissed in their entirety with prejudice, and Plaintiffs should be denied leave to file the PSAC.

Date: November 18, 2025  
New York, New York

Respectfully submitted,

**GOODWIN PROCTER LLP**

By: */s/ Meghan K. Spillane*  
Meghan K. Spillane  
Charles A. Brown  
The New York Times Building  
620 Eighth Avenue  
New York, New York 10018  
Telephone: (212) 813-8800  
mspillane@goodwinlaw.com  
cbrown@goodwinlaw.com

Zoe M. Bellars  
1900 N Street, NW  
Washington, DC 20036  
Telephone: (202) 346-4000  
zbellars@goodwinlaw.com

*Attorneys for Dynamic Labs Limited*

12

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Paragraph 3.C of the Individual Rules of Practice in Civil Cases of Judge Jennifer L. Rochon, counsel for Dynamic Labs Limited has complied with all of the formatting rules contained therein. The total number of words contained in this brief—exclusive of the cover page, certificate of compliance, table of contents, and table of authorities—is 3,499 words.

Date:  November 18, 2025　　　　　　　**GOODWIN PROCTER LLP**

By:　*/s/ Meghan K. Spillane*
　　　Meghan K. Spillane
　　　Charles A. Brown
　　　The New York Times Building
　　　620 Eighth Avenue
　　　New York, New York 10018
　　　Telephone: (212) 813-8800
　　　mspillane@goodwinlaw.com
　　　cbrown@goodwinlaw.com

　　　Zoe M. Bellars
　　　1900 N Street, NW
　　　Washington, DC 20036
　　　Telephone: (202) 346-4000
　　　zbellars@goodwinlaw.com

　　　*Attorneys for Dynamic Labs Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2025, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ *Meghan K. Spillane*