BURWICK LAW
1 World Trade Center, 84th Fl.
New York, NY 10007

November 19, 2025

**Via ECF and Hand Delivery to Chambers**
The Honorable Jennifer E. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re: *Hurlock v. Kelsier Ventures, et al.*, No. 1:25-cv-03891-JLR**
**Emergency Motion for Temporary Restraining Order**

Dear Judge Rochon:

We represent Plaintiffs Omar Hurlock, Anuj Mehta and a putative Class in the above-referenced action involving sale of the $LIBRA and $M3M3 digital meme tokens. We write to respectfully request the Court's immediate attention to the accompanying Emergency Motion for Temporary Restraining Order, pursuant to Fed. R. Civ. P. 65(b), to prevent the imminent destruction of critical blockchain evidence that is vital to Plaintiffs' case.

**Background:** This case involves a fraudulent cryptocurrency scheme perpetrated by Defendants that resulted in losses to consumers of over $430 million in relation to the sale of the $LIBRA token and some $70 million in connection with the sale of the $M3M3 token. The Defendants marketed $LIBRA as an investment in Argentine small businesses when it was nothing of the sort. They arranged for the President of Argentina to promote the token at the time of launch. And they manipulated the price of $LIBRA so it would rise quickly and they could extract the funds investors provided to purchase $LIBRA before the scheme collapsed–as it did some 40 minutes after it launched. Similarly, the $M3M3 token was a pump-and-dump scheme designed to defraud unsuspecting investors.

**Nature of Emergency**: Over the past 48 hours, Defendants have converted over $61.5 million in fraud proceeds from traceable stablecoins (USDC) to SOL tokens, positioning these assets for immediate conversion to untraceable formats through privacy coins or mixing services. On November 16, 2025, Defendants successfully tested their anonymization capability using the NEAR Intents protocol, proving they can make funds permanently untraceable in under two minutes. Once converted, this blockchain evidence—essential to proving our fraud, consumer protection and RICO claims—will be irreversibly destroyed, with no forensic method capable of recovering the evidentiary trail.

**Relief Requested**: We seek a narrow order that does **NOT** freeze Defendants' assets but merely prohibits them from converting traceable digital assets into untraceable formats. Defendants would retain full use of their funds for all legitimate purposes—paying lawyers, vendors, personal expenses, or trading between transparent cryptocurrencies. The only restriction would be on using anonymization tools that would destroy evidence.

**Notice to Defendants**: On November 18, 2025, Plaintiffs' counsel notified Defendants' counsel via email of:

- The detected blockchain transactions showing the USDC to SOL conversions
- Our analysis showing these conversions match documented patterns for anonymization
- Our intent to seek emergency relief from this Court today

Specifically, at 11:30 a.m. we sent an email to Defendants' counsel of record informing them that, "We just observed one of the wallets previously frozen under the TRO attempting to move funds through an anonymizing service. We intend to file a TRO this afternoon. We are available to discuss if you have questions this morning." In the email exchange we also provided the digital addresses for the wallets at issue. Counsel for Defendants did not provide an explanation for the observed movements indicative of anonymization attempts.

Despite being notified about our intentions to file this motion, Counsel for Defendants did not indicate whether they oppose it.

Despite these notifications, we seek emergency relief because even with notice, Defendants can complete irreversible anonymization in under 60 seconds using decentralized exchanges that operate 24/7 without human intervention.

**Distinction from Prior PI Motion**: This motion is materially different from our prior preliminary injunction motion [Dkt. 154] that sought a complete asset freeze, which the Court denied on August 19, 2025 [Dkt. 220]. Here, Plaintiffs seek only to preserve vital evidence from destruction—a form of relief courts routinely grant to prevent spoliation. *SEC v. Bivona*, 2016 WL 2996903 (N.D. Cal. 2016) (preventing "irreparable harm of evidence being destroyed").

**Contents of Submission**: We are submitting:

1. Notice of Motion
2. Memorandum of Law (35 pages)
3. Declaration of Max Burwick, Esq.
4. Declaration of David Goldman
5. [Proposed] Order

Given that blockchain transactions can be executed 24/7 and anonymization can be completed in seconds, we respectfully request the Court review this application as soon as possible and schedule an expedited hearing as deemed necessary. We are available for a telephone conference at the Court's convenience and have a blockchain expert standing by to answer any technical questions.

If the Court requires any additional information or wishes to hold an immediate hearing, we are prepared to appear on short notice. We thank the Court for its immediate attention to this urgent matter.

Respectfully submitted,

**BURWICK LAW, PLLC**

*/s/ Max Burwick*
Max Burwick, Esq.
1 World Trade Center, 84th Fl.
New York, NY 10007
(646) 762-1080
max@burwick.law

*Counsel for Plaintiffs*

cc: All counsel of Record, via ECF and email