

Meghan K. Spillane
+1 212 459 7193
mspillane@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

November 21, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 20B
New York, New York 10007

    Re:    *Hurlock v. Kelsier Ventures, et al.*, 1:25-cv-03891 (S.D.N.Y)

Dear Judge Rochon:

    Pursuant to Rule 1.A of the Court's Individual Rules of Practice in Civil Cases, Intervenor Dynamic Labs Limited ("Dynamic Labs") respectfully submits this letter in opposition to Plaintiffs' Emergency Motion for Temporary Restraining Order (ECF Nos. 243-47) (the "November TRO Request") in the above-referenced matter. Plaintiffs ask this Court to impose extraordinary restraints on "Meteora," even though Meteora is not a legal entity, cannot be sued, and cannot be enjoined. Plaintiffs have never alleged facts showing otherwise. Having attempted and failed to obtain injunctive relief in the form of an asset freeze on two separate occasions (*see* ECF Nos. 138, 220), Plaintiffs now rebrand their request as "evidence-preservation." (ECF No. 244 at 6.) But Plaintiffs once again disregard the threshold pleading defects in seeking relief from Meteora in the first place. For this reason, among others, the November TRO Request should be denied in its entirety.

    As previously explained, Dynamic Labs is the company that developed the underlying source code and smart contracts for Meteora and deployed the protocol on the Solana blockchain. (*See, e.g.*, ECF No. 181 at 1; ECF No. 209 at 1, 6; ECF No. 223 at 1, 4-5, 9; ECF No. 240 at 1, 3.) For the reasons sets forth in Dynamic Labs' dismissal briefs, the Meteora software—either the Meteora protocol that Dynamic Labs deployed on the Solana blockchain or the technical tools that it provides to users to access the Meteora protocol—is not a legal entity, and it therefore lacks the capacity to be sued. (*See* ECF No. 223 at 8-14; ECF No. 240 at 2-4.) Because an injunction may only bind a party or other persons in active concert with a party (*see* Fed. R. Civ. P. 65(d)(2)), Plaintiffs' failure to allege that Meteora is a legal entity with the capacity to be sued is fatal to the relief they seek. Plaintiffs cannot obtain injunctive relief from a non-entity. *See e.g.*, *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 382-84 (2d Cir. 2021) (explaining that entities lacking legal existence lack the capacity for suit); *United States ex rel. Gordon v. Shiel Med. Lab'y*, 2025 WL 949432, at *8 (E.D.N.Y. Mar. 29, 2025) ("[A] party lacking legal existence lack[s] standing to sue or be sued." (alteration in original) (internal quotation marks and citation omitted)); *Willard v. Town of Hamburg*, 1996 WL 607100, at *2 (W.D.N.Y. Sept. 30, 1996) (finding "no basis in New York law" to seek injunctive relief against entities without legal capacity).

    Even if Plaintiffs could seek relief from Meteora, Plaintiffs do not come close to satisfying the requirements of Rule 65. Plaintiffs have not clearly shown any likelihood of success on the merits or



Hon. Jennifer L. Rochon
November 21, 2025
Page 2

serious questions as to the merits.  In fact, during oral argument on Plaintiff Omar Hurlock's first request for a preliminary injunction, the Court stated that it was "extremely skeptical about whether plaintiff would have established a likelihood of success on the merits or serious questions as to the merits."  (August 19, 2025, Preliminary Injunction Oral Argument Transcript (ECF No. 156-2) at 66:2-9.)  Plaintiffs' latest request for injunctive relief simply repeats the same theories.  For the reasons in Dynamic Labs' dismissal briefs, Plaintiffs still have not established a likelihood of success on the merits or serious questions as to the merits based on the allegations in the First Amended Class Action Complaint or the Proposed Second Amended Class Action Complaint, and the November TRO Request adds nothing to those allegations.  (*See generally* ECF No. 223 at 8-29; ECF No. 240 at 2-12.)

Plaintiffs also fail—once again—to demonstrate irreparable harm.  They speculate that ordinary on-chain transfers could result in future anonymization that might impede their forensic tracing.  (ECF No. 244 at 15.)  But Plaintiffs identify no evidence actually being destroyed, and their arguments are wholly inapplicable to transactions on the blockchain ledger, which—as Plaintiffs know (*see* ECF No. 245 ¶ 20)—is immutable.  Every transaction they cite remains permanently encoded on-chain.  The actions of consolidating assets, swapping tokens, or moving funds between transparent wallets do not destroy anything.  Plaintiffs themselves rely on public explorers, and their own declarant admits that the record he is tracing is publicly visible.  (*See* ECF No. 244 at 10-12; ECF No. 246 ¶¶ 2-3.)

Plaintiffs' only cited "test anonymization" transaction to support any purported irreparable harm is not tied to any particular Defendant; Rule 65 does not authorize injunctive relief based on hypothetical, unmoored predictions of future conduct.  *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) ("[I]rreparable harm . . . must be neither remote nor speculative, but actual and imminent." (internal quotation marks and citation omitted)); *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 472 F. Supp. 3d 88, 93 (S.D.N.Y. 2020) (denying preliminary injunction where alleged harm was too speculative).  This Court already has denied two requests for a freeze, finding that Plaintiffs' irreparable harm arguments were "[]speculative."  (ECF No. 156-2 at 60:24-61:7; *see also* ECF No. 220 at 2.)

Indeed, the Court has already addressed—and rejected—this precise theory.  After Plaintiffs' first freeze request was denied (ECF No. 138), they returned with a second request through their Rule 52(b) motion (ECF No. 150) and Rule 54(d), 65, and 52(a)(2) motion (ECF No. 154), pointing specifically to alleged post-TRO wallet movement as proof of "dissipation."  (*See, e.g.*, ECF No. 196 at 4, 12.)  The Court denied those motions as well, holding that Plaintiffs had identified no "new evidence" and noting that it had previously rejected Plaintiffs' asset dissipation concerns.  (ECF No. 220 at 2.)  Plaintiffs' latest attempt to repackage that same theory as "evidence-preservation" should not change that conclusion.

In substance, Plaintiffs seek the same relief the Court already rejected in August (*see* ECF No. 138) and again last month (*see* ECF No. 220):  restraints on how certain wallets may transact.  Plaintiffs seek to bar the identified wallets from entire categories of transactions without showing who controls the wallets at issue, that any Defendant has attempted to destroy evidence, or that any evidence is at risk.



Hon. Jennifer L. Rochon
November 21, 2025
Page 3

There is no authority for issuing a pre-spoliation injunction where no evidence has been destroyed and where there is no danger that evidence will be destroyed.

The remaining Rule 65 factors likewise weigh heavily against relief. The balance of equities disfavors an order that would impose restraints on wallets Plaintiffs cannot tie to any Defendant, and Plaintiffs identify no concrete harm that would result from allowing ordinary, on-chain activity to continue. Further, the public interest in principled application of Rule 65 does not permit injunctions based on the same defective and conjectural theories the Court previously rejected or against non-entities that are beyond the Court's jurisdictional reach.

For all of these reasons, Plaintiffs' application should be denied in its entirety.

*    *    *

We are available at the Court's convenience if you have any further questions.

Respectfully submitted,

*/s/ Meghan K. Spillane*
Meghan K. Spillane
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: (212) 813-8800
E: mspillane@goodwinlaw.com

*Counsel for Intervenor Dynamic Labs Limited*