# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| 900 16th STREET, N.W. Suite 500 | 221 W. 10th STREET | 20 FENCHURCH STREET |
|---|---|---|
| WASHINGTON, DC 20006 | WILMINGTON, DE 19801 | LONDON EC3M 3BY |
| (202) 862-8900 | (302) 884-0000 | +44 (0) 20 7920 9800 |

November 22, 2025

**RE:** *Hurlock* v. *Kelsier Ventures, et al.*, No. 25 Civ. 03891 (JLR)

Dear Judge Rochon:

     We represent Defendant Benjamin Chow in the above-referenced matter and write in opposition to Plaintiffs' November 19, 2025, Emergency Motion for Temporary Restraining Order (Dkt. 244, the "Motion"), which seeks an order prohibiting digital wallets that Plaintiffs allege are connected to the $LIBRA launch (the "$LIBRA Wallets")[1] from engaging in certain transactions to prevent the conversion of "traceable digital assets into untraceable formats." (Dkt. 242 at 1). This is Plaintiffs' fourth attempt to obtain a TRO or similar extraordinary relief in this case, but Plaintiffs cannot make the clear showing required for injunctive relief,[2] and the request to enjoin Mr. Chow should be denied for at least four reasons.

     ***First***, Plaintiffs do not allege that Mr. Chow controls any of the $LIBRA Wallets or was involved in the alleged transactions motivating the TRO request. Nor could they. Mr. Chow does not control any of the $LIBRA Wallets and has no ability to move any of the digital assets in those wallets. Because Mr. Chow lacks the authority to prevent the movement of any assets in the at-issue wallets, the request should be denied. *See Swan* v. *Board of Education of City of Chicago*, 956 F. Supp. 2d 913, 918 (N.D. Ill. 2013) ("[I]f a defendant does not have the authority to carry out the injunction, a plaintiff's claim for injunctive relief must be dismissed because the Court cannot enjoin a defendant to act in any way that is beyond the defendant's authority in the first place." (internal quotation marks and brackets omitted)).

     ***Second***, Plaintiffs cannot demonstrate that they would be irreparably harmed if the proposed TRO is denied. As the Court held when denying Plaintiffs' first request for a preliminary injunction, there is no risk of irreparable harm from the movement of assets held in the $LIBRA Wallets because "money damages would be available to compensate the putative class for defendants' alleged conduct should plaintiffs prevail" and Plaintiffs failed to show any non-

---

[1] *See* Dkt. 247 (Proposed Order) ¶ 19(a).
[2] As the Court explained when denying Plaintiffs' motion for a preliminary injunction, the party moving for this extraordinary relief carries the burden of persuasion and must, by a clear showing, demonstrate: "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that [the TRO] is in the public interest." (August 19, 2025 Tr., Dkt. 156-2 at 54:23-55:3).

CAHILL GORDON & REINDEL LLP

-2-

speculative risk of asset dissipation. (August 19, 2025 Tr., Dkt. 156-2 at 55:15-65:24).[3] Nothing in Plaintiffs' Motion changes the nature of the relief they are seeking in this action (money damages) or establishes there is any asset dissipation risk with respect to Mr. Chow.

To be sure, Plaintiffs attempt to sidestep the Court's prior holdings by framing their request as one for an "evidence-preservation order, not an asset-preservation order." (Motion at 6). Plaintiffs argue that the TRO is necessary "to prevent the effective destruction of uniquely probative blockchain evidence," and they speculate that without the TRO "they will permanently lose the forward-looking evidentiary record that shows who receives LIBRA proceeds, how profits are allocated among insiders and associates, and how those flows correlate with public statements and market events." (Motion at 6-7). But this also does not establish irreparable harm.

To start, Plaintiffs admit that no destruction of evidence is actually occurring. They concede that "[t]he on-chain evidence that currently ties [those] wallets to LIBRA and to each other will remain." (Motion at 12). No evidence is at risk of destruction, and, as Plaintiffs' own cited authorities acknowledge, this is fatal to their request. (*See* Motion at 17 (citing *United States v. Sum of $70,990,605*, 991 F. Supp. 2d 154, 163 (D.D.C. 2013), which denied relief "because the movants had failed to present concrete proof that destruction was actually occurring")).

Moreover, Plaintiffs' suggestion that future events may anonymize certain transactions and prevent asset tracing is too speculative to establish irreparable harm. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (irreparable harm must be "neither remote nor speculative, but actual and imminent." (internal quotation marks and citation omitted)). And even if Plaintiffs' suggestion were not purely speculative, any purported "harm" would not be irreparable because Plaintiffs could use readily available discovery tools to investigate any future transactions relating to the $LIBRA Wallets.

