UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR HURLOCK and ANUJ MEHTA, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

KELSIER LABS, LLC, d/b/a KELSIER VENTURES, HAYDEN MARK DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, METEORA, an unincorporated association, and BENJAMIN CHOW,

Defendants.

Case No. 1:25-cv-03891 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs Omar Hurlock ("Hurlock") and Anuj Mehta ("Mehta"), on behalf of themselves and all others similarly situated, sued Defendants Kelsier Ventures ("Kelsier"), Kip Protocol ("Kip"), Hayden Davis ("H. Davis"), Gideon Davis ("G. Davis"), Meteora ("Meteora"), Thomas Davis ("T. Davis"), Julian Peh ("Peh"), and Benjamin Chow ("Chow") for Defendants' alleged scheme to defraud investors regarding the $LIBRA token. *See* Dkt. 115 ("First Amended Complaint" or "FAC"). H. Davis has filed a motion to unseal the items filed at Dkts. 34, 35, 36, 37, 39, 40, and 41. *See* Dkt. 92. For the reasons that follow, the Court GRANTS in part and DENIES in part this motion.

## BACKGROUND

### I. Factual Background

The Court assumes the parties' familiarity with the basic facts of this case and provides only a brief review of events related to the sealed documents. Hurlock originally brought this

putative class action in state court.[1] *See* Dkt. 1. On May 9, 2025, Defendant Chow removed the case to federal court. *Id.* For the first month of the litigation, three attorneys entered appearances for Hurlock: Max Burwick of Burwick Law, PLLC ("Burwick Law"), Margaret Hoppin of Hoppin Grinsell LLP ("Hoppin"), and Timothy Treanor of Treanor Law, PLLC, which is now Treanor Devlin Brown PLLC ("Treanor Law"). *See* Dkts. 11, 12, 22. On May 21, 2025, Hurlock moved for a temporary restraining order and a preliminary injunction to freeze the assets held by Defendants, *see* Dkt. 13, which the Court granted on May 27, 2025, *see* Dkt. 19. The Court docketed its Order on May 29, 2025, after Defendants were served, and scheduled a preliminary injunction hearing for June 9, 2025, *id.*, which was later adjourned to August 19, 2025, *see* Dkt. 62.

On June 10, 2025, Treanor Law filed an *ex parte* letter under seal requesting guidance on filing a sensitive motion concerning the termination of Treanor Law. Dkt. 34. Burwick Law responded on June 11, 2025, opposing the request and asserting that Treanor Law no longer represented Hurlock, attaching a termination letter. Dkt. 35. The Court ordered Hurlock to file a sworn affidavit confirming that he terminated Treanor Law as counsel in this matter. Dkt. 36. Hurlock thereafter filed an affidavit indicating that he terminated Treanor Law as his counsel. Dkt. 37.

---

[1] Plaintiff Omar Hurlock originally brought this putative class action in state court against Defendants Kelsier Ventures, KIP Protocol, Hayden Davis, Gideon Davis, Meteora, Thomas Davis, Julian Peh, and Benjamin Chow, asserting various state-law claims arising from an allegedly fraudulent cryptocurrency scheme around the public launch of the $LIBRA token. *See* Dkt. 1. The complaint was since amended on July 30, 2025, adding Anuj Mehta as a Plaintiff, removing Julian Peh and KIP Protocol as Defendants, and adding Charles Davis as a Defendant. *See* Dkt. 115 ("First Amended Complaint" or "FAC"). Since the sealed documents were filed prior to the FAC, the Court will only refer to Hurlock as the Plaintiff in the suit.

Treanor Law subsequently filed a motion disputing that Hurlock knowingly consented to the termination of Treanor Law with full information and sought the appointment of Treanor Law as interim class counsel, *see* Dkt. 39, which Burwick Law and Hoppin opposed, *see* Dkts. 40, 41. The Court held a conference on June 27, 2025 where Hurlock was present. The Court discussed the motion filed by Treanor Law and confirmed directly with Hurlock that, notwithstanding the items raised by Treanor Law, he still intended to terminate Treanor Law as his counsel. The Court thereafter denied Treanor Law's motion to be appointed interim class counsel because of the procedural posture of the case and informed termination of Treanor Law by Hurlock. Treanor Law thereafter moved to withdraw on June 28, 2025, which the Court granted on June 30, 2025. *See* Dkts. 58, 59.

## II. Procedural History

On July 10, 2025, H. Davis filed a motion to unseal the items filed at Dkts. 34, 35, 36, 37, 39, 40, and 41, on the grounds that the common law presumption of public access applies to these filings. *See* Dkt. 92. Hurlock opposed the motion, claiming that countervailing confidentiality factors, including the potential for revealing client confidential and privileged communications and the work product doctrine, outweighed the presumption of public access. Dkt. 101. On July 17, 2025, the Court ordered Hurlock to submit proposed redactions and supplemental briefing for the court to conduct an *in camera* review of the documents and unseal documents — or portions thereof — for which the presumption of public access outweighs any countervailing interests. *See* Dkt. 103. Hurlock complied with this order, proposing redactions on July 23, 2025. Dkt. 108.

