The Treanor Law Firm

**TIMOTHY J. TREANOR**
Managing Principal
+1 (212) 858-8090 w
+1 (917) 445-3440 m
ttreanor@treanor-law.com

Treanor Law PLLC
666 Third Avenue, 21st Floor
New York, NY 10017

June 10, 2025

**FILED BY ECF/EX PARTE**
**TO BE FILED UNDER SEAL**
The Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street New York, NY 10007

Re: *Hurlock* v. *Kelsier Ventures, et al.*, 25 CV 03891

Dear Judge Rochon:

This firm is counsel of record for Plaintiff, Omar Hurlock, in the above-referenced matter, a putative class action. We write to seek guidance from the Court on how to approach filing a sensitive motion relating to the purported termination of Treanor Law from this matter. [redacted]

In seeking Treanor Law's removal, Burwick has demanded that I file a motion to withdraw that his firm prepared and electronically signed on my behalf representing that Hurlock seeks the withdrawal and that it will not adversely impact the case. I do not believe that these representations are true. [redacted]

We have prepared a motion detailing the grounds for my concerns and proposing remedial measures [redacted] The motion and supporting materials include what I believe to be client "confidential information" subject to the protections of Rule 1.6 of the Rules of Professional Conduct, [redacted] Rule 1.6

material can be disclosed "where permitted or required under these Rules or to comply with law or court order," among other reasons. *See* NYRPC 1.6(b)(6). Accordingly, I request that the Court order me to file, in the first instance, the Motion and supporting documents with the Court *in camera* and *ex parte*, except with regards to Burwick Law, and that responses to this letter and the Motion itself be handled in the same fashion.

I believe that submitting the Motion and supporting documents *in camera* and *ex parte*, at least in the first instance, will enable the Court to proceed in a manner that minimizes any disclosure of any client confidential information and avoids any unnecessary reputational harm to Burwick.

[redacted]

We also request permission to file this letter *ex parte* and under seal, at least in the first instance. In addressing a request to seal, the Court must balance the public's right to access judicial documents against the need to protect sensitive information. *See* Lugosch *v.* Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Although there is a presumption of public access, that presumption can be overcome by a demonstration that countervailing factors require sealing, *id.* at 124, which in this case include references to "confidential information" under Rule 1.6 [redacted] We respectfully suggest that the Court will be in a better position to assess the need for sealing of this letter once it has reviewed the Motion and response.

In accordance with Your Honor's individual rules of practice, we met and conferred with counsel for Burwick Law regarding the request to seal this letter, and the firm has been advised that it is has three days to provide grounds to the Court for its position.

We have prepared a Proposed Order directing parties to proceed in the manner we suggest above, but are of course prepared to move forward in whatever way the Court deems appropriate. I am available at the Court's convenience should the Court have any questions about this matter.

Respectfully submitted,

/s/ Timothy J. Treanor
Timothy J. Treanor
Managing Principal