**BURWICK LAW**
*43 W 43rd St, Suite 114*
*New York, NY 10036*

**FILED BY ECF/EX PARTE**

**TO BE FILED UNDER SEAL**

June 11, 2025

The Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street New York, NY 10007

Re: *Hurlock v. Kelsier Ventures, et al.*, Case No. 25-cv-03891

Dear Judge Rochon:

I am counsel for Plaintiff Omar Hurlock in this action. I write in response to the letter dated June 10, 2025 submitted to this Court under seal by Timothy Treanor (the "Letter"), to oppose the unusual and unwarranted relief requested therein, and to request that the Letter be stricken from the record in this action.

The Letter references an unidentified "sensitive motion" that "relat[es] to the purported termination of Treanor Law from this matter." Lttr. at 1. Mr. Treanor has not provided my firm with any additional information about this "sensitive motion," [redacted] Further, while the Letter states that Mr. Treanor "met and conferred with counsel for Burwick Law regarding the request to seal this letter" and "advised that [Burwick Law] has three days to provide grounds to the Court for its position," I understand that Mr. Treanor has never "advised" my firm of this purported deadline.[1]

To the extent the Letter seeks leave for Mr. Treanor to file a motion, this Court should deny that request because Mr. Treanor is not authorized to represent any party in this action. His representation of Plaintiff Omar Hurlock has been validly terminated by Mr. Hurlock in writing.[2] Further, Mr. Hurlock has directed Mr. Treanor in writing to file a motion to withdraw as co-counsel in this matter. To date, Mr. Treanor has improperly refused to comply with that written instruction. Treanor Law has also been validly terminated under the terms of its co-counsel agreement with Burwick Law. Mr. Hurlock has given his informed written consent to joint representation by Burwick Law and Hoppin Grinsell LLP.

---

[1] My colleague Thomas Seaman, consulting general counsel for Burwick Law, has been primarily responsible for handling the firm's communications with Mr. Treanor since his termination.

[2] A copy of Mr. Hurlock's written notice of termination to Mr. Treanor as well as Hurlock's written direction to Mr. Treanor to file a notice of withdrawal is attached hereto as **Exhibit A.**

Hon. Jennifer L. Rochon
June 11, 2025
Page 2

[redacted]

[redacted] urwick Law, trusted by more than 4,000 digital-asset clients, is a leading crypto litigation firm whose in-house investigations team, steeped in technical and cultural crypto expertise and backed by two decades of blockchain experience, transforms intricate on-chain data into clear, persuasive legal arguments. That expertise permitted Burwick Law to identify the sophisticated scheme at issue in this matter; to trace its proceeds; and to develop and file this action, all *without* Mr. Treanor.

Recent litigation highlights include appointment as co-lead counsel in *Rodriguez Mena v. Shultz*, Case No. 1:24-cv-08695 (E.D.N.Y.) (Hawk Tuah memecoin securities class action), an unopposed motion for co-lead counsel in *Aguilar v. Baton Corp,* Case No. 1:25-cv-00880 (S.D.N.Y.) (landmark crypto securities case with alleged losses in the billions), and the newly filed M3M3 securities fraud putative class action now pending before this Court, underscoring our proven strength in high-stakes digital-asset matters. That same expertise—and its wide recognition among retail crypto investors like Mr. Hurlock—is why over 300 members of the proposed class in this action retained *Burwick Law* to prosecute their claims. Hoppin Grinsell, successor co-counsel in this action, likewise has significant experience in crypto class actions and complex litigation.

For these reasons, Mr. Treanor should not be permitted to file further submissions on behalf of Mr. Hurlock in this action and the Letter should be stricken from the record. Mr. Treanor's improper effort to make his own valid termination as co-counsel a subject for litigation should not be countenanced. [redacted] In the alternative, should the Court be inclined to grant Mr. Treanor any form of relief, we respectfully request that the Court first (i) direct Mr. Treanor to promptly provide my firm with a copy of the "sensitive motion" described in the Letter; and (ii) conduct an *ex parte* status conference with Burwick Law and Mr. Treanor.

I am available at the Court's convenience.

Hon. Jennifer L. Rochon
June 11, 2025
Page 3

Respectfully submitted,

/s/ Max L. Burwick

Max L. Burwick
Managing Partner
**Burwick Law, PLLC**
(917) 716-6177, max@burwick.law

FILED UNDER SEAL