March 13, 2026

**VIA ECF**

The Honorable Judge Jennifer L. Rochon
United States District Judge
500 Pearl Street
New York, New York 10007

        RE:    *Hurlock* v. *Kelsier Ventures, et al.*, No. 25 Civ. 03891 (JLR)

Dear Judge Rochon:

      Defendant Benjamin Chow and non-party Dynamic Labs Limited ("Dynamic Labs") respectfully submit this letter to bring to the Court's attention *Risley* v. *Universal Navigation Inc.*, 2026 WL 572065 (S.D.N.Y. Mar. 2, 2026) ("*Risley III*"), a recent decision by Judge Failla that supports dismissal of the complaint and denial of Plaintiffs' motion for leave to amend.

      In *Risley III*,[1] Judge Failla dismissed claims for aiding and abetting fraud and negligent misrepresentation, violations of consumer protection statutes, and unjust enrichment where the plaintiffs alleged that the defendants (Uniswap Labs and its CEO Hayden Adams) created a decentralized cryptocurrency exchange (the Uniswap Protocol trading platform) that unidentified token issuers used to sell allegedly fraudulent tokens to the plaintiffs.

      In dismissing plaintiffs' claims for aiding and abetting fraud and negligent misrepresentation, Judge Failla reiterated that "Plaintiffs cannot hold Defendants liable for the misconduct of the unidentified third-party issuers."  2026 WL 572065, at *5.  Like the Amended Complaint (Dkt. 115) and Proposed Second Amended Complaint (Dkt. 205-1) here, the *Risley* plaintiffs alleged the defendants created a platform with features that allowed others to commit fraud.  Judge Failla held that this was insufficient to state claims "for the same reasons why a bank does not substantially assist a money launderer who washes his cash through the bank's accounts, and why WhatsApp does not substantially assist a drug dealer who coordinates a sale on its messaging service: Simply providing the platform on which a fraud takes place is not the same as substantially assisting that fraud."  *Risley III*, at *9.  The same is true here: Plaintiffs improperly seek to hold Mr. Chow liable—as an individual and as a member of a purported unincorporated association that Plaintiffs call "Meteora"—for others' alleged misconduct simply because he developed, and provided technical support to users of, the Meteora software.  (*See* Dkt. 176 at 11-17; Dkt. 223 at 16-21; Dkt. 228 at 12-15; Dkt. 240 at 6-8, 10-11).  But as Judge Failla explained, "merely creating an environment where fraud could exist" or "'allowing' the fraud to occur" is

---

[1] *Risley III* is the third opinion to address the merits of the *Risley* plaintiffs' claims.  In *Risley I*, Judge Failla dismissed federal securities claims, and declined to exercise supplemental jurisdiction over the remaining state law claims.  690 F. Supp. 3d 195 (S.D.N.Y. 2023).  In *Risley II*, the Second Circuit affirmed dismissal of the federal securities claims because it "defies logic" to suggest a software developer could be held liable for "a third-party user's misuse of the platform," 2025 WL 615185, at *4 (2d Cir. Feb. 26, 2025), but remanded for further consideration of the state law claims, finding that the district court had jurisdiction under the Class Action Fairness Act. *Id.*

"not the same as affirmatively assisting in its perpetration." *Risley III*, at *9. That reasoning applies with equal force here to Mr. Chow and "Meteora."

In dismissing plaintiffs' consumer protection claims—including a claim under NY GBL § 349—Judge Failla found that plaintiffs failed to allege affirmative misstatements, omissions sufficient to support claims, or that defendants caused plaintiffs' injuries. *Risley III*, at *10-12. As Mr. Chow and Dynamic Labs have demonstrated, Plaintiffs' NY GBL claims here should be dismissed for the same reasons. Plaintiffs fail to allege: (i) that Mr. Chow or "Meteora" engaged in any misleading acts or practices; or (ii) a causal link between Mr. Chow's or "Meteora's" conduct and their purported injuries. (*See* Dkt. 176 at 13-17, 22-24; Dkt. 223 at 16-21, 27-28; Dkt. 228 at 18; Dkt. 240 at 6-8, 10-11). As in *Risley*, Plaintiffs here fail to allege that Mr. Chow or "Meteora" made any false or misleading statements or that any of the purported omissions were actionable. *See Risley III*, at *10-11. And just like in *Risley*, Plaintiffs here do not sufficiently plead causation because their injuries flow from the alleged misconduct of the token issuers—not from Mr. Chow's or "Meteora's" actions. *See Risley III*, at *12 (finding lack of causation for consumer protection claims where "the SAC repeatedly ties [p]laintiffs' injuries to the issuers' fraudulent misrepresentations and omissions, and not [d]efendants' acts.").

Finally, in dismissing plaintiffs' unjust enrichment claims, Judge Failla held that the plaintiffs failed to allege a specific, direct benefit sufficient to state a claim. *Risley III*, at *13. Plaintiffs' theory that defendants' "'played the long game'" in the hopes of leveraging use by would-be fraudsters to later attract legitimate transactions was "too causally attenuated to predicate liability for unjust enrichment." *Id.* Here, Plaintiffs' unjust enrichment claims fail for the same reasons; Plaintiffs fail to allege that they conveyed a benefit directly to Mr. Chow or "Meteora" in connection with their token purchases. Their allegations that Mr. Chow and "Meteora" received trading fees through Dynamic Labs (AC ¶¶ 40, 52, 324) are "too causally attenuated" to constitute the direct benefit necessary to state a claim for unjust enrichment. (Dkt. 176 at 24-25; Dkt. 223 at 28-29; Dkt. 228 at 18-19; Dkt. 240 at 10-11).

*Risley III* makes clear that Plaintiffs here—who are seeking to hold Mr. Chow and "Meteora" liable for providing technical support to memecoin creators using software that he helped develop—have not stated claims against either Mr. Chow or "Meteora."[2] The Court should grant Mr. Chow's and Dynamic Labs' motions to dismiss the Amended Complaint (Dkt. 175; Dkt. 222), and deny Plaintiffs' motion for leave to file a Second Amended Complaint (Dkt. 203).

|  | Respectfully submitted, |
|---|---|
| /s/ *Samson Enzer* | /s/ *Meghan K. Spillane* |
| Samson Enzer | Meghan K. Spillane |
| Cahill Gordon & Reindel LLP | Goodwin Proctor LLP |
| *Counsel to Defendant Benjamin Chow* | *Counsel to Defendant Dynamic Labs Limited* |

---

[2] For the same reasons, the Proposed Second Amended Complaint fails to state a claim against either Ng Ming Yeow or Dynamic Labs. (Dkt. No. 228 at 23.)

cc: All attorneys via ECF