**SBAITI & COMPANY**
A TEXAS PROFESSIONAL LIMITED LIABILITY COMPANY

September 18, 2026

**Via E-File**

Honorable Jennifer L. Rochon
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Hurlock v. Kelsier Ventures, et al*, Case No. 1:25-cv-03891

Dear Judge Rochon:

Defendants Kelsier Labs, LLC, Hayden Mark Davis, Gideon Davis, and Charles Thomas Davis ("Kelsier Defendants") respectfully submit this letter in response to Plaintiffs' September 15, 2026 Notice of Supplemental Authority (Dkt. 271).

*First*, neither district court opinion is binding authority.

*Second*, neither opinion changes the Kelsier Defendants' arguments for dismissal; on the contrary, both opinions confirm this case should be dismissed with prejudice.

For one thing, Plaintiffs' letter omits that *Baton* held that trading losses—the principal injury Plaintiffs allege—cannot satisfy RICO proximate cause—which is what the Kelsier Defendants argued. *Slip op*. at 56–58. The court concluded that determining what portion of a plaintiff's loss resulted from alleged misrepresentations "would . . . require reconstructing a counterfactual trading history," which is "precisely the sort of inquiry *Anza* forecloses." *Id.* at 56 (citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 459–60 (2006)).

Moreover, while the court in *Baton* found fraud adequately pleaded, it was because the complaint identified particularized statements attributable to specific defendants at specific times. Slip op. at 39–43. As established in the Motion to Dismiss and Reply (Dkt. 174 at 17–20; Dkt. 239 at 5–8), the Amended Complaint here fails to identify any public, pre-launch statement attributable to any individual Kelsier defendant.

And the stark contrast on continuity further confirms that Plaintiffs' RICO claims fail. *Baton*'s seventeen-month period between predicate acts was held insufficient for closed-ended continuity; the court found continuity only under the open-ended test, based on Pump.fun's recurring, indefinite platform model (*Slip op.* at 67–70). Here, two token launches over roughly four months, with no ongoing public-facing mechanism and no allegation or argument that the

conduct was the Kelsier Defendants' regular way of doing business, cannot satisfy either test. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184–86 (2d Cir. 2008); *GICC Capital Corp. v. Tech. Fin. Grp.*, 67 F.3d 463, 466–67 2d Cir. 1995).

As for *Eden,* the GBL § 349 territorial finding turned on a physical New York gallery, in-person New York promotional events, and transactions consummated in New York through the New York-based marketplace (OpenSea). *Slip op.* at 9–10, 14. Here, by contrast, the Amended Complaint identifies no comparable New York-centered conduct or deceptive transaction involving a Kelsier Defendant.

Respectfully submitted,

SBAITI & COMPANY PLLC

By: */s/ George M. Padis*

Mazin A. Sbaiti
George M. Padis (Admitted Pro Hac Vice)
3102 Maple Avenue, Suite 400 Dallas, TX
75201 T: (214) 432-2899
E: mas@sbaitilaw.com
george.padis@sbaitilaw.com

*Counsel for Kelsier Labs, LLC, Hayden Mark Davis, Gideon Davis, and Charles Thomas Davis*

M. CRIS ARMENTA, P.C.
M. Cris Armenta (Admitted Pro Hac Vice)
217 Clancy Way Bozeman, MT 59718
T: (310) 488-2080
E: cris@crisarmenta.com

*Counsel for Hayden Mark Davis*