**Third**, Plaintiffs cannot show a clear likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation because they fail to state a claim against Mr. Chow. As Mr. Chow has explained on several occasions, Plaintiffs' claims against him are built on improper group pleading, conclusory assertions, and speculative inferences that fail to connect him to any actionable misconduct. The claims fail because Plaintiffs do not allege false statements or other misconduct by Mr. Chow, a duty to disclose, scienter,

---

[3] *See also* Dkt. 220 at 2 (denying Plaintiffs' attempt to "reiterate and repackage their earlier arguments regarding the risk of asset dissipation in the cryptocurrency context" that the Court had "already rejected"); Dkt. 210 at 3 (denying Plaintiffs' request to appoint a monitor because "the Court already considered substantially similar arguments in connection with the earlier PI motion regarding the risk of asset dissipation and the inadequacy of legal remedies and found them without merit.").

CAHILL GORDON & REINDEL LLP

-3-

causation, a RICO injury or enterprise, or facts suggesting that Mr. Chow engaged in or agreed to participate in any purported "scheme."[4]

Moreover, Plaintiffs' evidentiary showing is no stronger now than it was when the Court denied Plaintiffs' first request for a preliminary injunction and explained that it was "extremely skeptical about whether plaintiff would have established a likelihood of success on the merits or serious questions as to the merits." (August 19, 2025 Tr., Dkt. 156-2 at 66:5-7). Plaintiffs' November 19 filings do not add any factual support that would alter this merits analysis, and, as detailed in Mr. Chow's Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. 228 at 3-7), the Second Amended Complaint ("SAC," Dkt. 205-1) is not materially different than Plaintiffs' First Amended Complaint ("FAC," Dkt. 115). Although the SAC was completely redrafted and adds rhetorical flourishes, it repeats the same flawed theory of liability advanced in the FAC and does not add any new, material factual allegations. (*See* Dkt. 228 at 3-7 (explaining the SAC's cosmetic and inconsequential additions)). Simply put, the proposed SAC still fails to plead viable claims against Mr. Chow. (*Id.* at 11-23 (explaining that each claim still fails as a matter of law)). Plaintiffs' repeated and vexatious attempts to re-litigate the merits through successive emergency filings should only reinforce, rather than dispel, the Court's skepticism about the fundamental weakness of Plaintiffs' claims.

***Finally***, and for the same reasons set forth in Mr. Chow's previous oppositions to Plaintiffs' motions for injunctive relief,[5] the Motion should be denied because the balance of equities does not favor Plaintiffs and granting the TRO would not be in the public interest.

Ultimately, Plaintiffs are seeking the same relief—restrictions on how certain wallets may transact—that the Court has already twice rejected. For the reasons set forth above, Mr. Chow respectfully submits that the Court should deny Plaintiffs' (vexatious) third request for this extraordinary relief on the papers submitted. To the extent the Court wishes to hold a hearing on the Motion, counsel for Mr. Chow respectfully requests that any such hearing be held virtually in light of the Thanksgiving holiday next week.

---

[4] *See* Chow's Opp'n to Pl.'s Mot. for a Temporary Restraining Order and Preliminary Injunction, Dkt. 53 at 16-23; Chow's Sur-Reply in Opp'n to Pl.'s Mtn. for Temporary Restraining Order and Preliminary Injunction, Dkt. 132 at 4-8; Mot. for Extension of Time or in the Alternative, to Deny Pls.' Deficient and Wasteful Motions [ECF 150 and 154], Dkt. 165 at 2-3; Chow's Mem. of Law in Supp. of His Mot. to Dismiss the Am. Class Action Compl., Dkt. 176 at 11-32; Chow's Mot. to Dismiss Reply, Dkt. 238 at 1-11; Chow's Mem. of Law in Opp'n to Pls.' Mot. for Leave to File a Second Am. Compl., Dkt. 228 at 11-24.

[5] *See* Chow's Opp'n to Pl.'s Mot. for a Temporary Restraining Order and Preliminary Injunction, Dkt. 53 at 23-24; Chow's Sur-Reply in Opp'n to Pl. Mtn. for Temporary Restraining Order and Preliminary Injunction, Dkt. 132 at 9; Mot. for Extension of Time or in the Alternative, to Deny Pls.' Deficient and Wasteful Motions [ECF 150 and 154], Dkt. 165 at 3.

CAHILL GORDON & REINDEL LLP

-4-

                            Respectfully submitted,

                            /s/ *Samson Enzer*
                            Samson Enzer

Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**VIA ECF**

cc: All attorneys via ECF