The Court has conducted an *in camera* review of these proposed redactions, and for the following reasons, the Court GRANTS in part and DENIES in part the motion the unseal.

## DISCUSSION

### I. Legal Standard

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access . . . ." *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). Since Article III judges are shielded from electoral accountability, preserving the public confidence to "the conscientiousness, reasonableness, [and] honesty of judicial proceedings" requires vigorous "professional and public monitoring." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amadeo II*")). "Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions." *Id.* (quoting *Amadeo II*, 71 F.3d at 1048). Therefore, a judicial document may be sealed only when there is a strong countervailing interest against public access. *Id.*

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit articulated a three-step analysis to decide whether material filed with the court can remain under seal. *Id.* First, the court must "conclude that the documents at issue are indeed 'judicial documents,'" meaning that the item is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* Second, the court will "determine the weight of that presumption" which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Lastly, the court weighs the presumption of public access attached to the document against the countervailing factors, such as privacy interests. *Id.* at 120.

The *Lugosch* test also requires that courts analyze each document individually rather than rely on general statements and assertions about the countervailing interests about a set of documents. *See Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) (reversing and remanding a district court's decision to seal relevant judicial documents in part because the court "fail[ed] to conduct an individualized review of the sealed materials"); *Freeman v. Giuliani*, No. 24-cv-06563 (LJL), 2024 WL 5202554, at *3 n.4 (S.D.N.Y. Dec. 23, 2024) ("[T]he Court has an 'independent obligation to ensure that documents relevant to the judicial function are accessible to the public . . . .'" (quoting *Laura Laaman & Assocs., LLC v. Davis*, No. 16-cv-00594 (MPS), 2019 WL 3716512, at *1 (D. Conn. Aug. 7, 2019))). If possible, courts will work with the parties to redact sensitive information, so as to allow the maximum amount of public access while respecting legitimate privacy interests. *See Brown*, 929 F.3d at 51 ("The [d]istrict [c]ourt can directly communicate with the parties, and can therefore more swiftly and thoroughly consider particular objections to unsealing specific materials" and "can obtain the parties' assistance in effecting any necessary redactions . . . .").

## II. Application

As a threshold matter, the materials filed at Dkts. 34, 35, 36, 37, 39, 40, and 41, are judicial documents. A judicial document is an item filed with the court that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amadeo I*")). "[A] court 'perform[s] the judicial function' not only when it rules on motions currently before it, but also when properly exercising its inherent 'supervisory powers.'" *Brown*, 929 F.3d at 49 (insertion in original) (quoting *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 135 (2d Cir. 2017)). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on

a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* (emphasis in original) (quoting *Amodeo I*, 44 F.3d at 145–46). The items at Dkts. 34, 35, 36, 37, 39, 40, and 41 were filed in relation to issues presented to the Court regarding the ongoing representation of Hurlock, including a motion to appoint interim class counsel and are therefore judicial documents. *Cf. Broidy v. Glob. Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 WL 5447267, at *3 (S.D.N.Y. Aug. 24, 2023) (finding exhibits containing information related to a client's decision to substitute defense counsel were "clearly judicial documents as they are proposed to be filed for the purpose of" defending the defense counsel against a "Motion for Sanctions").

The Court will next weigh the presumption of public access against countervailing factors, including non-disclosure of attorney-client communications, confidential client information, and work product information regarding legal strategies in this case. "Once an item is deemed relevant to the exercise of judicial power, 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Brown*, 929 F.3d at 49 (quoting *Amodeo II*, 71 F.3d at 1049); *accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). The inquiry centers on "whether the document 'is presented to the court to invoke its powers or affect its decisions.'" *Bernstein*, 814 F.3d at 142. The presumption is at its strongest when documents "'directly affect an adjudication' or are used to determine substantive rights, or are used to determine litigants' substantive legal rights . . . and can be overcome only by 'extraordinary circumstances'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1048–50). "Where a document's 'role in the performance of

Article III duties' is 'negligible . . . the weight of the presumption is low.'" *Bernstein*, 814 F.3d at 142 (quoting *Amodeo II*, 71 F.3d at 1050).

Countervailing considerations here include protecting from disclosure confidential client information, such as privileged communications and legal strategies, that could prejudice the client if disclosed. Courts "routinely" allow papers submitted in connection with a motion regarding attorney representation to be filed under seal "where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel" and "to protect the client from being prejudiced by the motion." *Vick on behalf of Vinco Ventures, Inc. v. Hudson Bay Master Fund Ltd.*, No. 24-cv-00446 (JGLC) (KHP), 2024 WL 923417, at *1 (S.D.N.Y. Mar. 4, 2024) (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006)); *Brown v. Montefiore Med. Ctr.*, No. 19-cv-11474 (ALC) (JLC), 2022 WL 3332640, at *1 (S.D.N.Y. Aug. 12, 2022); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-cv-09262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998). The work product doctrine also "shields from disclosure materials prepared 'in anticipation of litigation' by a part or the party's representative, absent a showing of substantial need." *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) (quoting Fed. R. Civ. P. 26(b)(3)). This doctrine "establish[es] a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." *Id.*

Having reviewed the documents *in camera* and considered Hurlock's proposed redactions, the Court will grant the motion to unseal the documents in part and will order the documents to be unsealed with limited redactions to prevent disclosure of confidential client information, including communications protected by attorney client privilege and the work product doctrine.

1. *Dkt. 34*

Dkt. 34 is a letter filed by Treanor Law asking the Court for guidance on filing a future motion and Dkt 34-1 is a proposed order regarding briefing of that motion. Given the limited role of this preliminary letter in the Court's exercise of judicial power and the inclusion of sensitive client information and information that may be prejudicial to the client if disclosed, the Court will unseal the documents with redactions of such information.

2. *Dkt. 35*

Dkt. 35 includes Burwick Law's response to the letter filed by Treanor Law at Dkt. 34, and Dkt. 35-1 is Hurlock's letter terminating Treanor Law as his attorney. For the same reasons articulated with respect to Dkt. 34, this preliminary letter will be unsealed with redactions of confidential client information.

The attachment to the letter, Dkt. 35-1, will be unsealed in its entirety because it is Hurlock's termination letter sent to Treanor Law. "Courts have regularly held that 'communications concerning the termination of the retainer agreement are not privileged.'" *Oakley v. MSG Networks, Inc.*, No. 17-cv-06903 (RJS), 2025 WL 307413, at *3 (S.D.N.Y. Jan. 27, 2025) (quoting *Hayden v. Int'l Bus. Machines Corp.*, No. 21-cv-02485 (VB) (JCM), 2023 WL 4622914, at *4 (S.D.N.Y. July 14, 2023)). Such letters, or portions thereof, are privileged only if they "convey 'litigation strategy or other confidential information.'" *Id.* (*Terpin v. Pinsky*, No. 20-cv-03557 (CS) (AEK), 2022 WL 3572928, at *3 (S.D.N.Y. Aug. 19, 2022)). This termination letter does not reveal privileged or otherwise confidential information and Plaintiff does not object to its unsealing as set forth in its proposed redactions. *See* Dkt. 108.

3. *Dkt. 36*

Dkt. 36 reflects the Court's letter endorsement to Treanor Law's letter at Dkt. 34 with the Court's ruling on its request, which will be minimally redacted to exclude the Court's

instructions regarding confidential information. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("[A] court's decisions are adjudications—direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing." (alteration in original) (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998))).

*4. Dkt. 37*

Dkt. 37 and Dkt. 37-1 are the affidavit of Hurlock and the termination letter previously discussed, respectively. The Court next finds that these items do not present countervailing interests that overcome the presumption of public access. The affidavit was requested by the Court and the information contained therein does not reflect any privileged or confidential communications or information and instead attests that he has terminated Treanor Law as counsel in this matter. Therefore, the Court will unseal Dkts. 37 and 37-1.

*5. Dkt. 39*

Dkt. 39 is Treanor Law's motion to be appointed interim class counsel; Dkt. 39-1 is Timothy Treanor's Declaration in support; Dkt. 39-2 is Treanor Law's memorandum of law in support of its motion; and Dkt. 39-3 is a proposed order granting Treanor Law's motion. While the presumption of public access is higher given that these documents consist of a motion brought before the Court, some of the information contained in these materials is confidential client information that may be prejudicial to the client if disclosed, including material reflecting attorney-client communications or specific (contemplated or pursued) legal strategies associated with this matter.

The Court will therefore unseal these documents with limited redactions of certain confidential portions for which disclosure does not overcome the presumption of public access.

*6. Dkt. 40*

Dkt. 40 contains Burwick Law's letter in response to the motion filed by Treanor Law. The Court will unseal the materials filed at Dkt. 40 with minimal redactions to prevent the disclosure of confidential client information and work product litigation strategy.

*7. Dkt. 41*

Dkt. 41 is Hoppin's brief opposition to Treanor Law's motion. The letter contains no confidential client information or litigation strategy and instead reserves the right to respond to Treanor Law's motion to be appointed interim class counsel if the Court were to entertain briefing on the motion. Thus, there are no countervailing factors that outweigh the presumption of public access, and the Court will unseal this document.

**CONCLUSION**

For the reasons stated above, the motion to unseal is GRANTED in part and DENIED in part. The Court will unseal Dkts. 37 and 41 in full and will unseal Dkts. 34, 35, 36, 39, 40 with redactions. The Court therefore directs the Clerk of the Court to file the attached documents with the approved redactions.

The Clerk of the Court is respectfully directed to terminate the motion at Dkt. 92.

Dated: December 9, 2025
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge